UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------X
ROYAL INSURANCE COMPANY OF AMERICA,  : Case No.:
                                     : 3:01 CV 1317 (GLG)
               Plaintiff,    :
                                     :
- against -                          :
                                     :
ZYGO CORPORATION,                    :
                                     :
               Defendant.    :
------------------------------------------------------------X
ROYAL INSURANCE COMPANY OF AMERICA,  :
                                     :
               Third-Party Plaintiff, :
                                     :
- against -                          :
                                     :
NAN YA TECHNOLOGY CORPORATION,       :
                                     :
               Third-Party Defendant. :
------------------------------------------------------------X

FILED stamp: U.S. DISTRICT COURT, NEW HAVEN, CONN.

## ROYAL INSURANCE COMPANY OF AMERICA'S AND ZYGO CORPORATION'S JOINT MOTION FOR EXTENSION OF TIME

Pursuant to Rule 7(b) of the Local Rules of the United States District Court for the District of Connecticut, the Plaintiff/Third-Party Plaintiff, Royal Insurance Company of America ("Royal"), jointly with Defendant Zygo Corporation ("Zygo") respectfully moves for an additional sixty (60) day extension of time for all discovery deadlines in this case.

As the Court is aware, prior to the taking of any depositions herein, Third-Party Defendant Nan Ya Technology Corporation ("Nan Ya") moved for summary judgment. The parties decided to await the Court's ruling on Nan Ya's summary judgment motion before conducting depositions. Nan Ya's motion for summary judgment and the decision thereon, however,

precipitated multiple motions for reconsideration, appeals and appellate motions, and a discovery motion pursuant to Federal Civil Procedure Rule 27.

Thereafter, Royal moved for summary judgment on or about April 7, 2003. This Court ultimately granted the parties' requests to file sur-replies and Royal's motion for summary judgment was ready for consideration by the Court on June 4, 2003. This extensive motion practice delayed consideration of Royal's motion for summary judgment and further delayed the scheduling of depositions.

While Royal's motion for summary judgment was pending, neither Royal nor Zygo considered it an efficient use of resources to conduct depositions which might be obviated if the motion were to be granted. Additionally, Royal and Zygo anticipated that a ruling denying Royal's motion might well narrow or highlight issues to be addressed at these depositions. On or about August 18, 2003, the Court denied Royal's motion for summary judgment.

Due to the aforementioned very extensive motion practice, Royal and Zygo jointly moved for an extension of discovery deadlines on September 2, 2003. To that end, Royal's counsel contacted Zygo's counsel and suggested a ninety (90) day extension of discovery. However, Zygo's counsel suggested that a one hundred and twenty (120) day extension would be required because he would be unable to participate in depositions from September through mid-October due to his other case deadlines and commitments. Royal and Zygo jointly submitted a motion requesting a one hundred and twenty (120) day extension of the discovery deadlines. The Court granted the joint motion on September 4, 2003. The end date for factual discovery under the September 4, 2003, Scheduling Order is January 5, 2004.

On October 28, 2003, Royal's counsel received Zygo's re-notice of depositions of Royal pursuant to Rule 30(b)(6) and of Royal's claims adjuster, Joseph Daneman. Those notices

called for these witnesses to be deposed on November 20 and 21, 2003. On November 13, 2003, Royal re-noticed the depositions of Zygo pursuant to Rule 30(b)(6) and of the following Zygo witnesses, who were employees and/or agents at the time of the events at issue in this case: Chris Bunker, Wilbur Chaing, Stan Lay, Larry Martin, Slyvain Muchenhirn, Timothy Smith, Kelvin Walch, and Billy Wu. Those depositions were noticed to take place from December 1, 2003, through December 11, 2003. Except for the deposition dates and locations, these re-notices were identical to the notices Royal had served upon Zygo nearly one year earlier.

Mr. Daneman, who testified as a fact witness and as one of Royal's Rule 30(b)(6) witnesses, was deposed on November 20, 2003, as noticed. Royal's other Rule 30(b)(6) witness, Allan Ilias, was deposed after a short delay to accommodate the Thanksgiving Holiday, on December 2, 2003. On several occasions, before, during and after Mr. Daneman's and Mr. Ilias's depositions, Royal's counsel verbally asked Zygo's counsel to designate Zygo's Rule 30(b)(6) witnesses and to provide dates in December 2003 for their depositions as well as for the other noticed witnesses. Those same requests were also made in a November 25, 2003 letter that Royal's counsel wrote to Zygo's counsel.

On December 4, 2003, Zygo's counsel informed counsel for Royal that, despite his best efforts, due to schedule conflicts, Zygo's Rule 30(b)(6) witnesses would be unavailable for deposition until January 2004, and, he added that he was still attempting to contact the other noticed witnesses, several of whom lived and worked overseas, in order to attempt to get their cooperation in responding to Royal's deposition notices.

On December 9, 2003, Zygo's counsel informed Royal's counsel that Zygo's Rule 30(b)(6) witnesses would not be available for deposition until early to mid January 2004, with confirmed dates to be provided to Royal shortly. Zygo's counsel again said that he would make

3

good faith efforts to obtain the cooperation of the noticed witnesses associated with Zygo or formerly employed by Zygo, in order to schedule their depositions if possible. The parties agreed to conduct depositions of overseas witnesses by telephone should this prove to be the most practical and cost effective method of doing so.

For all of the foregoing reasons, the parties will not be able to complete their discovery in this case by the present January 5, 2004 deadline, and a sixty (60) day extension of all deadlines will be needed. Accordingly, Royal and Zygo respectfully request that the Court approve and order the following revised case schedule:

Conclusion of Pretrial Discovery on issues for early discovery: March 8, 2004;

Conclusion of Fact Witness Depositions: March 8, 2004;

Defendant's Expert Witness Designation: March 8, 2004;

Defendant's Expert Witness Deposition: June 30, 2004;

Damage Analyses: March 22, 2004;

Rebuttal Damage Analyses: April 16, 2004;

Dispositive Motions: July 7, 2004;

Joint Trial Memorandum: September 9, 2004; and

Trial Readiness: September 9, 2004.

Prior to this Motion, Royal and Zygo each have filed three motions and one joint motion for extension of time with respect to the Rule 26(f) discovery deadlines. All of said extensions have been consented to by Royal and Zygo.

Counsel for Royal certifies that Ian E. Bjorkman, Esq., counsel for Zygo, has seen a copy of and raises no objection to the instant motion and has authorized us to state herein that Zygo joins in the instant request for a sixty (60) extension of the deadlines in this action.

Dated: New York, New York
December 11, 2003

                          NICOLETTI HORNIG CAMPISE SWEENEY & PAIGE
                          Attorneys for Plaintiff/Third Party Plaintiff
                          Royal Insurance Company of America

By: _____
                          GEOFFREY J. GINOS, ESQ. (19578)
                          Wall Street Plaza
                          88 Pine Street, 7th Floor
                          New York, New York 10005-1801
                          (212) 220-3830
                          (FILE NO.: 21000055 JAVN/GJG)

                          LAW OFFICES OF ROBERT K. MARZIK, P.C.
                          1512 Main Street
                          Stratford, Connecticut 06615

**TO:**
Honorable Gerard L. Goettel
United States District Judge, Senior Judge
United States District Court
for the District of Connecticut
14 Cottage Place
Waterbury, Connecticut 06702

Honorable William I. Garfinkel
United States Magistrate Judge
915 Lafayette Boulevard,
Bridgeport, Connecticut 06604

Ian E. Bjorkman, Esq.
Wiggin & Dana
One Century Tower
New Haven, Connecticut 06508

Charlsa D. Broadus, Esq.
Day, Berry & Howard LLP
City Place I
Hartford, Connecticut 06103-3499

Tait Graves, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, California 94304-1050

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing filing, "Royal Insurance Company Of America's And Zygo Corporation's Joint Motion For Extension Of Time," was sent *via* federal express this 11th day of December 2003 to:

Honorable Gerard L. Goettel
United States District Judge, Senior Judge
United States District Court
for the District of Connecticut
14 Cottage Place
Waterbury, Connecticut 06702

Clerk of the Court
United States District Court
141 Church Street
New Haven, Connecticut 06510

Honorable William I. Garfinkel
United States Magistrate Judge
915 Lafayette Boulevard,
Bridgeport, Connecticut 06604

This is to certify that a copy of the foregoing filing, "Royal Insurance Company Of America's And Zygo Corporation's Joint Motion For Extension Of Time," was sent *via* first class mail, postage prepaid this 11th day of December 2003 to:

Ian E. Bjorkman, Esq.
Wiggin & Dana
One Century Tower
New Haven, Connecticut 06508

Tait Graves, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, California 94304-1050

Charlsa D. Broadus, Esq.
Day, Berry & Howard LLP
City Place I
Hartford, Connecticut 06103-3499

Robert K. Marzik, Esq.
Law Office of Robert K. Marzik, P.C.
1512 Main Street
Stratford, Connecticut 06615

*/s/ Geoffrey J. Ginos*
GEOFFREY J. GINOS

X:\Public Word Files\21\5\Legal\Royal's Extension of Discovery (Final).doc