UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------X
ROYAL INSURANCE COMPANY OF AMERICA,

                Plaintiff,

       - against -

ZYGO CORPORATION,

                Defendant.
------------------------------------------------------------------X
ROYAL INSURANCE COMPANY OF AMERICA,

                Third-Party Plaintiff,

       - against -

NAN YA TECHNOLOGY CORPORATION,

                Third-Party Defendant.
------------------------------------------------------------------X

Case No.:
3:01 CV 1317 (GLG)

## ROYAL INSURANCE COMPANY OF AMERICA'S AND ZYGO CORPORATION'S JOINT MOTION FOR EXTENSION OF TIME

Pursuant to Rule 7(b) of the Local Rules of the United States District Court for the District of Connecticut, the Plaintiff/Third-Party Plaintiff, Royal Insurance Company of America ("Royal"), jointly with Defendant Zygo Corporation ("Zygo") respectfully moves for an additional sixty (60) day extension of time for all discovery deadlines in this case. **Please be advised, for the convenience of the Court, this motion does not alter the existing deadlines for dispositive motions, the Joint Trial Memorandum, and the trial readiness.**

The commencement of this action resulted in multiple third-party actions and extensive motion practice prior to any significant discovery commencing, including two motions for summary judgment, three motions for reconsideration, an appeal, and motion practice during the

appeal. The final motion for summary judgment was only decided on or about August 18, 2003. Because of the long delay caused by the aforementioned motion practice, the parties re-noticed the depositions of opposing witnesses. On October 28, 2003, Royal's counsel received Zygo's re-notice of depositions of Royal pursuant to Rule 30(b)(6) and of Royal's claims adjuster, Joseph Daneman. Those notices called for these witnesses to be deposed on November 20 and 21, 2003. On November 13, 2003, Royal re-noticed the depositions of Zygo pursuant to Rule 30(b)(6) and of the following Zygo witnesses, who were employees and/or agents at the time of the events at issue in this case: Chris Bunker, Wilbur Chaing, Stan Lay, Larry Martin, Slyvain Muchenhirn, Timothy Smith, Kelvin Walch, and Billy Wu. Those depositions were noticed to take place from December 1, 2003, through December 11, 2003.

Mr. Daneman, who testified as a fact witness and as one of Royal's Rule 30(b)(6) witnesses, was deposed on November 20, 2003, as noticed. Royal's other Rule 30(b)(6) witness, Allan Ilias, was deposed after a short delay to accommodate the Thanksgiving Holiday, on December 2, 2003.

On December 4, 2003, Zygo's counsel informed counsel for Royal that, despite his best efforts, due to schedule conflicts, Zygo's Rule 30(b)(6) witnesses would be unavailable for deposition until January 2004, and, he added that he was still attempting to contact the other noticed witnesses, several of whom lived and worked overseas, in order to attempt to get their cooperation in responding to Royal's deposition notices.

On December 9, 2003, Royal served a subpoena on Zygo's insurance broker, Mathog & Moniello, and the account manager at Mathog & Moniello responsible for Zygo's insurance, Matthew Weidman. The deposition of Mathog & Moniello's custodian of records and Mr. Weidman were scheduled for December 16, 2003, and December 30, 2003, respectively.

However, counsel for Mathog & Moniello contacted counsel for Royal the day before the scheduled deposition of Mathog & Moniello's custodian of records and requested an adjournment. Royal consented to a one week adjournment. At the end of the one week adjournment, however, Mathog & Moniello had failed to produce a single document and, therefore, of necessity Mr. Weidman's deposition was adjourned.

Both before and immediately after the New Year, Mathog & Moniello's counsel represented to Royal that it would serve the documents responsive to Royal's subpoena by January 12, 2004, and Mr. Weidman's deposition was tentatively scheduled for the last week of January or the first week of February. However, Mathog & Moniello again failed to produce any documents on January 12, 2004. Royal's counsel informed counsel for Mathog & Moniello that if the documents were not immediately produced, Royal would move for contempt. Nearly two weeks later, after additional assurances and delays Mathog & Moniello finally produced approximately 7,700 pages of documents. Several days later, Mathog & Moniello produced approximately 400 pages of additional materials. Of necessity, Mr. Weidman's deposition was postponed, so as to permit Royal sufficient time to thoroughly review the over 8,100 pages of documents. According to counsel for Mathog & Moniello, the first date available for both counsel and Mr. Weidman thereafter was March 1, 2004.

In the meanwhile, on January 22, 2004, the parties conducted the deposition of Timothy Smith, one of Zygo's Rule 30(b)(6) witnesses and a fact witness. Shortly thereafter, on February 5, 2004, the deposition of another Zygo Rule 30(b)(6) witness and fact witness, Lawrence Martin, was held. The parties then took the deposition of Zygo's Rule 30(b)(6) witness, Richard Dressler, on February 12, 2004.

During their depositions, both Mr. Martin and Mr. Dressler identified another important witness associated with Mathog & Moniello, Mr. Carroll Sneed. The same day as Mr. Dressler's deposition, Royal's counsel contacted counsel for Mathog & Moniello and inquired whether they would accept service of a subpoena on Mr. Sneed. However, it was not until March 1, 2004, that counsel for Mathog & Moniello finally responded to Royal's inquiry in the affirmative.

On March 1, 2004, Mr. Weidman of Mathog & Moniello was deposed. During his deposition, Mr. Weidman identified another important witness possibly having knowledge pertaining to the issues to be adjudicated by the Court, Jeanette Zdanis, formerly of Mathog & Moniello. Royal is in the process of locating Ms. Zdanis and intends to serve a deposition subpoena on her as soon as is practical. Additionally, Mr. Weidman testified about a relevant insurance policy (Zygo's marine cargo coverage immediately preceding Royal's Policy) which was apparently omitted from Mathog & Moniello's document production, though the scope of Royal's subpoena called for its production. Royal is still awaiting a response from Mathog & Moniello with regard to its repeated request for the production of that policy.

Finally, counsel for Zygo indicated that another potential Rule 30(b)(6) witness for Zygo, who is also a fact witness, Kelvin Walch who resides overseas, will soon become available for deposition either here in the States or by telephone.

Thus, a short extension of discovery is requested so that these additional witnesses may be deposed and additional documents obtained from Zygo's insurance broker. Furthermore, Royal and Zygo are finalizing a confidentiality agreement pursuant to which Royal will produce to Zygo certain additional documents that Zygo has requested. For all of the foregoing reasons, the parties will not be able to complete their discovery in this case by the present March 8, 2004

deadline, and a sixty (60) day extension of all deadlines will be needed. Accordingly, Royal and Zygo respectfully request that the Court approve and order the following revised case schedule:

>Conclusion of Pretrial Discovery on issues for early discovery: April 30, 2004;
>
>Conclusion of Fact Witness Depositions: April 30, 2004;
>
>Defendant's Expert Witness Designation: April 30, 2004;
>
>Defendant's Expert Witness Deposition: May 30, 2004;
>
>Damage Analyses: May 17, 2004;
>
>Rebuttal Damage Analyses: June 7, 2004;
>
>Dispositive Motions: July 7, 2004;
>
>Joint Trial Memorandum: September 9, 2004; and
>
>Trial Readiness: September 9, 2004.

Prior to this Motion, Royal and Zygo each have filed three motions and two joint motions for extensions of time with respect to the Rule 26(f) discovery deadlines. All of said extensions have been consented to by Royal and Zygo.

Counsel for Royal certifies that Ian E. Bjorkman, Esq., counsel for Zygo, has seen a copy of and raises no objection to the instant motion and has authorized us to state herein that Zygo joins in the instant request for a sixty (60) extension of the deadlines in this action.

Dated:   New York, New York
         March 5, 2004

                            NICOLETTI HORNIG CAMPISE SWEENEY & PAIGE
                            Attorneys for Plaintiff/Third Party Plaintiff
                            Royal Insurance Company of America

By:   *Geoffrey J. Ginos* (signature)
                            GEOFFREY J. GINOS, ESQ. (19578)
                            Wall Street Plaza
                            88 Pine Street, 7th Floor
                            New York, New York 10005-1801
                            (212) 220-3830
                            (FILE NO.: 21000055 JAVN/GJG)

                            LAW OFFICES OF ROBERT K. MARZIK, P.C.
                            1512 Main Street
                            Stratford, Connecticut 06615

**TO:**

Honorable Gerard L. Goettel
United States District Judge, Senior Judge
United States District Court
for the District of Connecticut
14 Cottage Place
Waterbury, Connecticut 06702

Honorable William I. Garfinkel
United States Magistrate Judge
915 Lafayette Boulevard,
Bridgeport, Connecticut 06604

Ian E. Bjorkman, Esq.
Wiggin & Dana
One Century Tower
New Haven, Connecticut 06508

Charlsa D. Broadus, Esq.
Day, Berry & Howard LLP
City Place I
Hartford, Connecticut 06103-3499

Tait Graves, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, California 94304-1050

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing filing, "Royal Insurance Company Of America's And Zygo Corporation's Joint Motion For Extension Of Time," was sent *via* federal express this 5th day of March 2004 to:

Honorable Gerard L. Goettel
United States District Judge, Senior Judge
United States District Court
for the District of Connecticut
14 Cottage Place
Waterbury, Connecticut 06702

Clerk of the Court
United States District Court
141 Church Street
New Haven, Connecticut 06510

Honorable William I. Garfinkel
United States Magistrate Judge
915 Lafayette Boulevard,
Bridgeport, Connecticut 06604

This is to certify that a copy of the foregoing filing, "Royal Insurance Company Of America's And Zygo Corporation's Joint Motion For Extension Of Time," was sent *via* first class mail, postage prepaid this 5th day of March 2004 to:

Ian E. Bjorkman, Esq.
Wiggin & Dana
One Century Tower
New Haven, Connecticut 06508

Tait Graves, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, California 94304-1050

Charlsa D. Broadus, Esq.
Day, Berry & Howard LLP
City Place I
Hartford, Connecticut 06103-3499

Robert K. Marzik, Esq.
Law Office of Robert K. Marzik, P.C.
1512 Main Street
Stratford, Connecticut 06615

*(signature)*
GEOFFREY J. GINOS

X:\Public Word Files\21\55\Legal\Royal's Extension of Discovery (03-05-04).doc