UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

FILED

Jun 1  2 40 PM '04

U.S. DISTRICT COURT
NEW HAVEN CONN.

| | |
|---|---|
| ROYAL INSURANCE COMPANY OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>ZYGO CORPORATION,<br>Defendant.<br>───────────────<br>ROYAL INSURANCE COMPANY OF AMERICA,<br>Third Party Plaintiff,<br><br>v.<br>NAN YA TECHNOLOGY CORP.,<br>Third Party Defendant. | Civil No: 3:01 CV 1317 (GLG)<br><br>**STIPULATION AND PROTECTIVE ORDER RELATING TO CONFIDENTIAL INFORMATION** |

**WHEREAS** the parties in this action and certain non-party witnesses, who may become signatories to this Stipulation, may from time to time be required to produce documents or things, or provide testimony pursuant to requests made by the parties herein:

**WHEREAS** some of these documents, things or testimony may contain confidential information within the scope of this protective order; and

**WHEREAS** each party and/or non-party witness desires to preserve the protected status of any such material and/or information:

**NOW**, therefore, the undersigned parties by their counsel hereby stipulate, agree and consent to the entry of the following order:

It is hereby **ORDERED AND DECREED** that:

1. As used herein, the "Producing Party" shall mean any party (and its attorneys) and/or non-party witness who either produces or testifies as to Confidential Information

or who asserts a confidentiality interest in information produced or testimony given by another in this action. "Receiving Party" shall mean any party and/or non-party witness who receives Confidential Information pursuant to the terms of this Order. "Confidential Information" shall mean any type or classification of information which is designated as confidential, proprietary or equivalent by the Producing Party, of a nature likely to be considered confidential by the Court, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory, interrogatory answer, request to admit, admission or any other form of discovery, information revealed by the viewing or inspection of things, or otherwise, including, but not limited to, certain underwriting files, certain claim files, underwriting and/or claim manuals, guidelines and/or standards utilized by Royal Insurance Company of America and/or Royal & Sunalliance (hereafter collectively referred to a "Royal") and/or any parent, subsidiary or affiliated corporation or company, relating or possibly relating to various and several contracts of marine insurance issued by plaintiff to defendant.

    2.    All matters designated by a Producing Party as "Confidential Information", including such matter in pleadings, motions and related papers, documents or things produced or exchanged in the course of this litigation, and testimony, whether given in depositions or at trial, shall be deemed confidential and proprietary information which shall be used solely for the purposes of this litigation involving the parties hereto. Any information designated as Confidential Information and contained in a document or thing, that document or thing, shall not be revealed or disclosed in any manner, nor shall it be made available for inspection to any person, except the following:

    (A)    Attorneys who are members of, or employed by, the firms of Nicoletti Hornig Campise Sweeney & Paige, Law Offices of Robert K. Marzik, P.C., and/or Wiggin & Dana, who are working on the prosecution or defense of this action;

(B) Attorneys in the office of the general counsel for Royal or Zygo Corporation ("Zygo") who are working on the prosecution or defense of this action;

(C) Legal assistants and other staff working in the prosecution or defense of this action under the supervision of the attorneys designated in parts (A) and (B);

(D) Insurance Adjusters and insurance personnel involved in the claims which are the subject matter of this action;

(E) Prospective and/or designated trial expert witnesses retained by Royal or Zygo;

(F) Prospective and/or actual witnesses at or in preparation for their depositions or their testimony at trial in this litigation or their testimony at trial, solely to the extent necessary;

(G) Certified Reporters at depositions or at trial of this action;

(H) The Court and its personnel;

(I) Consultant(s) retained by Royal or Zygo to assist counsel in the preparation and presentation of this action; and

(J) Employees or officers of Royal or Zygo.

The people listed above shall be informed of this stipulation and protective order and every person to whom Confidential Information (except the persons included in (A) – (C) and (H) above) shall, prior to having access to Confidential Information, sign the Nondisclosure Agreement in the form annexed hereto – marked as Exhibit "A".

A party may disclose to any other person not included in (A) – (J) above any confidential information, provided:

3

(a) the identity of such person is disclosed to the Producing Party, who shall have 20 days (1 day if action is on the Court's trial calendar) to move for a protective order before any confidential material is disclosed to that person:

(b) the making of a motion by the Producing Party shall be deemed to restrain the other party from disclosing such information until decision, without requiring the issuance of a temporary restraining order; and

(c) such person shall, prior to having access to Confidential Information, sign the Nondisclosure Agreement in the form annexed hereto – marked as Exhibit "A", and a copy of each such executed Nondisclosure Agreement shall be delivered to the attorneys for the Producing Party.

3. Counsel of record for the Receiving Party shall retain all Non-Disclosure Agreements (Exhibit A) executed pursuant to paragraph 2, above, which shall be subject to production if the Court orders such production. Counsel of record shall be directly responsible for fulfilling the responsibilities contained in this Agreement.

4. The Producing Party shall designate as "Confidential Information" only that information which the Producing Party in good faith believes is matter used by it in, or pertaining to, its business which matter is not generally known and which the Producing Party would normally not reveal to third parties, or if revealed would require third parties to maintain in confidence.

5. Confidential Information contained in a document or thing shall be designated by marking the document or thing as "CONFIDENTIAL" or by bracketing that part of the contents of each portion of a document or thing deemed to be confidential information and by marking on the thing or page of a document containing the bracketed information "CONFIDENTIAL".

4

6. Information disclosed at a deposition of a Producing Party and/or non-party witness or one of its present or former officers, directors, employees, agents, independent experts retained by a party for purposes of this litigation, or a third party subpoenaed to testify, may be designated by the Producing Party and/or another Producing Party and/or non-party witness as Confidential Information by indicating on the record at the deposition that the specified part of the testimony and/or any document or thing marked for identification is Confidential Information and subject to the provisions of this Stipulated Protective Order. All information disclosed at such depositions and all transcripts of such depositions shall be treated as confidential, in their entirety, for a period of fourteen (14) days after the transcripts are actually received by attorneys for each of the parties. A Producing Party and/or non-party witness may designate Confidential Information and/or additional Confidential Information contained in the transcript by notifying the attorneys for all parties in writing, within fourteen (14) days after its attorneys and/or representatives of the non-party witness receive the transcript, of the specific pages and lines of the transcript which contain Confidential Information. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in his possession, custody or control. Thereafter, only the portions of the transcript specified or designated as Confidential Information shall be Confidential Information within the meaning of this Order.

7. No person other than counsel of record and/or other employees of counsel of record for the parties herein, in-house counsel or other representatives of the respective parties, and/or non-party witnesses and/or their respective counsel, and the court reporter shall be permitted to attend depositions in this action without the written consent of all parties or their counsel. All persons to so attend depositions or have access shall first be made aware of the provisions of this Stipulated Protective Order and signify on the record their assent to be bound thereby.

8. All Confidential Information revealed to the Court for any purpose shall be placed under seal.

9. This Agreement shall have no application to any documentation, information, or other materials produced or exchanged of whatsoever nature prior to the signing of this Agreement, except to the extent that the parties have previously agreed to such confidentiality on the record during a deposition in this action.

10. Nothing shall prevent disclosure beyond the terms of this Stipulation and Protective Order if the Producing Party designating the information as Confidential Information consents in writing to such disclosure or if the Court, after notice to all affected Producing Parties, orders such disclosure.

11. Nothing shall prevent disclosure beyond the terms of this Stipulation and Protective Order if the Producing Party designating the information as Confidential Information consents in writing to such disclosure or if the Court, after notice to all affected Producing Parties, orders such disclosure.

12. A party shall not be required to challenge the propriety of a designation of Confidential Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge of such designation. In the event that any party to this litigation challenges at any stage of these proceedings the designation of "Confidential Information" by a Producing Party, the challenging party and Producing Party shall first try to dispose of such disputes in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court.

13. Within sixty (60) days after the entry of final judgment in this litigation, including appeals or petitions for review, the original and/or all copies of each such document and thing produced by a Producing Party shall be returned to the Producing Party. Notwithstanding the foregoing, outside Counsel for each party may maintain an archive copy of all documents for

record-keeping purposes only, but such archive copies shall remain subject to the terms of this Agreement.

14. Insofar as the provisions of this Stipulation and Protective Order restrict the use or communication of any document or information produced hereunder, such Order shall continue to be binding after the conclusion of this litigation, except that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of this Protective Order and the Court shall retain jurisdiction of all parties bound hereby for the purposes of this Stipulation and Protective Order.

15. This Stipulation and Protective Order shall not be constituted as a waiver by the parties of any objection which might be raised as to the admissibility of any evidentiary material, nor shall this Stipulation and Protective Order in and of itself prevent the use or admissibility of Confidential Information at any trial, hearing, motion or proceeding before the Court. This Order shall be without prejudice to the rights of any party to oppose production of any information for lack of relevance or for any other ground available at law.

16. A non-party witness shall be afforded the rights and privileges and be bound by the obligations arising under this "Stipulation" by the execution of a "Stipulation To Be Bound" in the form annexed hereto - marked as Exhibit "B".

17. All information subject to the confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal.

18. Nothing in this Order shall prevent a party from seeking further protection regarding confidentiality as may be appropriate or desirable. Nothing in this Order shall be construed to prevent a party to this action from opposing the designation of testimony, documents,

7

or other materials by an adverse party, its employees or attorneys, as "confidential materials" or from seeking a ruling from the Court that such materials, or any of them, need not be treated as confidential, or such other relief as the Court may deem appropriate, including modification of this Agreement.

Dated:   April 30, 2004

                      NICOLETTI HORNIG CAMPISE SWEENEY & PAIGE
                      Attorneys for Plaintiff and Third-Party Plaintiff
                      ROYAL INSURANCE COMPANY OF AMERICA

By: _____ CT19578
     Geoffrey J. Ginos
     Wall Street Plaza
     88 Pine Street, 7th Floor
     New York, New York 10005-1801
     (212) 220-3830

                      LAW OFFICES OF ROBERT K. MARZIK, P.C.
                      Attorneys for Plaintiff and Third-Party Plaintiff
                      ROYAL INSURANCE COMPANY OF AMERICA

By: _____
     Robert K. Marzik
     1512 Main Street
     Stratford, Connecticut 06597 06615
     CT 05296 Fed Bar No.

                      WIGGIN & DANA
                      Attorneys for Defendant
                      Zygo Corporation

By: _____
     Ian E. Bjorkman
     One Century Tower
     New Haven, Connecticut 06508

X:\Public Word Files\21\55\Legal\Proctective Order -- Stipulation (Revised Final).4.30.04.doc/s/wmf/mm