UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| ROYAL INSURANCE COMPANY OF AMERICA,<br>　Plaintiff,<br><br>v.<br><br>ZYGO CORPORATION,<br>　Defendant. | )<br>)<br>)<br>)　Civil No. 3:01 CV 1317 (JBA)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　July 7, 2004 |

**AFFIDAVIT OF IAN E. BJORKMAN IN SUPPORT OF ZYGO CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

COUNTY OF NEW HAVEN )
　　　　　　　　　　　: ss.
CITY OF NEW HAVEN　　 )

　　I, Ian E. Bjorkman, being duly sworn, depose and say:

　　1.　I am over the age of 18 and believe in the obligation of an oath.

　　2.　I am a partner in the law firm of Wiggin and Dana LLP, counsel for defendant Zygo Corporation ("Zygo").

　　3.　I am fully familiar with all the facts, pleadings, and proceedings in this action.

　　4.　Attached hereto as Exhibit 1 is a true and correct copy of the Order of the United States Court of Appeals for the Second Circuit granting Zygo's motion to dismiss Royal Insurance Company of America's ("Royal") appeal. Docket Nos. 02-9205 (L); 02-9293 (XAP) (Feb. 13, 2003).

5. Attached hereto as Exhibit 2 is a true and correct copy of an email from Kelvin Walch to Zygo, dated February 11, 2000, that was marked as Exhibit 11 at the Deposition of Lawrence Martin, taken on February 5, 2004.

6. Attached hereto as Exhibit 3 is a true and correct copy of an email from Kelvin Walch to Zygo, dated February 14, 2000, that was marked as Exhibit 12 at the Deposition of Lawrence Martin, taken on February 5, 2004.

7. Attached hereto as Exhibit 4 is a true and correct copy of an email from Kelvin Walch to Zygo, dated February 17, 2000, that was marked as Exhibit 8 at the Deposition of Timothy Smith, taken on January 22, 2004.

8. Attached hereto as Exhibit 5 is a true and correct copy of a fax from Mathog & Moniello ("M&M") to Royal, dated March 7, 2000, that was marked as Exhibit 10 at the Deposition of Kelvin Walch, taken on June 7, 2004.

9. Attached hereto as Exhibit 6 is a true and correct copy of a fax from Royal to Zygo, dated May 12, 2000, that was marked as Exhibit 9 at the Deposition of Joseph Daneman, taken on November 20, 2003.

10. Attached hereto as Exhibit 7 is a true and correct copy of a fax from Royal to Zygo, dated May 19, 2000, that was marked as Exhibit 11 at the Deposition of Joseph Daneman, taken on November 20, 2003.

11. Attached hereto as Exhibit 8 is a true and correct copy of a document produced by Third Party Defendant Nan Ya Technology Corp. ("Nan Ya") that purports to be meeting minutes written in Mandarin Chinese (NY 92-93). Also attached are two pages produced by Nan Ya that purport to be an English translation of the Mandarin document (NY 20-21). This translation was produced by counsel for Nan Ya and does not purport to be a translation that was

2

made contemporaneously with the original Mandarin document. These four pages were marked as Exhibit 26 at the Deposition of Timothy Alvin Smith, taken on January 22, 2004.

12. Attached hereto as Exhibit 9 is a true and correct copy of a supplementary report from Cathay Inspection Company to Nan Ya, dated November 17, 2000, that was marked as Exhibit 19 at the Deposition of Lawrence Martin, taken on February 5, 2004. This report attaches the salvage analysis for the Second AFM prepared by Kelvin Walch. The report states, among other things, "the salvage value of the damaged . . . Atomic Force Microscope (AFM) is US $28,925.00 which is accepted by both of the insurer and the assured."

13. Attached hereto as Exhibit 10 is a true and correct copy of a letter from M&M to Royal, dated December 12, 2000, attaching Kelvin Walch's salvage reports for the Damaged AFMs, all of which was marked as Exhibit 42 at the Deposition of Lawrence Martin taken on February 5, 2004.

14. Attached hereto as Exhibit 11 is a true and correct copy of a letter from M&M to Royal, dated March 23, 2001, that was marked as Exhibit 20 at the Deposition of Joseph Daneman taken on November 20, 2003.

15. Attached hereto as Exhibit 12 is a true and correct copy of a letter from M&M to Royal, dated May 10, 2001, that was marked as Exhibit 25 at the Deposition of Joseph Daneman taken on November 20, 2003.

16. Attached hereto as Exhibit 13 is a true and correct copy of a letter from Royal to M&M, dated May 15, 2001, that was marked as Exhibit 26 at the Deposition of Joseph Daneman taken on November 20, 2003.

17. Attached hereto as Exhibit 14 is a true and correct copy of a letter from M&M to Royal, dated June 14, 2001, that was marked as Exhibit 27 at the Deposition of Joseph Daneman taken on November 20, 2003.

18. Attached hereto as Exhibit 15 is a true and correct copy of excerpts of Zygo's Ocean Cargo Policies with St. Paul Fire and Marine Company, that were marked as Exhibits 3 and 25 respectively at the Deposition of Matthew Weidman, taken on March 1, 2004.

19. Attached hereto as Exhibit 16 is a true and correct copy of a letter from Royal to Zygo, dated July 16, 2001, that was marked as Exhibit 4 at the Deposition of Joseph Daneman, taken on November 20, 2003.

20. Attached hereto as Exhibit 17 is a true and correct copy of a Re-Notice of Deposition that Zygo served on Royal pursuant to Fed. R. Civ. P. 30(b)(6), and that was marked as Exhibit 1 at the Deposition of Joseph Daneman, taken on November 20, 2003.

21. Attached hereto as Exhibit 18 is a true and correct copy of a letter from Royal's counsel Robert K. Marzik, Esq. to Judge Goettel, dated September 18, 2000.

22. Attached hereto as Exhibit 19 is a true and correct copy of a letter from Royal's counsel John A. V. Nicoletti, Esq. to Judge Goettel, dated September 24, 2000.

23. Attached hereto as Exhibit 20 is a true and correct copy of Royal's Local Rule 9(c)1 Statement of Undisputed Facts, filed in support of its motion for summary judgment in April 2003.

24. Attached hereto as Exhibit 21 is a true and correct copy of Royal's Responses to Zygo's First Set of Interrogatories, dated May 31, 2002, that was marked as Exhibit 33 at the Deposition of Joseph Daneman, taken on November 20, 2003.

25. Attached hereto as Exhibit 22 is a true and correct copy of excerpts of the Deposition of Joseph Daneman, taken on November 20, 2003.

26. Attached hereto as Exhibit 23 is a true and correct copy of excerpts of the Deposition of Allan P. Ilias, taken on December 2, 2003.

27. Attached hereto as Exhibit 24 is a true and correct copy of excerpts of the Deposition of Timothy Alvin Smith, taken on January 22, 2004.

28. Attached hereto as Exhibit 25 is a true and correct copy of excerpts of the Deposition of Lawrence C. Martin, taken on February 5, 2004.

29. Attached hereto as Exhibit 26 is a true and correct copy of excerpts of the Deposition of Matthew Weidman, taken on March 1, 2004.

30. Attached hereto as Exhibit 27 is a true and correct copy of excerpts of the Deposition of Carroll D. Sneed, taken on April 9, 2004.

31. Attached hereto as Exhibit 28 is a true and correct copy of excerpts of the Deposition of Kelvin Walch, taken on June 7, 2004.

_____
Ian E. Bjorkman

Subscribed and sworn before me
this 7th day July 2004.

_____
Notary Public

JAIME A. MCELHILL
NOTARY PUBLIC
MY COMMISSION EXPIRES 4/11/09

5

**CERTIFICATE OF SERVICE**

This is to certify that on this 7th day of July 2004, a copy of the foregoing Affidavit of Ian Bjorkman with attached Exhibits has been mailed, postage prepaid, to the following:

Robert K. Marzik, Esq.
Law Offices of Robert K. Marzik, P.C.
1512 Main Street
Stratford, CT  06615

John A. V. Nicoletti, Esq.
Geoffrey J. Ginos, Esq.
Nicoletti, Hornig, Campise, Sweeney & Paige
Wall Street Plaza
88 Pine Street, 7th Floor
New York, NY  10005-1801

Daniel L. FitzMaurice, Esq.
Charles D. Broadus, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT  06103

C. Tait Graves, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA  94304-1050

_____
Erika L. Amarante

\15160\1\46243.1