EXHIBIT 17

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROYAL INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) | Civil No. 3:01 CV 1317 (GLG) |
| v. | ) ) ) | |
| ZYGO CORPORATION, | ) | |
| Defendant. | ) ) | October 23 2002 |

## **RE-NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE that at 10:00 a.m. on Friday, November 21, 2003 at the offices

of Wiggin & Dana LLP, One Century Tower, New Haven, Connecticut 06508-1832, Zygo Corp.

("Zygo") will take the deposition upon oral examination of Royal Insurance Company of

America ("Royal"). Said examination will be conducted pursuant to Rule 30(b)(6) and all other

applicable provisions of the Federal Rules of Civil Procedure. The deposition shall continue from

day to day until completed and will be stenographically recorded before an officer authorized by

law to administer oaths.

PLEASE TAKE FURTHER NOTICE that the deposition will concern, and Royal shall

designate and produce a witness or witnesses who has knowledge of, and who has the authority

to testify on its behalf concerning the matters:

1. The July 16, 2001 letter from Royal (Joseph Daneman) to Zygo (Lawrence Martin) declining liability under Policy No. POC-102950 (the "Policy").

2. Royal's decision to decline coverage under the policy.

3. Royal's interpretation of the Policy including, but not limited to, the Contingency Clause, paragraph 52.



Exhibit
No. _Daneman_    1
        11/20/03    _KR_
**FINK & CARNEY**
CERTIFIED STENOTYPE REPORTERS
39 West 37th Street, 6th Floor NYC 10018   (212) 869-1500

4.    Royal's investigation (if any) concerning transportation of, and the damage to, the two Atomic Force Microscopes (the "AFMs") referenced in Royal's complaint.

5.    Royal's investigation (if any) relating to the salvage value of the AFMs.

6.    All communications between Nan Ya (and its agents and representatives) and Royal (and its agents and representatives) relating to the AFMs and this litigation.

⑦    All communication between Mathog & Moniello and Royal (and its agents and representative) relating to the AFMs and this litigation.

⑧    All communication between Royal (and its agents and represetatives) and Zygo (and its agents and representatives) relating to the Policy, any and all renewals of the Policy, the AFMs and this litigation.

9.    Royal's investigation (if any) relating to Zygo's efforts to collect from Nan Ya the sales price of the AFMs.

10.   Royal's investigation (if any) relating Zygo's communications with Nan Ya relating to Nan Ya's responsibility for payment of the AFMs.

11.   Royal's claim, and its investigation relating to the claim, that "Zygo has released or otherwise discharged Nan Ya from further responsibility from making payment for the replacement AFM" as alleged in Royal's Complaint.

⑫    Royal's claim that "at no time did ... Zygo declare or report to ... Royal the original or replacement AFM for "Contingency" coverage under the Policy.

13.   Royal's claim, and its investigation relating to the claim, that Zygo impaired and/or waived Royal's rights of recovery against Nan Ya under the original Zygo/Nan Ya sales contract for the replacement AFM, as alleged in Royal's Complaint.

⑭.   Royal's conduct relating to renewals of this Policy, including but not limited to the terms proposed by Royal to Zygo for renewals of the Policy.

⑮.   The Royal/Zygo negotiations relating to renewals of the Policy.

⑯.   Zygo's payments of premiums to Royal under the Policy.

2

You are invited to attend and cross-examine.

DEFENDANT,
ZYGO CORPORATION

By:

Ian E. Bjorkman, ct 11648
Wiggin & Dana LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
Tel.: (203) 498-4496
Fax: (203) 782-2889
Its Attorneys

3

## **CERTIFICATE OF SERVICE**

This is to certify that on this 23rd day of October, 2003, a copy of the foregoing has been

mailed, postage prepaid certified mail to the following:


Robert K. Marzik, Esq.
Law Offices of Robert K. Marzik, P.C.
1512 Main Street
Stratford, CT  06597

Geoffrey J. Ginos, Esq.
Nicoletti, Hornig, Campise & Sweeney
Wall Street Plaza
88 Pine Street, 7th Floor
New York, NY  10005-1801

Charlsa D. Broadus, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT  06103

Jaclyn C. Fink, Esq.
C. Tait Graves, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA  94304-1050

Ian E. Bjorkman

\15160\1\37660.2

4

# EXHIBIT 18

LAW OFFICES OF
# ROBERT K. MARZIK, P.C.
1512 MAIN STREET
STRATFORD, CONNECTICUT 06615-7097
TELEPHONE 203-375-4803

NEW YORK OFFICE
360 LEXINGTON AVENUE
SUITE 1700
NEW YORK, NEW YORK 10168
TELEPHONE 212-683-2805

TELECOPIER 203-386-0136
E-MAIL: MARZIKR@AOL.COM

September 18, 2002

## *VIA FEDERAL EXPRESS*

The Honorable Gerard L. Goettel
Senior United States District Judge
United States District Court
District of Connecticut
14 Cottage Place
Waterbury, CT 06702

      Royal Insurance Company of America v. Zygo Corporation
      Royal Insurance Company of America v. Nan Ya Technology Corp.
      Civil No. 3:01 CV 1317 (GLG)
      Our File No.: 21000055 JAVN/GJG

Dear Judge Goettel:

      The undersigned is the local attorney for plaintiff and third-party plaintiff, whose attorneys of record are Messrs. Nicoletti, Hornig, Campise & Sweeney of New York.

      We write in response to your order, filed on September 12, 2002, granting the motion for summary judgment of third-party defendant, Nan Ya Technology Corporation ("Nan Ya"), in the above-captioned case. That order stated:

      Motion Granted absent objection from the Third Party Plaintiff. This is not a ruling on the merits and will have no collateral estoppel effect in this litigation.

      Our client, Royal Insurance Company of America ("Royal"), brought the subject third-party action against Nan Ya pursuant to FRCP Rule 14(c), under which Royal had the right to bring in as a third-party defendant, Nan Ya, who might be wholly or partly liable to Royal in this matter. Royal was, however, in no position to oppose Nan Ya's motion for summary judgment, which was based upon an alleged release obtained from Royal's assured, Zygo Corporation ("Zygo"), in the course of settlement discussions between Zygo and Nan Ya. As noted in the letter forwarded by Royal's New York counsel to Zygo's counsel, dated July 26, 2002 (copy enclosed), Royal did not participate in and was not aware of these communications between Zygo and Nan Ya at the time they took place, and had no direct information or documentation

with which to refute Nan Ya's assertions concerning them. Indeed, if Royal had opposed Nan Ya's motion without any supporting evidence, it arguably ran the risk of committing a Rule 11 violation, a point which was raised with Zygo's counsel (7/26/02 letter, p. 2, 3rd full para.). For these reasons, Nan Ya's motion was zealously opposed by Zygo, which alone was in a position to do so and which submitted evidence and arguments based upon its unique and intimate knowledge of the facts relating to Nan Ya's purported release, which Zygo adamantly denied had ever occurred.

Thus, the Court had before it all that it needed to decide Nan Ya's motion on the merits, with full collateral estoppel effect in the event that it saw fit to grant that motion. We respectfully submit that, in granting Nan Ya's motion on the basis that there was no opposition by Royal, the Court may have overlooked the fact that Zygo's actions and knowledge, not Royal's, went to the essence of Nan Ya's motion, and thereby failed to give proper consideration to Zygo's submissions, which were directly on point and came from the only party to the subject transactions that could oppose said motion at this stage of the proceedings. By stating that the ruling was not on the merits and would have no collateral estoppel effect on this litigation, the Court may have opened the door to unnecessary additional judicial proceedings and the possibility of inequitable results therein, since, with Nan Ya out of the present case, if there was a finding after trial that Royal had not released Nan Ya, a subsequent separate subrogation action against Nan Ya would be required and could yield completely inconsistent findings on the alleged release.

Royal therefore respectfully objects to the Court's granting of Nan Ya's motion on the present basis and asks that the Court re-examine said motion in the light of Zygo's opposition, giving appropriate collateral estoppel effect to its ultimate ruling on this motion.

Respectfully submitted,

Robert K. Marzik

Enclosures

cc:

### VIA FEDERAL EXPRESS

Ian E. Bjorkman, Esq.
Lori Rittman Clark, Esq.
Wiggin & Dana
Attorneys for Defendant Zygo Corporation
One City Place
185 Asylum Street
Hartford, CT  06103-3402

2

*VIA FEDERAL EXPRESS*

Charlsa D. Broadus, Esq.
Day, Berry & Howard, LLP
Attorneys for Third-Party Defendant Nan Ya Technology Corporation
City Place I
Hartford, CT  06103

*VIA FEDERAL EXPRESS*

Jaclyn C. Fink, Esq.
C. Tait Graves, Esq.
Wilson Sonsini Goodrich & Rosati
Attorneys for Third-Party Defendant Nan Ya Technology Corporation
650 Page Mill Road
Palo Alto, CA  93404-1050

*VIA FEDERAL EXPRESS*

Geoffrey J. Ginos, Esq.
Nicoletti, Hornig, Campise & Sweeney
Wall Street Plaza
88 Pine Street – 7th Floor
New York, NY  10005-1801

# *Nicoletti Hornig Campise & Sweeney*

WALL STREET PLAZA
88 PINE STREET
SEVENTH FLOOR
NEW YORK, NY 10005-1801
TELEPHONE  212-220-3830
TELECOPIER  212-220-3780
E-MAIL: general@nhcslaw.com

JOHN A.V. NICOLETTI
JAMES F. SWEENEY
DAVID R. HORNIG ⬦
DAVID H. PAIGE
JAMES F. CAMPISE †
FRANK M. MARCIGLIANO
MICHAEL J. CARCICH
ROBERT A. NOVAK
THOMAS M. RITTWEGER †
ROBERT M. SULLIVAN

DAVID Y. LOH ⬦
NOOSHIN NAMAZI †
JULIA M. MOORE †
SAMUEL C. COLUZZI †
MICHAEL R. MANAREL †
LAURA K. BARZILAI ⬦†
LAWRENCE C. GLYNN †
MICHAEL A. CASTELLI ⬦△
VAL WAMSER †
FREDERICK M. KLEIN †
GUERRIC RUSSELL †
ELIZABETH KROCZYNSKI

⬦ ALSO ADMITTED IN TEXAS
† ALSO ADMITTED IN NEW JERSEY
⬦ ALSO ADMITTED IN MASSACHUSETTS
△ ALSO ADMITTED IN PENNSYLVANIA

NEW JERSEY OFFICE:
401 CONTINENTAL PLAZA
HACKENSACK, NEW JERSEY 07601
TELEPHONE  201-343-0970
TELECOPIER  201-343-5882

July 26, 2002

**VIA CERTIFIEDMAIL**

Wiggin & Dana, LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832

Attention:    Ian E. Bjorkman, Esq.

RE:    Royal Insurance Company of America
       v. Zygo Corporation v. Nan Ya Technology
       District of Connecticut, Case No. 3:01 1317 (GLG)
       Our File:    21000055 JAVN/LKB

Dear Sirs:

        We write in reference and response to the Wiggin & Dana "certified" letter of July 15, 2002, which was received in this office on July 18, 2002. For point of information, the undersigned was out of the office during that week and did not return from an out of state engagement on another legal matter which was pending in Morgan City, Louisiana until July 25th. Accordingly, this is the first opportunity which this office has had to respond to the aforesaid July 15th letter.

        Initially, we note that the recitation of the underlying facts and status of this action in the aforesaid Wiggin & Dana letter are at best inaccurate and is an apparent attempt to rewrite history.

        If the writer of the Wiggin & Dana letter (who apparently either is new to this file or unaware of the pleadings and history of the claim) were to examine the history of this

July 26, 2002
Page 2

litigation by at minimum reviewing the pleadings which have been filed and served herein, it would become apparent from those pleadings that Royal has declined the Zygo claim on various and several grounds, including but not limited to 1) the failure of Zygo to fulfill a condition precedent (i.e. to declare the subject shipment for contingency coverage prior to loss) and/or 2) the breach of a condition subsequent (i.e. Zygo's release of a potentially responsible third-party by releasing Nan Ya under the second sales contract).

As your client was and is well aware, Royal was prevented from participating in any meaningful discussions by and between Zygo and Nan Ya with regard to the settlement of the claims, involving the first and second "Atomic Force Microscope" shipments. Having not participated in any of those discussions, Royal could not, and did not, consent to any compromise by and between Zygo and Nan Ya which allegedly released Nan Ya from its obligation under the second sales contract for the replacement shipment. If Nan Ya is correct in its allegations that Zygo released Nan Ya from any obligation to pay for the second shipment that, in and of itself, would be sufficient to defeat Zygo's coverage under the Royal policy as clearly set forth and stated in the insurance policy and the declaratory judgment complaint.

Further, Zygo did eventually submit some claim documents to Royal, but only after repeated demands for same including the discovery served in the instant litigation. Based upon our review of those materials and the materials submitted by Nan Ya, there is the real possibility that Zygo did release Nan Ya from any obligation to pay for the second shipment, which (as stated above) would foreclose any recovery under the Royal policy.

As to why Royal has not opposed Nan Ya's motion for summary judgment, it is quite clear that Royal has no direct information to refute the allegations of Nan Ya and any attempt to refute Nan Ya's allegations (absent first hand knowledge and without any supporting documentation) would be susceptible to a Rule 11 violation both by the Royal and its counsel. The only party in the position to refute Nan Ya's summary judgment motion is Zygo, because Zygo is the party who has direct involvement and information concerning whether or not Nan Ya was released from its obligation to pay for the second shipment.

By virtue of the above, we are neither opposing Nan Ya's motion nor are we intervening in any attempt by Zygo to defeat Nan Ya's motion. Simply stated, Royal does not have any direct information at this time to oppose Nan Ya's notice. In fact, the information which is available to Royal would support Nan Ya's contention. If Nan Ya's motion is defeated because of an issue of fact or otherwise, this office, on behalf of Royal, will aggressively pursue pre-trial discovery of both Nan Ya and Zygo to obtain the truth of the matter, which will either release Royal from any obligation to Zygo or impose upon Nan Ya the obligation to pay Zygo. As clearly stated in the pleadings and as noted above, Royal's defense to the Zygo claim is on multiple grounds, including the failure to declare the shipment for the contingency prior to loss, which is a wholly separate and distinct policy defense from Zygo's release of Nan Ya.

July 26, 2002
Page 3

        In the event that Zygo is successful in defeating Nan Ya's claim of a release and establishing Nan Ya's responsibility for paying for the second shipment, this will at least reduce the amount in controversy to such an extent that it may not be economical for the remaining issues to be resolved through a full litigation.

        As for the cost of prosecuting the claim against Nan Ya under the sales contract, Royal acknowledges it has obligations in regards to reimbursing Zygo for the cost of enforcing that **sales** contract <u>provided</u> that there is coverage for the loss, which remains in doubt because of the failure of Zygo to declare this shipment for contingency coverage prior to loss.

        In conclusion, we fully expect Zygo to oppose Nan Ya's motion if the truth of the matter is that Zygo did not release Nan Ya. Zygo is the only party in this litigation (other than Nan Ya) who has direct evidence of whether a release exists or does not exist between itself and Nan Ya.

        We find it curious that Messrs. Wiggin & Dana would deliver the July 15th letter by Certified Mail. Obviously, this is an attempt by Messrs. Wiggin & Dana to fabricate some specious bad faith claim, which is strenuously refuted by Royal.

        On a related issue, it is the opinion of the undersigned, as counsel for Royal, that Nan Ya's motion establishes that Royal had and has reasonable basis to deny the Zygo claim. According and by this letter, we demand that Zygo withdraw any bad faith claim under penalty of Rule 11 of the Federal Rules of Civil Procedure. In the event that the "bad faith" claims are not withdrawn by Zygo, we shall take the appropriate action in Federal Court to have Messrs. Wiggin & Dana and, to the extent possible, its client Zygo sanctioned under Rule 11.

        This letter is written on a without prejudice basis and with a full reservation of all rights with respect to this matter.

                        Very truly yours,

                    NICOLETTI HORNIG CAMPISE & SWEENEY

        By:             John A. V. Nicoletti

JAVN/vc

EXHIBIT 19

## *Nicoletti Hornig Campise & Sweeney*

**WALL STREET PLAZA**
**88 PINE STREET**
**SEVENTH FLOOR**
**NEW YORK, NY 10005-1801**
**TELEPHONE   212-220-3830**
**TELECOPIER   212-220-3780**
E-MAIL: general@nhcslaw.com

JOHN A.V. NICOLETTI
JAMES F. SWEENEY
DAVID R. HORNIG *
DAVID H. PAIGE
JAMES F. CAMPISE †
FRANK M. MARCIGLIANO
MICHAEL J. GARCICH
ROBERT A. NOVAK
THOMAS M. RITTWEGER †
ROBERT M. SULLIVAN

DAVID Y. LOH ◊
NOOSHIN NAMAZI †
JULIA M. MOORE †
SAMUEL C. COLUZZI †
MICHAEL R. MANAREL †
LAURA K. BARZILAI ◊†
LAWRENCE C. GLYNN †
MICHAEL A. CASTELLI ◊◊
VAL WAMSER †
FREDERICK M. KLEIN †
GUERRIC RUSSELL †
ELIZABETH KROCZYNSKI

◆ ALSO ADMITTED IN TEXAS
† ALSO ADMITTED IN NEW JERSEY
◊ ALSO ADMITTED IN MASSACHUSETTS
△ ALSO ADMITTED IN PENNSYLVANIA

NEW JERSEY OFFICE:

401 CONTINENTAL PLAZA
HACKENSACK, NEW JERSEY 07601
TELEPHONE  201-343-0970
TELECOPIER 201-343-5882

September 24, 2002

**BY FACSIMILE** (w/permission of the Court)

Hon. Gerard L. Goettel,
Senior U.S.D.J.
United States District Court
  for the District of Connecticut
14 Cottage Place
Waterbury, Conn. 06702

RE:   Royal Insurance Company of America v. Zygo Corporation
       Royal Insurance Company of America v. Nan Ya Technology Corp.
       Civil No. 3:01 CV 1317 (GLG)
       Our File No.: 21000055 JAVN/GJG

Dear Judge Goettel:

       We are counsel of record for Royal Insurance Company of America ("Royal") in
these proceedings and hereby reply to Zygo Corporation's ("Zygo") counsel's Sept. 19,
2002 letter opposing the Sept. 18th letter submitted on Royal's behalf, asking you to
reexamine Nan Ya Technology Corp.'s ("Nan Ya") motion for summary judgment in
light of Zygo's opposition thereto.

       Zygo, as vendor, sold two microscopes to Nan Ya, which Nan Ya refused to pay
for, alleging they were damaged. Royal's assured, Zygo, made claim for this loss
pursuant to unpaid vendor insurance cover provided in a Marine Open Cargo Policy that
Royal had issued. Royal's declaratory judgment action against Zygo alleged upon
information and belief, *inter alia*, that Royal's subrogation rights against Nan Ya had
been impaired or waived by Zygo, thereby violating a condition of insurance cover.
Zygo counterclaimed against Royal, denying that any waiver or impairment had occurred

Hon. Gerard L. Goettel                    - 2 -                    September 24, 2002

and seeking recovery of the unpaid purchase price. In response, Royal brought a third-party complaint against Nan Ya, asserting a contingent subrogation claim, so that, if Royal was found liable to Zygo, Royal could recover from Nan Ya. Nan Ya filed a motion for summary judgment seeking dismissal of Royal's claim on the grounds that, pursuant to an alleged settlement between Zygo and Nan Ya, in return for payment for the first microscope, Zygo had released Nan Ya from any payment obligation on the second unit. Such a waiver of Royal's subrogation rights would violate a key condition of Policy coverage and deny Zygo any right of recovery from Royal for the second unit under the Policy.

The Court granted Nan Ya's motion not on the merits, but, rather, because no formal opposition to the motion was submitted by Royal. Zygo alleged in its opposition to Nan Ya's motion that this was a ploy by Royal and Nan Ya to obtain a favorable ruling concerning the hotly disputed issue of the alleged release. But, there was never any ploy and it was clear that Zygo intended to oppose vigorously Nan Ya's motion and that Zygo was in the best position to do so on the basis of its direct communications with Nan Ya (without notice to or consultation with Royal).

Zygo's counsel's statement in his Sept. 19 letter that virtually all of the documents submitted with the motion and response had been provided to Royal in discovery ignores completely the central fact, critical to disposition of Nan Ya's motion, that Nan Ya and Zygo, whose representatives had face-to-face negotiations and authored those documents without any involvement by Royal, contradict each other completely on what was agreed and what those documents mean, each offering affidavits that differ so greatly as to call into question whether their authors are talking about the same negotiations. At no time did Zygo offer to assist Royal in opposing Nan Ya's motion. Notwithstanding Zygo's counsel's contrary assertion, his letter of July 15, 2002 is as devoid of any reference to such assistance as were his earlier communications with us.

In hindsight, it is evident from the Court's ruling that Royal's counsel should have written a brief letter to your Honor confirming that it joined in Zygo's opposition without prejudice to its right to argue, if warranted after further discovery, that a release had in fact occurred, necessarily relying for the moment upon affirmations adduced by Zygo which at minimum raised questions of material fact requiring denial of Nan Ya's motion at this early stage. That letter was not written because, against the back-drop of Zygo's counterclaim against Royal and Royal's responsive offering up of Nan Ya as a third-party defendant, it was believed that Zygo's opposing papers would be seen by your Honor as going to the heart of Nan Ya's motion, enabling the Court to either make a determination on the merits with collateral estoppel effect or else deny the motion due to unresolved disputes over material facts. We apologize to your Honor for that omission, particularly since it appears that it may have misled the Court concerning Royal's position and caused it to overlook the substance of Zygo's evidence and argument. Our oversight should not be permitted to lead to the elevation of form over substance, however.

Consideration of Nan Ya's motion on the merits will prejudice no one, will minimize the possibility of unnecessary future legal proceedings and inconsistent results, and will, if Nan Ya is kept in the case, facilitate full discovery of the facts and resolution

Hon. Gerard L. Goettel                  - 3 -                    September 24, 2002

of all issues arising out of these disputes. If Nan Ya is released on the merits, this will narrow the disputes before the Court and possibly facilitate settlement. Either way, both justice and judicial economy are better served than by the present quandary. We submit that it is well within the proper exercise of the Court's discretion to rectify matters by reconsidering its judgment in the light of all of the foregoing and we request that it do so.

Respectfully submitted,

By:  _John a. V. Neolet_

cc:  (By Facsimile)

Ian E. Bjorkman, Esq.         (860) 525-9380
Lori Rittman Clark, Esq.
Wiggin & Dana
Attorneys for Defendant Zygo Corporation
One City Place
Hartford, CT  06103-3402

Charlsa D. Broadus, Esq.      (860) 275-0343
Day, Berry & Howard
Attorneys for Third-Party Defendant Nan Ya Technology Corporation
City Place I
Hartford, CT  06103

Jaclyn C. Fink, Esq.          (650) 493-6811
C. Tait Graves, Esq.
Wilson Sonsini Goodrich & Rosati
Attorneys for Third-Party Defendant Nan Ya Technology Corporation
650 Page Mill Road
Palo Alto, CA  93404-1050

EXHIBIT 20

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------X
ROYAL INSURANCE COMPANY OF AMERICA,          :

              Plaintiff,          :

      -against-          :

ZYGO CORPORATION,          :

            Defendant.          :
------------------------------------------------------------------X
ROYAL INSURANCE COMPANY OF AMERICA,          :

          Third-Party Plaintiff,          :

      -against-          :

NAN YA TECHNOLOGY CORPORATION,          :

         Third-Party Defendant.          :
------------------------------------------------------------------X

Case No.:
**3:01 CV 1317 (GLG)**

### ROYAL INSURANCE COMPANY OF AMERICA'S
### LOCAL RULE 9(C)(1) STATEMENT

       Pursuant to District of Connecticut Local Rule 9(c)(1), Plaintiff / Third-Party Plaintiff Royal Insurance Company of America ("Royal") respectfully submits this "Local Rule 9(c)(1) Statement" in support of its motion for summary judgment.

       1.    The claims asserted against Royal by Zygo Corporation ("Zygo") in these proceedings allegedly arise under a Marine Open Cargo Policy (policy no. POC102950), with an effective date of May 1, 1999 (hereinafter the "Policy"), that was issued by Royal to Zygo as the

named insured.  See Royal's Compl. ¶ 13 and Exh. "A" thereto (the Policy); [1] Zygo's Answer ¶¶ 13, 89 and Exh. "A" thereto (the Policy).[2]

2.    Clause 3 of the Policy provides:

**PROPERTY INSURED & INSURABLE INTEREST**

3.    This Policy covers, for account of whom it may concern, shipments of lawful goods and merchandise consisting principally of:

> New electro-optical measuring components, parts and related equipment in approved export packing

> Under or on deck, consigned to or shipped by others for account or control of the Assured or in which the Assured has the risk of loss, but excluding shipments either sold or purchased by the Assured subject to terms of sale (or purchase) whereby the Assured is not obligated to furnish Ocean Marine insurance.  Notwithstanding the foregoing, this Policy also covers all shipments of lawful goods and merchandise for the account of others from whom the Assured has received written instructions to insure provided such instructions are received prior to any known or reported loss, damage, or accident and prior to sailing of the vessel.

See Royal's Compl., Exh. "A" thereto; Zygo's Answer, Exh. "A" thereto, Clause 3.

3.    Clause 55 of the Policy provides:

**FOB/FAS SHIPMENTS**

55.    This Policy is extended to cover shipments sold by the Assured of (sic) F.O.B., F.A.S., cost and Freight or similar terms whereby the Assured is not obligated to furnish ocean marine insurance.  This insurance attaches subject to Policy terms and conditions and continues until the goods are loaded on board the overseas vessel or until the Assured's interest ceases, whichever shall first occur.  The particulars of all such shipments shall be reported promptly to the Assurer and premium paid on the amounts so declared at the rate of N/A

---

[1]  Citations to "Royal's Compl. ¶ __" reference the indicated paragraph or exhibit of the Complaint filed by Royal in this matter (Docket No. 1).  A copy of Royal's Complaint is attached hereto as Exhibit "A."

[2]  Citations to "Zygo's Answer ¶ __" reference the indicated paragraph or exhibit of the Answer filed by Zygo in this matter (Docket No. 13).  A copy of Zygo's Answer (with Exhibit "A" thereto only) is attached hereto as Exhibit "B."

for not exceeding thirty (30) days after attachment of risk.
Extension of risk beyond thirty (30) days held covered at
rates to be agreed.

See Royal's Compl., Exh. "A" thereto; Zygo's Answer, Exh. "A" thereto, Clause 55.

    4.    Clause 52 of the Policy provides:

**CONTINGENCY**

52.    It is agreed that on all shipments sold by the Assured on cost
and freight or other terms whereby the Assured is not
required to furnish ocean marine insurance, this Policy is
extended (subject to all its terms and conditions) to cover
only the interest of the Assured as an unpaid vendor from the
time shipments become at the risk of the customer under the
terms of sale until payment of draft but in no event beyond
the time when this Company's risk would normally cease
under the terms of this Policy.

It is further understood and agreed that in no event shall this
insurance inure to the benefit of the buyer or his underwriter
but in the event of a loss occurring which would be
collectible hereunder but for such terms of sale and the
Assured is unable to collect the purchase price from the buyer
in regular course, this Company will advance the amount of
such loss pending collection from the buyer. The Assured
hereby agrees to use all reasonable means to collect the full
amount due from the buyer and reimburse this Company, the
latter sharing the expense of such collection in proportion to
its interest herein.

The Assured agrees to declare to this Company the value of
all shipments covered under the terms of this endorsement
and to pay premium thereon at rates to be agreed.

See Royal's Compl., Exh. "A" thereto; Zygo's Answer, Exh. "A" thereto, Clause 52.

    5.    In January 2000, Nan Ya Technology Corporation ("Nan Ya") ordered

from Zygo an Atomic Force Microscope ("AFM") (hereinafter the "Cargo" or, as referred to in

the pleadings, the "second AFM") to replace another AFM that had previously been ordered

3

from Zygo but had allegedly been damaged in transit to Nan Ya. See Zygo's Answer ¶¶ 93, 96-99; Nan Ya's L.R. 9(c)(1) Statement ¶ 1;[3] Zygo's L.R. 9(c)(2) Statement ¶ 1.[4]

6.      On or about January 31, 2000, Nan Ya provided Zygo with a purchase order for the Cargo with a purchase price of $690,000.  See Zygo's Answer ¶ 97; see also Zygo #431;[5] Nan Ya #1-2.[6]

7.      The delivery terms of that purchase order for the Cargo stated, "FOB US Airport." See Royal's Compl. ¶ 43; Zygo's Answer ¶ 43, 98; see also Zygo #431; Nan Ya #1-2.

8.      Zygo did not receive any instructions, written or otherwise, from Nan Ya or anyone else to insure the Cargo. See Royal's Compl. ¶ 43; Zygo's Answer ¶ 43.

9.      Zygo was under no obligation to insure the Cargo during its air carriage from the United States to Taiwan. See Royal's Compl. ¶ 43; Zygo's Answer ¶ 43.

10.     On or before February 4, 2000, Zygo contracted on behalf of Nan Ya with Lynden Air Freight (also identified as Lynden International, hereinafter "Lynden Air") to deliver the Cargo to a United States airport for ultimate air carriage to Taiwan for Nan Ya's account. See Royal's Compl. ¶ 44; Zygo's Answer ¶¶ 44, 98; Lynden Air Aff., Exh. No.2 thereto.[7]

---

[3]  Citations to "Nan Ya's L.R. 9(c)(1) Statement ¶ __" reference the indicated paragraph of the Local Rule 9(c)(1) Statement filed by Nan Ya in support of its motion for summary judgment (Docket Nos. 61 & 62). A copy of Nan Ya's L.R. 9(c)(1) Statement, without exhibits, is attached hereto as Exhibit "C."

[4]  Citations to "Zygo's L.R. 9(c)(2) Statement ¶ __" reference the indicated paragraph of the Local Rule 9(c)(2) Statement filed by Zygo (Docket No. 73) in opposition to Nan Ya's motion for summary judgment. A copy of Zygo's L.R. 9(c)(2) Statement, without exhibits, is attached hereto as Exhibit "D."

[5]  Citations to "Zygo # __" reference a document or documents produced by Zygo, pursuant to Royal's document demand, with the indicated Bates number. Copies of the Zygo-produced documents cited herein are attached hereto as Exhibit "E."

[6]  Citations to "Nan Ya # __" reference a document or documents with the indicated Bates number Nan Ya produced pursuant to the discovery demands served by Royal and/or Zygo in this matter. Copies of the Nan Ya-produced documents cited herein are attached hereto as Exhibit "F."

[7]  Citations to "Lynden Air Aff., Exh. No. __" reference the affidavit of Fred Graf, and the specified exhibits attached thereto. A copy of the affidavit of Fred Graf, and the exhibits forming a part thereof, is attached hereto as Exhibit "G."

11.    On or about February 4, 2000, Lynden Air issued a clean air waybill bearing the number 40133373 for the Cargo in which it certified that the "goods described below [i.e., the Cargo] were received for carriage . . . in apparent good order and condition except as noted hereon," and in which no damage, defects or problems of any sort, relating to the Cargo, were noted. Lynden Air Aff., Exh. No.2 thereto.

12.    Zygo and Nan Ya have both asserted that they have produced all relevant documents evidencing or relating to the subject Cargo damage. See Zygo's Doc. Produc. ¶¶ 3-5, 8-11;[8] Nan Ya's Doc. Produc. ¶ 4.[9]

13.    No evidence contradicting Lynden Air's aforesaid air waybill certification of the Cargo's "good order and condition" at the time of its loading aboard the aircraft that carried it from the United States to Taiwan has ever been adduced by any party to this action in response to discovery demands made by Royal and Zygo for documents evidencing or relating to the subject Cargo damage. See Zygo's Doc. Produc. ¶¶ 3-5, 8-11; Nan Ya's Doc. Produc. ¶ 4.

14.    On or about February 11, 2000, Nan Ya advised Zygo that an inspection of the Cargo carried out after it had been discharged in Taiwan had determined that it was in damaged condition. See Zygo's Answer ¶ 99; Zygo's Interrog. Resp. ¶ 10.[10]

---

[8]  Citations to "Zygo's Doc. Produc. ¶ __" reference the indicated paragraph of "Zygo Corporation's Objections and Responses to Royal Insurance Company of America's First Request for Production of Documents." A copy of Zygo's aforementioned responses to Royal's document demands is attached hereto as Exhibit "H."

[9]  Citations to "Nan Ya's Doc. Produc. ¶ __" reference the indicated paragraph of "Third Party Defendant Nanya Technology Corporation's Response to First Set of Document Requests From Defendant Zygo Corporation." A copy of Nan Ya's aforementioned responses to Zygo's document requests is attached hereto as Exhibit "I."

[10]  Citations to "Zygo's Interrog. Resp. ¶ __" reference the indicated paragraph of "Zygo Corporation's Objections and Responses to Plaintiff/Third-Party Plaintiff Royal Insurance Company of America's First Set of Interrogatories." A copy of Zygo's aforementioned responses to Royal's interrogatories is attached hereto as Exhibit "J."

5

Exhibit A

Exhibit B

15.     Zygo has admitted that, the crate containing the Cargo's main component was severely damaged during transit.  <u>See</u> Zygo's Interrog. Resp. ¶¶ 11 & 12.

16.     Since Lynden Air's air waybill for the Cargo certified that it was loaded aboard the aircraft "in apparent good order and condition," and no evidence to the contrary has ever been adduced by any party to this action, the Cargo must have been damaged after it was loaded aboard the carrying aircraft at the U.S. airport and before it was inspected by Nan Ya in Taiwan, where said damage was first noted.  <u>See</u> Zygo's L. R. 9(c)(2) Statement, ¶¶ 1, 2 & 4; Lynden Air Aff., Exh. No.2 thereto; <u>see also</u> Zygo #75, 77.

17.     Due to the aforesaid damage to the Cargo, Nan Ya refused to pay Zygo for any portion of the Cargo's $690,000 purchase price.  <u>See</u> Zygo's Answer ¶¶ 50, 99.

18.     On or about March 7, 2000, Zygo gave notice of its claim for the subject Cargo loss to its insurer, Royal.  <u>See</u> Zygo's Answer ¶ 53, 114; Zygo's L. R. 9(c)(2) Statement, ¶ 41.

19.     Royal subsequently issued a formal letter declining coverage.  <u>See</u> Zygo's Answer ¶ 114.

20.     Royal then commenced a declaratory judgment action against Zygo, seeking a determination that coverage for the subject claim did not exist under the Policy.  <u>See generally</u> Exh. "A" hereto.

21.     Citing Clause 52 of the Policy, and asserting that Zygo had attempted without success to "collect the amount due on the second AFM" from Nan Ya and that Zygo "put Royal on notice of its claim regarding the second AFM," Zygo counterclaimed against Royal for breach of contract and sought a declaration from this Court that Zygo's aforesaid claim is covered under the Policy.  Zygo's Answer ¶¶ 92, 98-99, 105-06 & 131.

6

22.    Zygo admits, in its response to interrogatories, that it "did not separately report the shipments of, or separately declare the value of, the shipments of AFM Nos. 1, 2 and 3 . . . ." Zygo's Interrog. Resp. ¶ 2.

Dated: New York, New York
        April 4, 2003

NICOLETTI HORNIG CAMPISE SWEENEY & PAIGE
Attorneys for Plaintiff/Third Party Plaintiff
Royal Insurance Company of America

By: *Geoffrey J. Ginos*

GEOFFREY J. GINOS, ESQ. (ct. 19578)
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801
(212) 220-3830
(FILE NO.: 21000055 JAVN/GJG)


LAW OFFICES OF ROBERT K. MARZIK, P.C.
1512 Main Street
Stratford, Connecticut 06615

7

Exhibit A