EXHIBIT 21

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROYAL INSURANCE COMPANY OF AMERICA, Plaintiff, ) ) ) ) | Civil No: 3:01 CV 1317 (GLG) |
| V. ) ) ) | |
| ZYGO CORPORATION, Defendant. ) ) ) ) | |
| ROYAL INSURANCE COMPANY OF AMERICA, Third Party Plaintiff ) ) ) ) | |
| v. NAN YA TECHNOLOGY CORP., Third Party Defendant ) ) ) ) | |

## PLAINTIFF, ROYAL INSURANCE COMPANY OF AMERICA'S RESPONSE TO DEFENDANT ZYGO CORPORATION'S FIRST SET OF INTERROGATORIES

Plaintiff, Royal Insurance Company of America ("Royal"), by its attorneys, Nicoletti Hornig Campise & Sweeney and Robert K. Marzik, Esq., for its Response and Objections to Defendant Zygo Corporation's First Set of Interrogatories, states upon information and belief as follows:

## GENERAL OBJECTIONS

1.      Royal objects to the Interrogatories to the extent that they seek information protected against disclosure by any privilege or other protective doctrine, including, but not limited to, the attorney-client privilege, the work-product doctrine, and documents prepared in anticipation of or in connection with litigation. Information called for by the



Exhibit No. _Danemar 33_
_11/20/03 RDC_

FINK & CARNEY
WORLDWIDE   CERTIFIED STENOTYPE REPORTERS
39 West 37th Street, 6th Floor NYC 10018    (212) 869-1500

Interrogatories, and which it is reasonably believed are not covered by such protective doctrines, and which are not otherwise objected to, will be provided. However, the identification of any information and/or document for which it is later discovered a claim of privilege or other protective doctrine may have been made shall not be deemed a waiver of such privilege or protective doctrine.

2.   Royal objects to the Interrogatories to the extent that they seek confidential, private or other sensitive information, and will produce such information, which is not otherwise objected to, only pursuant to a protective order.

3.   Royal objects to the Interrogatories to the extent that they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.   Royal objects to the Interrogatories to the extent that the information sought is not described with reasonable particularity or the request does not refer to a readily identifiable category of information or documentation.

5.   Royal objects to the Interrogatories to the extent that the Interrogatories are over broad, vague and ambiguous.

6.   Royal objects to the Interrogatories to the extent that identification of the information or documents sought would be annoying, oppressive, or unduly burdensome and expensive.

7.   Royal objects to the Interrogatories to the extent that the Interrogatories are unreasonably cumulative or duplicative.

8.   Royal objects to the Interrogatories to the extent that the Interrogatories are violative of Fed.R.Civ.P. 33.

Subject to and without waiver of the foregoing General Objections, Royal, for its Responses and Specific Objections to the Interrogatories, states, upon information and belief, as follows:

## INTERROGATORIES

## INTERROGATORY NO. 1:

1.    Please identify all of your past and present personnel and/or agents participating in the evaluation, processing, investigation, review, determination of or any decision concerning Zygo's claim for coverage in this case, and state the role of each such person.

## ANSWER:

Royal specifically objects to this interrogatory on the ground that it is vague and ambiguous. Royal also specifically objects to this interrogatory on the ground that it may seek information protected from discovery by one or more privileges, including the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing general and specific objections, the following individuals were involved with "Zygo's claim for coverage in this case":

1)    Joseph Daneman
Sr. Cargo Adjuster, M.C.U.
Royal & Sunalliance, New York, New York

Mr. Daneman was responsible for the day to day handling of the matter.

2)    Anthony Corsale
Vice President Marine Claims
Royal & Sunalliance, New York, New York

Mr. Corsale authorized the declination of the claim.

3

CSO MCU Regional Claim Manager
Royal & Sunalliance, Charlotte, North Carolina

Mr. Mulroy was involved in authorizing the commencement of the instant declaratory judgment action.

4)   Robert Mooney
     CSO MCU Regional Claim Manager
     Royal & Sunalliance, Charlotte, North Carolina

Mr. Mooney was involved in authorizing the commencement of the instant declaratory judgment action.

5)   Allan Ilias
     Senior Underwriter
     Royal & Sunalliance

Mr. Ilias is the underwriter of the policy and provided policy interpretation.

In addition to the above, Royal refers to those individuals referenced in Royal's claim file (RY00001-RY00287), including but not limited to Richard Chung, Royal & Sunalliance, Taipei, Taiwan and Mr. Leo Chen of GAB Robins, who were involved in attempting to arrange a survey of the allegedly damaged machinery.

**INTERROGATORY NO. 2:**

2.    Please state whether you maintain a collection of standard forms and endorsements that were in use during the Policy period. If so, please identify the custodian of that collection and state where it is kept.

**ANSWER:**

Royal objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad. Subject to and without waiving the foregoing general and specific objections, Royal maintains its standard, proprietary manuscript insurance forms for cargo, hull and liability coverages. In addition, Royal maintains copies of standard established industry insurance forms, such as the American Institute Clauses, the Institute Clauses, the Taylor hull form, etc. There is

the particular custodian for these forms. They are stored either electronically or in a file cabinet and are available to Royal's underwriters. Royal also underwrites on broker provided forms.

## INTERROGATORY NO. 3:

3.    Please describe in detail, in narrative form, how Zygo's claim for the Second AFM was evaluated by you from the time you first received notice of the claim to the present. When responding to this interrogatory, please explain what specific tasks were performed, who performed each task and when each task was performed.

## ANSWER:

Royal objects to this interrogatory on the grounds that it is vague, ambiguous and unduly burdensome, and to the extent it purports to impose obligations beyond those required under the Federal Rules of Civil Procedure. Royal also objects to this interrogatory on the ground that it may seek information protected from discovery by one or more privileges, including the attorney-client and attorney work product privileges. Subject to and without waiving said objections, in accordance with Fed. R. Civ. P. 33(d) Royal refers to all non-privileged documents in its claim file which have been previously produced under production control numbers RY00001-RY00287 and RY00740 and states that Mr. Daneman is available for deposition to answer clear, unambiguous and specific questions regarding the handling of Zygo's claim.

## INTERROGATORY NO. 4:

4.    Please set forth each provision of the Policy upon which you rely to support your contention that Zygo's claim for the Second AFM is not covered under the Policy.

## ANSWER:

Royal relies on all of the terms and conditions of the subject Policy and respectfully refers Zygo to the allegations of the Declaratory Judgment Complaint.

5

**INTERROGATORY NO. 5:**

5.    Please identify all persons with knowledge or information concerning your contention that Zygo's claim for the Second AFM is not covered under the Policy.

**ANSWER:**

Royal objects to this request on the grounds that it is vague, ambiguous, and overbroad. Royal also objects to this interrogatory on the ground that it may seek information protected from discovery by one or more privileges including the attorney-client and attorney work product privileges.    Subject to and without waiving said objections, each of the following individuals at Royal have knowledge or information that Zygo's claim for the Second AFM is not covered under the Policy:

　　　　1)    Joseph Daneman;

　　　　2)    Anthony Corsale;

　　　　3)    Allan Ilias

Royal further contends that various representatives of Zygo, Nan Ya and other third parties possess knowledge or information relating to when, and to what extent, the Second AFM was allegedly damaged, why Zygo failed to hold Nan Ya to its obligation to pay for the Second AFM, why Zygo released Nan Ya from its obligation to pay for the Second AFM, why Zygo chose not to properly declare the shipment and pay additional premium for contingency coverage under the Policy, and why the allegedly responsible carriers were not provided with timely notice of claim, all of which give rise to Royal's contention that "Zygo's claim for the Second AFM is not covered under the Policy."    The identity of such persons and their exact knowledge or information will be revealed as discovery proceeds in this matter.

**INTERROGATORY NO. 6:**

6.    Please state the date you contend Zygo was required to declare the Second AFM to Royal for coverage, as set forth in Paragraphs 71 and 72 of the Complaint.

**ANSWER:**

Coverage under the policy did not automatically attach to certain types of shipments including but not limited to those circumstances where the named insured is requested by the owner of a cargo shipment to insure same under the Royal Open Cargo Policy and/or where the named insured sold goods or merchandise without the obligation to procure insurance for the purchase. In the aforesaid instances, any other coverage under the policy can only attach if the shipment is reported to, and the additional premium is agreed by, Royal sometime prior to the commencement of transit or at the very latest prior to any known loss or damage to the shipment in question.

**INTERROGATORY NO. 6:**

7.    Please identify the provision of the Policy that sets forth when Zygo was required to declare the Second AFM to Royal for coverage, as set forth in Paragraphs 71 and 72 of the Complaint.

**ANSWER:**

Royal objects to this Interrogatory on the ground that it may be a question of law and respectfully refers Zygo to the "known loss" doctrine. Subject to and without waiver of said objections, Royal refers to paragraphs 52, 46 and 3 of the Policy.

**INTERROGATORY NO. 8:**

7

8.    Please set forth when you contend that Zygo was required to "negotiate with, and/or pay additional premiums" to Royal for the Second AFM, as set forth in Paragraph 73 of the Complaint.

**ANSWER**:

See Royal's response to Interrogatory No. 6 which is incorporated herein at length.

**INTERROGATORY NO. 9:**

9.    Please identify the provision of the Policy that sets forth when Zygo was required to "negotiate with, and/or pay additional premiums" to Royal for the Second AFM, as set forth in Paragraph 73 of the Complaint.

**ANSWER**:

See Royal's response to Interrogatory No. 7 which is incorporated herein at length.

**INTERROGATORY NO. 10:**

10.    Please set forth all facts supporting your contention that "[a]t no time did Zygo make any reasonable effort to collect the purchase price" from Nan Ya for the Second AFM, as set forth in Paragraph 75 of the Complaint.

**ANSWER**:

Royal specifically objects to this interrogatory on the ground that discovery is ongoing and for that reason Royal reserves the right to supplement this response. Subject to and without waiving the foregoing general and specific objections, Royal's contention is based on Zygo's admissions contained in documents exchanged between the parties, previously produced in this

8

litigation and specifically including documents bearing production control numbers RY00060, RY00072, RY00078 and RY00205-208. Royal further bases its contention upon its oral and written communications with Zygo and its representatives prior to the commencement of the first-party action herein, regarding Zygo's failure to undertake efforts to collect payment from Nan Ya, or commence any action or proceeding against Nan Ya for failure to pay for the Second AFM, as required under the Royal policy. Copies of Royal's written communications with Zygo and its representatives have been previously produced in this action. Royal further incorporates herein Nan Ya's response to Interrogatory No. 3 of Zygo's First Set of Interrogatories to Nan Ya wherein Nan Ya states:

> Nanya objects to this interrogatory to the extent it calls for information protected by the attorney-client privilege or the work product doctrine. Nanya also objects to this interrogatory because discovery is ongoing, and for that reason Nanya reserves the right to supplement its response. Subject to these and its general objections, Nanya responds as follows:

> Zygo agreed with Nanya and Nanya's insurer that Nanya need not pay for the second damaged AFM in a signed agreement reached in a compromise meeting held in Taipei, Taiwan on November 13, 2000. The document is Bates No. NY 18, a highlighted version is at NY 19, and translations of it appear at Bates Nos. NY 20-21 and in some of the pages between NY 257-268.

> Key facts leading to the parties' written agreement are as follows. The parties agreed to negotiate to resolve the dispute over the damaged microscopes. Zygo, for example, included as a term of its March 2000 contract with Nanya for the loaner microscope the condition that "[d]uring the period of the loan, customer agrees to work jointly with ZYGO towards a resolution of the pending insurance claims."

> On May 26, 2000, Zygo representative Sylvain Muckenhirn met with Nanya to discuss a resolution. He presented an early Zygo proposal in slides. Among other things, Zygo proposed and contemplated that Nanya pay roughly half the cost of each damaged microscope plus shipment, and also purchase a new, fourth microscope. The parties did not reach an agreement.

> Negotiations continued. On July 4, 2000, Nanya met with its insurer and Zygo's agent to discuss the situation. Nanya proposed that its insurer and Zygo each pay for one of the damaged microscopes. Shortly afterwards, Zygo's agent reported to Zygo that Nanya and its insurer would agree to pay Zygo for one of the damaged microscopes and that Zygo thus would cover the cost of

the other damaged microscope. After internal discussion, Zygo accepted that Nanya and its insurer would agree to pay for one microscope as a compromise, but not the other. In light of this pending compromise, Zygo accepted that it would seek a payment for the other damaged microscope from its insurer, Royal, and not from Nanya or Nanya's insurer.

The parties -- including Nanya's insurer --arranged for a meeting in Taipei between Nanya, Zygo, and Nanya's insurer to agree on compensation for the damaged microscopes following a determination of their salvage value. The meeting was originally scheduled for October 11, 2000 but did not take place until November 13, 2000. On November 13, 2000, the parties met, agreed on salvage values, and agreed that Nanya and its insurer need not pay for the second damaged microscope. Zygo internally discussed the meeting shortly afterwards. Two days later, Zygo confirmed that Nanya would pay for the first damaged microscope, and it later discussed seeking Nanya's assistance in obtaining an insurance payment from Royal.

## INTERROGATORY NO. 11:

11. Please identify all persons with knowledge or information concerning your contention that at no time did Zygo make any reasonable effort to collect the purchase price from Nan Ya for the Second AFM.

## ANSWER:

See Royal's response to Interrogatory No. 10 which is incorporated herein at length. Royal further incorporates herein Nan Ya's response to Interrogatory No. 6 of Zygo's First Set of Interrogatories to Nan Ya wherein Nan Ya states:

> Two employees of Nanya's corporate relative, Formosa Plastics Group, acted as Nanya's agents and signed the agreement on Nanya's behalf: Ms. Yalin Tsai and Mr. Tsung-wen Lien. Timothy Smith signed the agreement on Zygo's behalf, as did Zygo representative Kelvin Walch.

## INTERROGATORY NO. 12:

12. Please set forth all facts supporting your contention that, "[i]n an attempt to

10

satisfy its customer Nan Ya, . . . Zygo has waived and/or impaired . . . Royal's right of recovery

against Nan Ya under the original Zygo/NanYa sales contract" for the Second AFM, as set forth

in Paragraph 80 of the Complaint.


**ANSWER:**

See Royal's response to Interrogatory No. 10 which is incorporated herein at length.

**INTERROGATORY NO. 13:**

13.    Please identify all individuals with knowledge or information concerning your

contention that, in an attempt to satisfy its customer Nan Ya, Zygo has waived and/or impaired

Royal's right of recovery against Nan Ya under the original Zygo/Nan Ya sales contract for the

Second AFM.

**ANSWER:**

See Royal's response to Interrogatory No. 11 which is incorporated herein at length.


**INTERROGATORY NO. 14:**

14.    Please set forth all facts supporting your contention that "Zygo determined that

the cost of returning and repairing both the First AFM and the [Second] AFM was in the total

amount of approximately USD $600,000 or USD $300,000 per AFM," as set forth in Paragraph

55 of the Complaint.


**ANSWER:**

Royal specifically objects to this interrogatory on the ground that discovery is ongoing

and for that reason Royal reserves the right to supplement this response. Subject to and without

waiving the foregoing general and specific objections, Royal respectfully directs Zygo's

attention to its letter dated July 10, 2000, from Lawrence C. Martin, Staff Assistant to the

President, to its agent, L..ly Wu, President, Lee-Tech Co., Ltd., bearing production control number RY00071. Royal also respectfully directs Zygo's attention to the document bearing production control number RY00229-RY00230.

## INTERROGATORY NO. 15:

15.   Please identify all persons with knowledge or information concerning your contention that Zygo determined that the cost of returning and repairing both the First AFM and the Second AFM was in the total amount of approximately USD $600,000 or USD $300,000 per AFM.

## ANSWER:

See Royal's response to Interrogatory No. 14 which is incorporated herein at length.

## INTERROGATORY NO. 16:

16.   Please set forth all facts supporting your contention that "[a]lthough duly demanded by. . . Royal, Zygo has failed and refused to identify the location, and/or disposition, of the [First] and [Second] AFMs," as set forth in Paragraph 56 of the Complaint.

## ANSWER:

Royal specifically objects to this interrogatory on the ground that discovery is ongoing and for that reason Royal reserves the right to supplement this response. Subject to and without waiver of the foregoing objections, Royal, in accordance with Fed. R. Civ. P. 33(d), refers to the following documents bearing production control numbers ZYGO 00240 through and including ZYGO 00243, RY00213 and RY00205 through and including RY00208. Royal further states that during certain oral communications with Zygo's agent, Mathog & Moniello, Royal was advised that the AFMs were not available for inspection and may have been removed from Nan

12

**INTERROGATORY NO. 17:**

17.    Please set forth the terms on which Royal offered to renew the Policy in or about May of 2001.

**ANSWER:**

Royal objects to this interrogatory on the grounds that it is vague, ambiguous and mischaracterizes factual events. Subject to and without waiving the foregoing objections, Royal states that prior to the anniversary date of the Policy, Royal's underwriter, Mr. Allan Ilias, reviewed the Policy's underwriting history and determined that it would be prudent for Royal to exercise its right to cancel the Policy. Royal communicated its intent to cancel the Policy to Zygo's insurance broker and agent, Mathog & Moniello. Thereafter, Mathog & Moniello advised Royal that it was having trouble finding an insurer willing to bind coverage for Zygo and requested that as an accommodation to Mathog & Moniello and Zygo, Royal refrain from exercising its right to cancel the Policy. Accordingly, Royal and Mathog & Moniello reached an agreement wherein, in consideration of Royal refraining from canceling the Policy in its entirety, Royal would continue to provide insurance coverage to Zygo on the amended terms set forth on RY00361.

**INTERROGATORY NO. 18:**

18.    Please identify all persons with knowledge or information concerning the terms on which Royal offered to renew the Policy in or about May of 2001.

**ANSWER:**

Royal objects to this interrogatory on the grounds that it is vague, ambiguous and

13

mischaracterizes factual events. Subject to and without waiving the foregoing general and

specific objections, Allan Ilias has knowledge or information regarding the underwriting history

of the Zygo account.

## INTERROGATORY NO. 19:

19.    Please identify all persons with knowledge or information concerning Royal's

decision to eliminate the Contingency Clause from the proposed renewal policy.

## ANSWER:

Royal objects to this interrogatory on the grounds that it is vague, ambiguous and

mischaracterizes factual events.    Subject to and without waiving the foregoing general and

specific objections, Allan Ilias has knowledge or information regarding the underwriting history

of the Zygo account.

## INTERROGATORY NO. 20:

20.    Please set forth all facts underlying Royal's decision to eliminate the Contingency

Clause from the proposed renewal policy.

## ANSWER:

Royal objects to this interrogatory on the grounds that it is vague, ambiguous and

mischaracterizes factual events.  Subject to and without waiving the foregoing objections, Royal

states that prior to the anniversary date of the Policy, Royal's underwriter, Mr. Allan Ilias,

reviewed the Policy's underwriting history and determined that it would be prudent for Royal to

exercise its right to cancel the Policy. , Royal communicated its intent to cancel the Policy to

Zygo's insurance broker and agent, Mathog & Moniello.    Thereafter, Mathog & Moniello

advised Royal that it was having trouble finding an insurer willing to bind coverage for Zygo and

requested that as an accommodation to Mathog & Moniello and Zygo, Royal refrain from

Royal's right to cancel. Accordingly, Royal and Malhog & Montello reached an agreement wherein, in consideration of Royal refraining from canceling the Policy in its entirety, Royal would continue to provide insurance coverage to Zygo on the amended terms set forth on RY00361.

## INTERROGATORY NO. 21:

21.     Have any of Royal's other policyholders made claims pursuant to the Contingency Clause of a Royal Marine Open Cargo Policy from 1990 to the present?

## ANSWER:

Royal objects to this interrogatory on the grounds that it is not relevant to any issue in this case and that it is not likely to lead to the discovery of admissible evidence. Royal also objects to this request on the grounds that it seeks information that is confidential to Royal and that may be subject to one or more claims of privilege, including the attorney-client and attorney work product privileges. Royal further objects to this interrogatory on the grounds that it is vague, overbroad and unduly burdensome. Subject to and without waiver of said objections, Royal has interviewed each adjuster in its New York marine claims office who handle marine cargo claims, and who stated as follows:

1) Joseph Daneman – Employed with Royal since January 1999. Has had no other claims involving the Contingency Clause of a Royal Marine Open Cargo Policy.

2) Debbie Scott – Employed with Royal since February, 1999. Has had no claims involving the Contingency Clause of a Royal Marine Open Cargo Policy.

3) Joseph Azzarello – Employed with Royal since November, 1999. Has had

15

claims involving the Contingency Clause of a Royal Marine Open Cargo Policy.

4) Frank Rogers – Employed with Royal since April, 2002. Has had no claims involving the Contingency Clause of a Royal Marine Open Cargo Policy.

5) Anna Verdino – Employed with Royal since March, 2002. Has had no claims involving the Contingency Clause of a Royal Marine Open Cargo Policy.

6) Susan Smith – Employed with Royal since June, 1993. Has no specific recollection of any specific claim involving the Contingency Clause of a Royal Marine Open Cargo Policy.

## INTERROGATORY NO. 22:

22. If your answer to Interrogatory No. 21 is in the affirmative, please set forth, from 1990 to the present:

    a. the name of the insured;

    b. the address of the insured;

    c. the nature and amount of the claim; and

    d. whether Royal paid the claim, or declined coverage therefor.

## ANSWER:

See Royal's response to Interrogatory No. 21 which is incorporated herein at length.

## INTERROGATORY NO. 23:

23. If your answer to Interrogatory No. 21 is in the affirmative, please set forth, from

Case 3:01-cv-01317-JBA   Document 147-5   Filed 07/07/2004   Page 18 of 21

to the present, the reason or justification for each claim that Royal denied.

**ANSWER**:

     See Royal's response to Interrogatory No. 21 which is incorporated herein at length.

## INTERROGATORY NO. 24:

     24.    For the period from 1990 to the present, please identify all coverage lawsuits filed by you or by your policyholders in which the policy provision at issue was the contingency clause of a marine open cargo policy. For each such lawsuit, please set forth: a) the case caption; b) the docket number; c) the court in which the case was filed; d) the date on which the case was filed; e) the disposition of the case.

**ANSWER**:

     See Royal's response to Interrogatory No. 21 which is incorporated herein at length.

## INTERROGATORY NO. 25:

     25.    Please state whether, in assessing whether Zygo's claim for the Second AFM was covered under the Policy, you:

     a.    Reviewed any information or documents other than correspondence from Zygo and the language of the Policy. If your answer is in the affirmative, please identify the information or documents that you reviewed.

     b.    Relied upon any information or documents other than correspondence from Zygo and the language of the Policy. If your answer is in the affirmative, please identify the information or documents that you relied upon.

     c.    Spoke with anyone outside of Royal concerning Zygo's claim. If your

17

answer is in the affirmative, please identify the individual(s) with whom you spoke.

**ANSWER**:

Royal objects to this interrogatory on the grounds that it is vague and ambiguous. Royal also objects to this interrogatory on the ground that it may seek information protected from discovery by one or more privileges, including the attorney client and attorney work product privileges. Subject to and without waiving the foregoing general and specific objections, in accordance with Fed. R. Civ. P. 33(d), Royal refers to all non-privileged documents in its claim file which have been previously produced under production control numbers RY00001-RY00287 and RY00740 and states that Mr. Daneman is available for deposition to answer clear, unambiguous and specific questions regarding the handling of Zygo' claim.

Royal Insurance Company of America

By: _Joseph Daneman_

Joseph Daneman

18

Dated:     New York, New York
           May 3<u>1</u>, 2002

                        Yours, etc.,

                  NICOLETTI HORNIG CAMPISE & SWEENEY
                  Attorneys for Plaintiff / Third Party Plaintiff
                  Royal Insurance Company of America

           By:  _____

                  JOHN A. V. NICOLETTI, ESQ. (ct 00842)
                  LAURA K. BARZILAI, ESQ. (ct 22912)
                  Wall Street Plaza
                  88 Pine Street, 7th Floor
                  New York, New York 10005-1801
                  (212) 220-3830
                  (FILE NO.:    21000055 JAVN/LKB)


                  LAW OFFICES OF ROBERT K. MARZIK, P.C.
                  1512 Main Street
                  Stratford, Connecticut  06615
                  Tel: (203) 375-4803

## CERTIFICATION

I hereby certify that on May 31, 2002 copies of PLAINTIFF ROYAL INSURANCE COMPANY OF AMERICA'S RESPONSE TO DEFENDANT ZYGO CORPORATION'S FIRST SET OF INTERROGATORIES have been served upon all counsel by mail at the following addresses:

Lori Rittman Clark, Esq.
WIGGIN & DANA
Attorneys for Zygo Corporation
One City Place
Hartford, CT 06103-3402

C. Tait Graves, Esq.
WILSON SONSINI GOODRICH & ROSATI
Attorneys for Nan Ya Technology Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050

Charlsa D. Broadus, Esq.
DAY, BERRY & HOWARD, LLP
Attorneys for Nan Ya Technology Corporation
City Place I
Hartford, CT 06103-3499

LAURA K. BARZILAI