

**ROYAL &**
**SUNALLIANCE**

www.royalsunai.... ce-usa.com

**Ocean Marine Division**
Wall Street Plaza
28th Floor
88 Pine Street
New York NY 10005

Phone
212 510-1770
Fax - Underwriting
212 510-1785
Fax - Claims
212 510-1780

## TRANSMISSION VIA TELEFAX TO (860) 347-8372

July 16, 2001

Zygo Corporation
Laurel Brook Road
P.O. Box 448
Middlefield, CT  06455-0448

Attn: Lawrence C. Martin
      Staff Assistant to the President

Re: Assured: Zygo Corporation
    Policy no. POC-102950
    Royal Insurance Company of America
    Order Confirmation no. C 4C T9002 00 dated January 31, 2000
    Our Ref. 1070008216

Dear Sirs:

   We refer to the claim submitted against the shipment covered by the captioned Order Confirmation, for sale of an atomic force microscope from Zygo Corporation to Nan Ya Technology. According to the Order Confirmation, delivery terms are FOB US Airport.
   Also, no declaration with the value of this shipment was submitted to Royal & SunAlliance for coverage under the terms of the contingency clause.
   To recover under the Policy, the insured has the burden of establishing loss or damage during the policy period and within the policy terms and conditions.
   According to the Property Insured & Insurable Interest Clause,

> *This Policy covers, for account of whom it may concern, shipments of lawful goods and merchandise consisting principally of:*
>
> > *New electro-optical measuring components, parts and related equipment in approved export packing*
>
> *Under or on deck, consigned to or shipped by others for account or control of the Assured or in which the Assured has the risk of loss, but excluding shipments either sold or purchased by the Assured subject to terms of sale (or purchase) whereby the Assured is not obligated to furnish Ocean Marine insurance. Notwithstanding the foregoing, this Policy also covers all shipments of lawful goods and merchandise for the account of others from whom the Assured has received written instructions to insure provided such instructions are received prior to any known or reported loss, damage, or accident and prior to sailing of the vessel.*

• American and Foreign Insurance Company
• Atlantic Indemnity Company
• Atlantic Security Insurance Company
• Carolina American Insurance Company
• The Connecticut Indemnity Company
• Connecticut Specialty Insurance Company

• Design Professionals Insurance Company
• EBI Indemnity Company
• Employee Benefits Insurance Company
• Financial Structures Insurance Company
• The Fire and Casualty Insurance Company of Connecticut
• Globe Indemnity Company

• Grocers Insurance Company
• Guaranty National Insurance Company
• Guaranty National Insurance Company of Connecticut
• Landmark American Insurance Company
• Marine Indemnity Insurance Company of America
• Orion Insurance Company

• Peak Property and Casualty Insurance Corporation
• Process Assurance Company of New York
• Royal & SunAlliance Personal Insurance Company
• Royal Indemnity Company
• Royal Insurance Company of America
• Royal Lloyds of Texas

• Royal Surplus Lines Insurance Company
• Safeguard Insurance Company
• The Sea Insurance Company of America
• Security Insurance Company of Hartford
• Unisun Insurance Company
• Viking Insurance Company of Wisconsin

87964  0401

RY      00037



Page 2
July 16, 2001
R&SA ref. 1070008216

According to the Contingency Clause,

*It is agreed that on all shipments sold by the Assured on cost and freight or other terms whereby the Assured is not required to furnish ocean marine insurance, this Policy is extended (subject to all its terms and conditions) to cover only the interest of the Assured as an unpaid vendor from the time shipments become at the risk of the customer under the terms of sale until payment of draft but in no event beyond the time when this Company's risk would normally cease under the terms of this Policy.*

*It is further understood and agreed that in no event shall this insurance inure to the benefit of the buyer or his underwriter but in the event of a loss occurring which would be collectible hereunder but for such terms of sale and the Assured is unable to collect the purchase price from the buyer in regular course, this Company will advance the amount of such loss pending collection from the buyer. The Assured hereby agrees to use all reasonable means to collect the full amount due from the buyer and reimburse this Company, the latter sharing the expense of such collection in proportion to its interest herein.*

*The Assured agrees to declare to this Company the value of all shipments covered under the terms of this endorsement and to pay premium thereon at rates to be agreed.*

Moreover, we reserve the right to investigate further into the sales agreements and all subsequent communications, including requesting all pertinent documentation, regarding payment of the invoice corresponding to the captioned Order Confirmation. Pursuant to such, according to the Subrogation and Impairment of Recovery Clause,

*It is a condition of this insurance that upon payment of any loss the Company shall be subrogated to all rights and claims against third parties arising out of such loss. It is a further condition of this insurance that if the Assured or his or their assigns have entered or shall enter into any special agreement whereby any carrier or bailee is released from its common law or statutory liability for any loss, or have or shall have waived, compromised, settled or otherwise impaired any right of claim against a third party to which the Company would be subrogated upon payment of a loss without prior agreement of the Company and endorsement hereon, the Company shall be free from liability with respect to such loss, but its right to retain or recover the premium shall not be affected.*

In view of the foregoing circumstances, we regret to advise that we have no alternative other than to decline liability on behalf of the Company for the captioned claim.

RY          00038



The foregoing declination of liability is not intended to be all-inclusive and all other rights and defenses available under the terms and conditions of the Policy, whether expressed or implied, or mentioned herein or not, are hereby reserved to the Company without specific enumeration. If there are any other facts which have not been brought to my attention, please feel free to do so.

Sincerely yours,

Royal Insurance Company of America

Joseph Daneman
Ocean Marine Loss Dept.


Copy: Attn: Carroll Sneed
        Mathog & Moniello
        East Haven, CT
        Fax no. (203) 468-3494

RY     00039



ROYAL & SUNALLIANCE

88 Pine Street, 28th Floor
Wall Street Plaza
New York, NY 10005
Tel. no. (212) 510-1770
Fax no. (212) 510-1780

## FAX TRANSMISSION

May 15, 2001

Total pages: 3

To  Carroll Sneed / Matt Weidman
    Mathog & Moniello Companies, Inc.
    East Haven, CT
    Fax no. (203) 468-3494

From:  Joseph Daneman
       Sr. Cargo Adjuster
Direct Phone: (212) 510-1768
E-mail: Joseph_Daneman@rsausa.com

Re:  Assured: Zygo Corporation
     Insurer: Royal Insurance Company of America
     D/L: February, 2000
     Carrier: Lynden/China Airlines
     Your Ref.: Please Advise
     Our Ref.: 1070008216

Gentlemen:

We write in furtherance of our letter of May 7th and in response to the Mathog & Maniello letter of May 10th, which was signed by Carroll D. Sneed, Claims Examiner.

Initially, we apologize if you misinterpreted our May 2nd letter, which focused upon Zygo's insurable interest. The information requested in the May 2nd letter was solely related to that part of our investigation, which has now been concluded.

Unfortunately, we must disagree with your "belief" that the information which you provided to this office "is more than sufficient to support a covered loss and allow loss payment." Please be advised that, if Zygo does not provide the information requested in our May 7th letter as restated in part and supplemented herein, this could lead to a forfeiture of coverage under Royal's policy for the subject loss.

After a complete review of the facts underlying this claim, it is our ultimate opinion that there is no coverage for this loss, but for a possible claim under Clause 52 which is entitled Contingency and which is in the nature of unpaid vendor insurance.

Assuming that Zygo is pursuing this claim under Clause 52, we note that Zygo (per Clause 52) has agreed to use all reasonable means to collect the full amount due from the buyer, Nan Ya Technology Corporation ("Nan Ya"). We must again demand that the insured provide us with a written outline of all efforts that it has made to collect the purchase price for the second shipment from Nan Ya, including but not limited to providing us with all written communications by and between the parties and/or written statements of any and all oral conversations by and between the parties with the identity of the persons who participated in these conversations and the date (if possible) of said oral communications. In addition, please provide us with all contemporaneous or subsequently made written notes of any oral conversation between the relevant parties, including the air carriers, etc. Only after receiving the above requested information will Royal be in position to finalize its investigation to determine whether or not Zygo has used "all reasonable means" to collect from Nan Ya the full amount due for the purchase of the second shipment.

RY    00040



May 15, 2001
Page 2
RSA ref. 1070008216

Further, we respectfully disagree with your opinion that Zygo is not obligated to use "all reasonable means" to collect payment from its purchaser. Clause 52 is quite clear in this regard and we suggest that you review the clause in its entirety. As for your assertion that Zygo must only show an inability to collect a purchase price to trigger coverage under Clause 52, we again respectfully disagree and note that the inability to collect from the buyer is <u>a condition precedent to trigger coverage</u> under Clause 52, but in no way alleviates or eliminates Zygo's obligation to pursue all reasonable means to collect the payment from the buyer. We do not understand Zygo's reluctance to provide us with this information, because, according to your letter of May 10th, "Zygo has made both oral and written requests of Nan Ya for payment." If that be the case, please provide us with all such information and/or documents.

In the May 10th letter, you also represent that the third shipment, which was a loaner, was returned to Zygo. Please provide us with all information and documents relating to the return of the third shipment by Nan Ya to Zygo, including any and all airway bills, etc. In any event if Royal makes payment for this loss under Clause 52, the reasons why Nan Ya refused the third shipment may be of some importance to pursuing payment for the second shipment and therefore, we request all information which relates to the reasons why Nan Ya did not purchase the third shipment.

As for our request for information concerning the declaration of the first and second shipment, please be advised that Clause 52 provides coverage outside the scope of the standard open cargo policy coverages and requires both separate reporting and payment of additional premium. We again must direct your attention to the unambiguous language of Clause 52 which imposes the aforesaid requirements and obligations upon Zygo. Although you referenced Clause 1 and Clause 9 of the open cargo policy in your May 10th letter, you conveniently omit any reference to Clause 3 of that same insurance contract. Pursuant to Clause 3, (which is entitled "Property Insured and Insurable Interest") there is a specific exclusion for insurance on shipments either sold or purchased by the assured subject to terms of sale (or purchase) whereby the assured is not obligated to furnish ocean marine insurance. As you advised in prior correspondence to this office, the second shipment was sold on FOB U.S. Airport terms which carried with it no obligation on the part of Zygo to furnish insurance on this shipment, pursuant to the terms of sale by and between Zygo and Nan Ya. It is our further understanding that Nan Ya made no request to Zygo to insure either the first or second shipment under the Royal policy and in fact, Nan Ya had a separate cargo policy with a foreign insurer.

By virtue of the foregoing, the Royal policy did not automatically attach to these two shipments whether reported or not, but did require separate reporting and payment of additional premium per the terms of Clause 52 under which Zygo is now making claim.

We acknowledge your advice that Zygo has not filed a notice of claim with any responsible third-party and further advice that it has no knowledge of any such filing by Nan Ya.

We further acknowledge Zygo's representation that it has not released Nan Ya from any obligations to pay for the second shipment.

RY        00041



May 15, 2001
Page 3
RSA ref. 1070008216

Lastly, any payment by Royal for this loss will be in accordance with the terms of the insurance contract, including but not limited to Clause 39. Accordingly, your or Zygo's beliefs on whether or not the machine can be repaired is insufficient to require Royal to make full payment for the cost of the machine. Royal demands the right to inspect the machine at issue and to independently determine whether or not it can be repaired. In connection therewith, Royal reserves that option to have the machine returned to the Untied States (i.e. all four crates) for purposes of inspection and repair. At this time, please provide us with the necessary information concerning the present whereabouts of the four crates of machinery which are said to contain the second Atom Force Microscope. We understand that one of the crates may have been unpacked in Taiwan for the purposes of inspection. We, therefore, request the location of the unpacked (damaged) component part of the machine if different from the other three crates and confirmation that all parts of the machine still remain under the direct control of Zygo or Zygo's bailee.

Please be cautioned that in connection with the payment of any claim under Clause 52, it will be important for the machine to be made available for delivery to Nan Ya as part of any action to collect under the sales contract between Zygo and Nan Ya. Accordingly and independently from any right of Royal to inspect and repair the machine, it is extremely important that Zygo has taken the appropriate actions to secure the safety of the machine even in its damaged state as part of any action brought against Nan Ya to compel payment for said machine under the sales agreement.

Please revert soonest with regard to the present whereabouts of the component parts of the machine and to the extent that any component part may now be missing, please so advise.

We write this letter on a without prejudice basis and with a full reservation of rights with regard to all available defenses under the policy or at law, including but not limited to the defense of late notice, impairment of recovery/subrogation and/or the assured's failure to make timely declarations for coverage under Clause 52. Nothing set forth herein or any action taken to date shall be deemed to be an admission of liability, waiver of any defenses which arise under the policy terms and conditions and/or at law or estoppel of Royal from asserting its rights under the policy and at law.

If you have any questions with regard to the matters addressed herein, please do not hesitate to contact the undersigned.

Very truly yours,

Royal & SunAlliance

Joseph Daneman
Senior Cargo Adjuster

RY    00042

MEMORY TRANSMISSION REPORT

```
                                      TIME      : MAY-15-2001  11:35AM
                                      TEL NUMBER1:
                                      NAME      :


FILE NUMBER          :  602

DATE                 :  MAY-15 11:32AM

TO                   :  912034683494

DOCUMENT PAGES       :  003

START TIME           :  MAY-15 11:32AM

END TIME             :  MAY-15 11:35AM

SENT PAGES           :  003

STATUS               :  OK

FILE NUMBER    : 602           *** SUCCESSFUL TX NOTICE ***
```



ROYAL & SUNALLIANCE

88 Pine Street, 28ᵗʰ Floor
Wall Street Plaza
New York, NY 10005
Tel. no. (212) 510-1770
Fax no. (212) 510-1780

**FAX TRANSMISSION**

May 15, 2001                                     Total pages: 3

To  Carroll Sneed / Matt Weidman          From:  Joseph Daneman
    Mathog & Moniello Companies, Inc.            Sr. Cargo Adjuster
    East Haven, CT                         Direct Phone: (212) 510-1768
    Fax no. (203) 468-3494                 E-mail: Joseph_Daneman@rsausa.com

Re:  Assured: Zygo Corporation
     Insurer: Royal Insurance Company of America
     D/L: February, 2000
     Carrier: Lynden/China Airlines
     Your Ref.: Please Advise
     Our Ref.: 1070008216

Gentlemen:

We write in furtherance of our letter of May 7ᵗʰ and in response to the Mathog & Maniello letter of May 10ᵗʰ, which was signed by Carroll D. Sneed, Claims Examiner.

Initially, we apologize if you misinterpreted our May 2ⁿᵈ letter, which focused upon Zygo's insurable interest. The information requested in the May 2ⁿᵈ letter was solely related to that part of our investigation, which has now been concluded.

Unfortunately, we must disagree with your "belief" that the information which you provided to this office "is more than sufficient to support a covered loss and allow loss payment." Please be advised that, if Zygo does not provide the information requested in our May 7ᵗʰ letter as restated in part and supplemented herein, this could lead to a forfeiture of coverage under Royal's policy for the subject loss.

After a complete review of the facts underlying this claim, it is our ultimate opinion that there is no coverage for this loss, but for a possible claim under Clause 52 which is entitled Contingency and which is in the nature of unpaid vendor insurance.

Assuming that Zygo is pursuing this claim under Clause 52, we note that Zygo (per Clause 52) has agreed to use all reasonable means to collect the full amount due from the buyer, Nan Ya Technology Corporation ("Nan Ya"). We must again demand that the insured provide us with a written outline of all efforts that it has made to collect the purchase price for the second shipment from Nan Ya, including but not limited to providing us with all written communications by and between the parties and/or written statements of any and all oral conversations by and between the parties with the identity of the persons who participated in these conversations and the date (if possible) of said oral communications. In addition, please provide us with all contemporaneous or subsequently made written notes of any oral conversation between the relevant parties, including the air carriers, etc. Only after receiving the above requested information will Royal be in position to finalize its investigation to determine whether or not Zygo has used "all reasonable means" to collect from Nan Ya the full amount due for the purchase of the second shipment.

RY        00043



ROYAL & SUNALLIANCE

88 Pine Street, 28th Floor
Wall Street Plaza
New York, NY 10005
Tel. no. (212) 510-1770
Fax no. (212) 510-1780

**FAX TRANSMISSION**

May 7, 2001                                                  Total pages: 2

To  Matt Weidman                                From: Joseph Daneman
    Mathog & Moniello Companies, Inc.                  Sr. Cargo Adjuster
    East Haven, CT                              Direct Phone: (212) 510-1768
    Fax no. (203) 468-3494                      E-mail: Joseph_Daneman@rsausa.com

Re: Assured: Zygo Corporation                   Carrier: Lynden / China Airlines
    Insurer: Royal Insurance Company of America  Your Ref.: Please advise
    D/L: February 2000                           Our Ref. 1070008216

Dear Matt,

We write in connection with the captioned claim and request that you contact the assured Zygo Corporation to obtain additional information which will permit us to proceed with our investigation of this loss – hopefully to conclusion.

Initially, please confirm that Zygo Corporation is pursuing payment under the Royal policy pursuant to Clause 52 of the Royal policy, which is entitled Contingency. If Zygo is making claim under any other section of the policy, please so advise.

Assuming that Zygo is pursuing this claim exclusively under Clause 52, we note that the "Contingency Coverage" is in the nature of unpaid vendor insurance, but subject to all terms and conditions of the policy. Pursuant to Clause 52, Zygo agreed to use all reasonable means to collect the full amount due from the buyer, Nan Ya Technology Corporation ("Nan Ya"). Please have the insured provide us with a written outline of all efforts it has made to collect the purchase price for the second shipment from Nan Ya, including but not limited to providing us with all written communications by and between the parties and a written statement of any and all oral conversations by and between the parties with the identity of the persons who participated in these conversations and the date (if possible) of said oral communications.

In connection with the above, please also advise if Nan Ya paid Zygo for the third shipment, which we understand was originally only on loan to Nan Ya. Please provide us with all the purchase details and/or written communications by and between Zygo and Nan Ya with regard to the third shipment, if Nan Ya indeed purchased same.

We again direct your attention to Clause 52, which obligated the assured to declare to the Royal the value of all shipments which were to be insured under the "Contingency" coverage and to pay the additional premium thereon. Please forward to this office all evidence that the first, second and/or third shipments were in fact declared to the Royal for this contingency insurance.

As part of our investigation into this loss, particularly in regards to Zygo's obligations under Clauses 32 and 43 of the Royal policy, please provide this office with any and all notices of claim which were filed by Zygo and/or Nan Ya against responsible third parties, including the direct and indirect air carriers, China Airlines and Lynden, respectively. Please also provide us with any and all advices which Zygo gave Nan Ya concerning Nan Ya's obligation to pay for the second shipment. In general, please provide us with all documents and/or other information which demonstrates Zygo's efforts to protect rights of recovery against all responsible parties, including but not limited to the air carriers and/or Nan Ya.

RY    00047



May 7, 2001
Page 2
RSA ref. 1070008216

Further, please also provide us with any and all documents and/or correspondence pursuant to which Zygo may have released Nan Ya from any obligation to pay for the second shipment by virtue of the sale of the third shipment or otherwise.

Lastly, we direct your attention to Clause 39 of the policy which limits recovery on a machine consisting of several parts to only those parts which were actually damaged. Based upon the information which we received to date, it is our understanding that the Atom Force Microscope was shipped in four (4) crates with only one (1) of the four (4) crates being damaged in regards to the second shipment. We fully understand that one of the surveyors has indicated that the damaged crate contained those parts of the total machine which may have been the most sophisticated and/or costly to repair and/or replace. Notwithstanding that fact, please provide us with all information concerning the present whereabouts of the three (3) undamaged crates and the fourth damaged crate, particularly the equipment contained within the damaged crate. Under no circumstances should the three (3) undamaged crates and/or equipment in the damaged crate be disposed of by way of salvage or otherwise.

Assuming, but without admitting, coverage for this loss, Royal retains the option to repair the damaged parts as a means of making the insured whole and at this juncture is without sufficient information to agree to any constructive total loss. In connection with this process, please advise of the whereabouts of the second shipment and if at more than one location, please identify each location and the corresponding part or parts which are present at those various locations. Please take all necessary precautions to safeguard this equipment, which when assembled make up the Atom Force Microscope.

Please forward us any and all information when received and do not wait until you have received all of the requested material before making the submission to Royal. If you follow the latter procedure, it will only delay our final investigation into this claim.

Please revert soonest.

We write this letter on a without prejudice basis and with a full reservation of rights with regard to all available defenses under the policy, including but limited to the defense of late notice, impairment of recovery/subrogation and/or the assured's failure to make timely declarations for coverage under Clause 52. Nothing set forth herein or any action taken to date shall be deemed to be an admission of liability, waiver of any of the defenses which arise under the policy terms and conditions and/or at law or estoppel of Royal from asserting its rights under the policy and at law.

If you have any questions with regard to the matters addressed herein, please do not hesitate to contact the undersigned.

Very truly yours,

Royal & SunAlliance

Joseph Daneman

MEMORY TRANSMISSION REPORT

```
                                    TIME      : MAY-07-2001  02:47PM
                                    TEL NUMBER1:
                                    NAME      :


FILE NUMBER        :  102

DATE               :  MAY-07 02:44PM

TO                 :  912034683494

DOCUMENT PAGES     :  002

START TIME         :  MAY-07 02:45PM

END TIME           :  MAY-07 02:47PM

SENT PAGES         :  002

STATUS             :  OK


FILE NUMBER    : 102        *** SUCCESSFUL TX NOTICE ***
```

**ROYAL & SUNALLIANCE**

88 Pine Street, 28th Floor
Wall Street Plaza
New York, NY 10005
Tel. no. (212) 510-1770
Fax no. (212) 510-1780

**FAX TRANSMISSION**

May 7, 2001                                         Total pages: 2

To   Matt Weidman                    From:  Joseph Daneman
     Mathog & Moniello Companies, Inc.          Sr. Cargo Adjuster
     East Haven, CT                  Direct Phone: (212) 510-1768
     Fax no. (203) 468-3494          E-mail: Joseph_Daneman@rsausa.com

Re:  Assured: Zygo Corporation       Carrier: Lynden / China Airlines
     Insurer: Royal Insurance Company of America    Your Ref.: Please advise
     D/L: February 2000              Our Ref. 1070008216

Dear Matt,

We write in connection with the captioned claim and request that you contact the assured Zygo Corporation to obtain additional information which will permit us to proceed with our investigation of this loss — hopefully to conclusion.

Initially, please confirm that Zygo Corporation is pursuing payment under the Royal policy pursuant to Clause 52 of the Royal policy, which is entitled Contingency. If Zygo is making claim under any other section of the policy, please so advise.

Assuming that Zygo is pursuing this claim exclusively under Clause 52, we note that the "Contingency Coverage" is in the nature of unpaid vendor insurance, but subject to all terms and conditions of the policy. Pursuant to Clause 52, Zygo agreed to use all reasonable means to collect the full amount due from the buyer, Nan Ya Technology Corporation ("Nan Ya"). Please have the insured provide us with a written outline of all efforts it has made to collect the purchase price for the second shipment from Nan Ya, including but not limited to providing us with all written communications by and between the parties and a written statement of any and all oral conversations by and between the parties with the identity of the persons who participated in these conversations and the date (if possible) of said oral communications.

In connection with the above, please also advise if Nan Ya paid Zygo for the third shipment, which we understand was originally only on loan to Nan Ya. Please provide us with all the purchase details and/or written communications by and between Zygo and Nan Ya with regard to the third shipment, if Nan Ya indeed purchased same.

We again direct your attention to Clause 52, which obligated the assured to declare to the Royal the value of all shipments which were to be insured under the "Contingency" coverage and to pay the additional premium thereon. Please forward to this office all evidence that the first, second and/or third shipments were in fact declared to the Royal for this contingency insurance.

As part of our investigation into this loss, particularly in regards to Zygo's obligations under Clauses 32 and 43 of the Royal policy, please provide this office with any and all notices of claim which were filed by Zygo and/or Nan Ya against responsible third parties, including the direct and indirect air carriers, China Airlines and Lynden, respectively. Please also provide us with any and all advices which Zygo gave Nan Ya concerning Nan Ya's obligation to pay for the second shipment. In general, please provide us with all documents and/or other information which demonstrates Zygo's efforts to protect rights of recovery against all responsible parties, including but not limited to the air carriers and/or Nan Ya.

RY          00049



88 Pine Street, 28th Floor
Wall Street Plaza
New York, NY 10005
Tel. no. (212) 510-1770
Fax no. (212) 510-1780

## FAX TRANSMISSION

May 2, 2001                                        Total pages: 1

To   Carroll Sneed                                 From:  Joseph Daneman
     The Mathog & Moniello Companies, Inc.                Sr. Cargo Adjuster
     East Haven, CT                                Direct Phone: (212) 510-1768
     Fax no. (203) 468-3494                        E-mail: Joseph_Daneman@rsausa.com

Re:  Assured: Zygo Corporation
     Policy no. POC-102950
     Consignee: Nan Ya Technology Corporation
     Our Ref. 1070008216

Dear Carroll,

As we near conclusion to our investigation of the circumstances of this letter, please request the assured to provide a letter confirming that the shipment, which is the subject of the assured's claim, was an FOB shipment, i.e. FOB US airport, and that the assured was to have been paid within 10 days after B/L date.

Also, please request the assured to provide an affidavit verifying that they have not been paid for the subject shipment.

Please note that in the event that we pay the claim, we want to be subrogated against not only the transit carriers but also the purchaser of the goods.

The foregoing is not an admission of liability and is strictly without prejudice. All rights and defenses available under the terms and conditions of the policy are hereby reserved.

Furthermore, no action previously taken or hereafter taken by the Company shall be construed as a waiver, nor shall the Company be estopped to rely upon any rights or defenses under the policy.

Should you have any questions or comments, please feel free to contact me. Thank you for your attention to this matter.

Sincerely yours,

RY        00051

MEMORY TRANSMISSION REPORT

```
                                    TIME      : MAY-02-2001 02:00PM
                                    TEL NUMBER1:
                                    NAME      :


FILE NUMBER          :  871

DATE                 :  MAY-02 01:59PM

TO                   :  912034683494

DOCUMENT PAGES       :  001

START TIME           :  MAY-02 01:59PM

END TIME             :  MAY-02 02:00PM

SENT PAGES           :  001

STATUS               :  OK

FILE NUMBER   : 871         *** SUCCESSFUL TX NOTICE ***
```



ROYAL & SUNALLIANCE

88 Pine Street, 28ᵗʰ Floor
Wall Street Plaza
New York, NY 10005
Tel. no. (212) 510-1770
Fax no. (212) 510-1780

**FAX TRANSMISSION**

May 2, 2001                                    Total pages: 1

To  Carroll Sneed                    From:  Joseph Daneman
    The Mathog & Moniello Companies, Inc.         Sr. Cargo Adjuster
    East Haven, CT                   Direct Phone: (212) 510-1768
    Fax no. (203) 468-3494           E-mail: Joseph_Daneman@rsausa.com

Re: Assured: Zygo Corporation
    Policy no. POC-102950
    Consignee: Nan Ya Technology Corporation
    Our Ref. 1070008216

Dear Carroll,

    As we near conclusion to our investigation of the circumstances of this letter, please request the assured to provide a letter confirming that the shipment, which is the subject of the assured's claim, was an FOB shipment, i.e. FOB US airport, and that the assured was to have been paid within 10 days after B/L date.
    Also, please request the assured to provide an affidavit verifying that they have not been paid for the subject shipment.
    Please note that in the event that we pay the claim, we want to be subrogated against not only the transit carriers but also the purchaser of the goods.
    The foregoing is not an admission of liability and is strictly without prejudice. All rights and defenses available under the terms and conditions of the policy are hereby reserved.
    Furthermore, no action previously taken or hereafter taken by the Company shall be construed as a waiver, nor shall the Company be estopped to rely upon any rights or defenses under the policy.
    Should you have any questions or comments, please feel free to contact me. Thank you for your attention to this matter.

Sincerely yours,

RY          00052