UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------------X
ROYAL INSURANCE COMPANY OF AMERICA,

                   Plaintiff,

- against -

ZYGO CORPORATION,

                   Defendant.
-----------------------------------------------------------------X
ROYAL INSURANCE COMPANY OF AMERICA,

                 Third-Party Plaintiff,

- against -

NAN YA TECHNOLOGY CORPORATION,

                 Third-Party Defendant.
-----------------------------------------------------------------X

Case No.
CIV 3:01 1317 (JBA)

## ROYAL INSURANCE COMPANY OF AMERICA'S REPLY TO ZYGO CORPORATION'S OPPOSITION TO ROYAL'S MOTION FOR SUMMARY JUDGMENT

NICOLETTI HORNIG CAMPISE SWEENEY & PAIGE
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801
(212) 220-3830

LAW OFFICES OF ROBERT K. MARZIK, P.C.
1512 Main Street
Stratford, Connecticut 06615

Of Counsel:
    John A.V. Nicoletti
    Geoffrey J. Ginos

*Attorneys for Plaintiff / Third-Party Plaintiff
Royal Insurance Company of America*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................1

ZYGO'S FACTUAL ERRORS...............................................................................................1

    1.    Zygo claims falsely that Royal never explained its denial of the subject claim and took sixteen months to respond to that claim............................1

    2.    Royal is *not* guilty of procedural bad faith merely because it did not contact Zygo directly when Zygo's brokers delayed and otherwise failed to cooperate ...............................................................................3

    3.    Zygo claims incorrectly that Royal is guilty of procedural bad faith because it did not do an "independent" investigation of the subject claim ...............................................................................................4

    4.    Zygo argues incorrectly that, if bad packing, for which it was responsible, caused these damages, this is irrelevant to the claimed unpaid vendor coverage ......................................................................................4

    5.    Zygo claims falsely that Royal punished Zygo for making a claim and placing its business with another insurer...............................................5

    6.    Zygo claims incorrectly that Royal is guilty of procedural bad faith because it raised the defense of Zygo's impairment of Royal's subrogation rights.............................................................................5

ZYGO'S LEGAL ERRORS ....................................................................................................6

CONCLUSION.......................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

Bergen v. The Standard Fire Ins. Co.,
  No. CV 93044099S, 1997 WL 809957 (Conn. Super. Dec. 31, 1997)................................ 9

Buckman v. People Express, Inc.,
  205 Conn. 166, 530 A.2d 596 (1987) ......................................................................... 6, 7

Chapman v. Norfolk & Dedham Mut. Fire Ins. Co.,
  30 Conn. App. 306, 665 A.2d 112 (Conn. App. 1995).................................................... 6

Ginaetti v. Greater Bridgeport Individual Practice Ass'n.,
  No. CV020396581, 2004 WL 1326453 (Conn. Super. May 28, 2004)........................... 7

Grand Sheet Metal Prod. Co. v. Protection Mut. Ins. Co.,
  34 Conn. Supp. 46, 375 A.2d 428 (Conn. Super. 1977) ................................................. 7

In re Carrozzella & Richardson,
  255 B.R. 267 (Bankr. D. Conn. 2000) ............................................................................. 7

McCauley Enter., Inc. v. New Hampshire Ins. Co.,
  716 F. Supp. 718 (D. Conn. 1989).................................................................................... 9

O'Brien v. Alexander,
  101 F.3d 1479 (2d Cir. 1996)............................................................................................ 6

R.E.O., Inc. v. The Travelers Cos.,
  NO. CV 950372522S, 1998 WL 285836 (Conn. Super. May 20, 1998)......................... 9

Threadgill v. Armstrong World Industries, Inc.,
  928 F.2d 1366 (3d Cir. 1991)............................................................................................ 7

Uberti v. Lincoln Nat'l Life Ins. Co.,
  144 F. Supp. 2d 90 (D. Conn. 2001)........................................................................ 4, 7, 8

United Tech. Corp. v. American Home Assurance Co.,
  118 F. Supp. 2d 181 (D. Conn. 2000)................................................................... 4, 6, 7, 8, 9

Wilson v. Union Sec. Life Ins. Co.,
  250 F. Supp. 2d 1260 (D. Idaho 2003) ............................................................................ 7

**Statutes**

Conn. Gen. Stat. § 38a-816(6) ................................................................................................7

## PRELIMINARY STATEMENT

Plaintiff/Third-Party Plaintiff Royal Insurance Company of America ("Royal") hereby respectfully submits its reply to Defendant Zygo Corporation's ("Zygo") Opposition to Royal's Motion for Summary Judgment (Royal's "Motion").

## ZYGO'S FACTUAL ERRORS

### 1. Zygo claims falsely that Royal never explained its denial of the subject claim and took sixteen months to respond to that claim.

Zygo's statement that Royal is guilty of procedural bad faith because it allegedly denied its claim "without providing any explanation whatsoever for the denial" (Zygo's Opp. at p.1) and took sixteen months to do so is patently false. Zygo's first communications alerting Royal (in March and May 2000) of a possible claim (but not yet asserting one) *made no mention of Cl. 52 nor indicated in any other way that Zygo was even contemplating making an unpaid vendor claim.* Ex. D[1] (cover fax - "this might evolve into a claim"); Ex. H, para. 3 (". . . it is clear that whatever damage has occurred is fixable . . . according to Zygo"); Id., para. 4 ("Nan Ya's insurance carrier will be engaged [to pay for the repairs]."). Since Zygo never declared the shipment or paid a premium in order to trigger unpaid vendor coverage, Royal assumed Zygo might raise a claim under Policy Cl. 54, something confirmed by its communications with Zygo's broker, who "was fishing around under the FOB/FAS wording [Cl. 54] seeing what was available." Ex. J. But, since Cl. 54 terminated coverage on loading for overseas shipment, and Nan Ya's insurers were to defray repair costs, Royal felt Zygo had no insurable interest or claim.

---

[1] Citations to "Reply Ex. __" refer to the exhibits annexed to the Reply Affidavit filed contemporaneously with this Reply Memorandum. Rather than burden the Court with additional papers, wherever possible, Royal refers it to exhibits already before it in connection with Zygo's Motion for Partial Summary Judgment. Citations to "Ex.__" refer to, and incorporate by reference, exhibits annexed to the Affidavit of Geoffrey J. Ginos in support of Royal's Motion for Summary Judgment; citations to "Royal's Opp. Ex. __" refer to, and incorporate by reference, exhibits annexed to the Affidavit of Geoffrey J. Ginos in Opposition to Zygo Corporation's Motion for Partial Summary Judgment, dated July 29, 2004.

See, e.g., Exs. J, L, & M.

***Zygo never raised unpaid vendor coverage as a potential basis for this claim until March 23, 2001, more than a year after its late notice of the subject damages.*** Ex. K. Royal responded to this by stating that, "assuming" Zygo was claiming under Cl. 52, Zygo had not established that it had declared the shipments or paid contingency premiums, and had not demonstrated its attempts to collect the purchase price from Nan Ya, and it asked Zygo yet again for an opportunity to inspect the AFMs. Reply Ex. A. Royal's demands for proof of compliance with Cl. 52's requirements were repeated in three separate letters in May 2001 (Reply Ex. A, letters of 5/2/01, 5/7/01, 5/15/01). Royal also directed Zygo's attention to the Policy's notice and subrogation provisions (Cls 32 and 43), requesting all documents and information "which demonstrate[s] Zygo's efforts to protect rights of recovery against all responsible parties . . . ." Reply Ex. A, Letter of 5/7/01 at p.1. As Zygo did not comply, Royal declined coverage on July 16, 2001[2], less than four months after learning of a potential unpaid vendor claim. Those letters and the declination's clear statement ". . . no declaration with the value of this shipment was submitted to Royal . . . for coverage under the terms of the contingency clause" and quoting of Policy requirements under Cls. 43 and 54 that Zygo had failed to meet, ***as already discussed with Zygo's brokers,*** contradict Zygo's suggestion that its unpaid vendor claim was rejected "without providing any explanation whatsoever for the denial" sixteen months after first being raised.

---

[2] Ex. R (Answer) at Exhibit "B" thereto. Typographical errors, for which we apologize to the Court, gave that letter's year as being July 16, 2000 rather than 2001, but the correct date was obvious on the letter's face and was correctly cited in para. 42 of Royal's 56(a)(1) Statement. That error was inadvertent, and not, as Zygo suggests, an improper attempt to mislead the Court. Zygo's Opp. pg. 11. Reply Affidavit of Geoffrey J. Ginos in Further Support of Royal Insurance Company of America's Motion for Summary Judgment ("Reply Affidavit").

2

### 2. Royal is *not* guilty of procedural bad faith merely because it did not contact Zygo directly when Zygo's brokers delayed and otherwise failed to cooperate.

Zygo cannot shirk its obligations to notify Royal promptly, safeguard the AFMs and permit Royal to survey that evidence by delegating these obligations to its insurance brokers and then blaming Royal for attempting to work with those brokers. And, *it was Zygo*, not its brokers, who ignored Kevin Walch's suggestion that Royal attend the joint survey. Ex. C at pgs. 132-40; Ex. O ("I feel that Our insurance and/or IBM's may need to inspect the situation before any more data is lost."). After that missed opportunity, it was Zygo's obligation under the Policy to preserve that evidence and arrange another joint survey, with Royal in attendance, but it failed to do so. Ex. Q, Exhibit ("1" thereto (Policy) at Cl. 43; Ex. C at pgs. 149-50, 217-18, 295-96; see generally Facts ¶¶ 35-37, Reply Ex. A, Letter of 5/15/01 at pgs.3-7.

Zygo's attempt to disassociate itself from its brokers and obligations, see, Zygo's Opp. at pg. 4, is impermissible, as it vested them with real and apparent authority to negotiate the Policy, Ex. Q ¶11 (Compl.); Ex. R ¶ 11 (Answer), and handle these claims for it, Ex. Q, Exhibit "1" thereto (Policy) at Clause 58, Royal's Opp. Ex. E at 77 (Martin Dep.), which they did. See Exs. D, H, & K.

Zygo's own recitation of the facts shows Royal repeatedly contacting the Taiwanese surveyor in order to find out whether a survey had been carried out, only to be told that Zygo's agent insisted that no survey was needed since Nan Ya and Zygo had resolved their disputes. Royal's Opp. Exs. N & O. The record demonstrates Royal's good faith efforts to investigate these claims, while Zygo failed to cooperate in that investigation and meet its Policy obligations. Zygo is guilty of procedural bad faith here, not Royal.

3

   3. **Zygo claims incorrectly that Royal is guilty of procedural bad faith because it did not do an "independent" investigation of the subject claim.**

Zygo essentially argues that when it and its brokers delayed or failed to give information and failed to safeguard and give access to evidence in response to Royal's investigation and repeated requests, Royal was guilty of procedural bad faith for not "independently" investigating the loss. There is no legal precedent that Zygo cites in support of such a patently absurd claim. Your Honor's decisions in United Technologies Corp. v. American Home Assurance Co., 118 F. Supp. 2d 181, 186 (D. Conn. 2000) and Uberti v. Lincoln Nat'l Life Ins. Co., 144 F. Supp. 2d 90 (D. Conn. 2001) (see discussion, pgs. 6-10, *infra*) do not support that argument, which mocks Zygo's Policy obligations as well as claims practices in the marine insurance industry that have been universally followed for centuries.

   4. **Zygo argues incorrectly that, if bad packing, for which it was responsible, caused these damages, this is irrelevant to the claimed unpaid vendor coverage.**

Zygo's assertion that Royal has not shown why bad packing for which Zygo was responsible should result in denial of its claim (Zygo's Opp. at pg. 14) ignores the fact that unpaid vendor coverage, even if in place (it was not), necessarily only protects a vendor entitled to be paid under its sales contract. To suggest otherwise, as Zygo does, is absurd, since it would mean that Zygo could collect the second damaged AFM's purchase price from Royal as an "unpaid vendor" even if Zygo had never delivered anything at all to Nan Ya. That this is not so is (1) apparent as a matter of common sense; (2) made explicit on the face of Nan Ya's pleadings denying any contractual obligation to pay for AFM damage caused by bad packing, Ex. S ¶¶ 30, 31, 37 & 38 (Third-Party Compl.), Ex. T ¶¶ 18, 22 & Twenty-Second Affirmative Defense (Third-Party Answer); and (3) evident in the Zygo-Nan Ya purchase order's exculpation of Nan Ya for Zygo's bad packing damages. Reply Ex. C (Order Confirmation) at p. 2, clauses 5

(guarantee) & 7 (Packing).

Zygo's claim that bad packing is irrelevant is also contradicted by its own heated denials that this caused the AFM damage. Zygo would have this Court believe that if Nan Ya is found to be *entitled* to reject and refuse to pay for the second damaged AFM, because Zygo and Royal have no rebuttal expert evidence, and they hence end up with no legal recourse against it, Royal would be nonetheless obligated to pay for the loss under the unpaid vendor clause. Such an outcome, caused by Zygo's own negligent packing and Policy breaches, would impair Royal's subrogation rights so completely as to warrant denial of Zygo's claim. Zygo also ignores the fact that approved export packing is a coverage precondition under the Policy. Ex. Q (Policy) at Cl. 3. Whatever definition of adequate packing is ultimately accepted by the Court, it is indisputable that some reasonable constraints in these regards must be applied to Zygo. The point here is not whether Zygo's or Nan Ya's evidence on the sufficiency of packaging is stronger, but, rather, that by blocking Royal from conducting any survey of the damaged AFMs, Zygo denied Royal that critical evidence, impairing its subrogation rights.

### 5. Zygo claims falsely that Royal punished Zygo for making a claim and placing its business with another insurer.

Zygo offers no evidence whatsoever in support of this baseless claim and ignores undisputed testimony that, consistent with normal insurance practice, the higher premiums being charged simply reflected Zygo's claim/loss record, Royal's Opp. Ex. KK at pgs. 148-51 (Ilias Dep.), and that Royal did not wish to offer an unpaid vendor option in any extension of the Policy because Zygo's claim had been advanced in bad faith. Id. at 151-54.

### 6. Zygo claims incorrectly that Royal is guilty of procedural bad faith because it raised the defense of Zygo's impairment of Royal's subrogation rights.

Royal was told by its surveyor that Zygo's representative had indicated no AFM survey

would be required (or permitted) as Nan Ya and Zygo had settled their disputes. Royal's Opp. Ex. O; see also Royal's Opp. Ex. N. Royal had never authorized any such settlement. See Reply Ex. A, Letter of 5/7/01 at pg. 2 (requesting information pertaining to any release by Zygo as it related to Zygo's obligations under Clauses 32 and 43). Under applicable notice pleading standards, Royal was entitled to rely on that information in raising the defense of impairment of its subrogation rights and to subsequently seek discovery in support of that defense. FED. R. CIV. P. 11(b); O'Brien v. Alexander, 101 F.3d 1479, 1489 (2d Cir. 1996) ("[T]he standard certification for factual allegations under Rule 11(b)(3) is that there is (or likely will be) evidentiary support for the allegation . . . ." (internal quotation marks and citation omitted)).

## ZYGO'S LEGAL ERRORS

Zygo claims incorrectly that Royal "misrepresents the applicable . . . law." Zygo's Opp. at pg. 3. It falsely asserts that Royal "grossly misstates" and does not "accurately reflect" Connecticut law on claims against insurers for bad faith. Id. at 2 & 18 n. 7. Nothing could be further from the truth. As the Court has observed, an analysis of a bad faith claim begins with "the Connecticut Supreme Court's first word on the topic in Buckman v. People Express, Inc., 205 Conn. 166, 530 A.2d 596 (1987)." United Tech. Corp. v. American Home Assurance Co., 118 F. Supp. 2d 181, 186 (D. Conn. 2000). That is exactly where Royal began its analysis of the standards applicable to Zygo's bad faith claims. See Royal's Memo of Law at pgs. 15-16. The standard is clear. Whether it is a claim for "procedural" or "substantive" bad faith, "'[t]o prove a claim for bad faith under Connecticut law, the [plaintiff is] required to prove that the defendants engaged in conduct design[ed] to mislead or deceive . . . or a neglect or refusal to fulfill some duty or some contractual obligation not prompted by honest mistake as to one's rights or duties . . . .'" Chapman v. Norfolk & Dedham Mut. Fire Ins. Co., 30 Conn. App. 306, 320, 665 A.2d

6

112 (Conn. App. 1995) (quoting Buckman, 205 Conn. at 171); see also Ginaetti v. Greater Bridgeport Individual Practice Ass'n., No. CV020396581, 2004 WL 1326453, *1 (Conn. Super. May 28, 2004). Zygo does not even acknowledge, let alone meet, the standard it must satisfy for a bad faith claim.

Zygo does not mention Buckman — the seminal case in Connecticut — at all. Nor does it refer to any of the other leading cases in Connecticut, such as Grand Sheet Metal Prod. Co. v. Protection Mut. Ins. Co., 34 Conn. Supp. 46, 375 A.2d 428 (Conn. Super. 1977). Instead, Zygo's entire legal argument is founded upon Uberti v. Lincoln Nat'l Life Ins. Co., 144 F. Supp. 2d 90 (D. Conn. 2001), and United Technologies. See Zygo's Opp. at 18-23. The wholesale reliance on these two cases is misguided,[3] since the two cases are not the "controlling" decisions that Zygo describes them to be. Zygo's Opp. at pgs. 2 & 18 n. 7. "A prior decision of the district court is controlling only as to the particular case in which it was entered." Wilson v. Union Sec. Life Ins. Co., 250 F. Supp. 2d 1260, 1262 n.3 (D. Idaho 2003); see also Threadgill v. Armstrong World Industries, Inc., 928 F.2d 1366, 1371 (3d Cir. 1991); In re Carrozzella & Richardson, 255 B.R. 267, 272 (Bankr. D. Conn. 2000). Uberti and United Technologies are, therefore, not controlling here and Royal did not "fail[] to cite" thereto. Zygo's Opp. at pgs. 2 & 18 n. 7.

Further, the two cases are distinguishable from the matter presently before the Court. Zygo's Opp. at pg. 2. Zygo inaccurately asserts that "Connecticut law recognizes . . . a claim for 'procedural bad faith' arising out of an insurer's deliberate failure to act reasonably towards the insured in processing the insured's claim for coverage." Zygo Opp. pg. 18. As the Court noted in United Technologies, the Connecticut Supreme Court "has not squarely addressed the issue."

---

[3] Zygo's extensive reliance on Conn. Gen. Stat. § 38a-816(6), which is part of Connecticut's Unfair Insurance Practices Act ("CUIPA"), is likewise misplaced. See Zygo's Opp. at 19-21. As explained in Royal's main memorandum of law, Zygo has not made a claim under CUIPA and the provisions of that act are inapplicable to the claims it has made. See Royal's Memo of Law at pgs. 15 n. 2.

7

118 F. Supp. 2d at 186. Instead, the Court is offering an opinion as to how the issue *might* be decided. See id. at 186.

Even if the standard anticipated by United Technologies were applied, the present matter is factually distinguishable from that case, since there, the insured presented evidence that the insurer "did nothing, . . . instituted no adjustment process, set minimal reserves, and . . . showed . . . an early intention to deny claims like [the insured's] which remained unchallenged." Id. at 184. The Court found that a "jury was thus justified in drawing from these facts the inference that the [insurer] 'parked' the . . . claims, while misleading or deceiving the . . . insured into believing that productive steps towards claims resolution were underway." Id. at 184-86. Zygo has not presented similar evidence of Royal's "purposeful undertaking of minimal activity." Id. at 185. Royal did in fact set a reserve (Reply Ex. B), was denied an opportunity to attend the joint survey of the damaged AFMs (Ex. C at pgs. 124-26, 132-40, 148-49, 194; Ex. O), after which, it repeatedly asked for (but was denied) an opportunity to have its cargo surveyors inspect the damaged AFMs. Royal's Memo of Law at pgs. 3-7. Zygo failed to give Royal any notice of the subject damages until March 7, 2000 (Ex. D) after the joint survey had been conducted, despite its own representative's suggestion before the survey that Royal be permitted to attend. Ex. O. Thereafter, Zygo delayed for months in responding to Royal's requests for information on this claim. Royal's Memo of Law at pgs. 3-7. Moreover, Zygo did not even identify its claim's basis until March 23, 2001 (over a year later), when it raised Clause 52 for the very first time. Ex. K.

Uberti is similarly distinguishable. There, the Court said that an insured can "expect that insurers will reasonably and adequately investigate claims before denying coverage" and that an insurer may be liable for "its arbitrary failure or refusal to properly perform the claims

8

examination function." Uberti, 144 F. Supp. 2d at 104. As a result, the Court found that the defendant insurer in that case had denied coverage to its insured in bad faith because it had done so arbitrarily with "no 'investigation'" of the claim. See id. Zygo has made no such showings.

Zygo unjustifiably attacks Royal's reliance on Bergen v. The Standard Fire Ins. Co., No. CV 93044099S, 1997 WL 809957 (Conn. Super. Dec. 31, 1997). See Zygo's Opp. at pg. 18 n. 7. Royal does not rely "exclusively" on Bergen, but cites to eleven other cases (including six published opinions) to support its position that Zygo has failed to establish its bad faith claims as a matter of law. See Royal's Memo of Law at pg. 15-19. With the exception of McCauley Enter., Inc. v. New Hampshire Ins. Co., 716 F. Supp. 718 (D. Conn. 1989), Zygo does not take issue with (and, in fact, ignores) this caselaw. And, United Technologies disagreed with only one of Bergen's conclusions. See United Technologies, 118 F. Supp. 2d at 188. The Court did not disagree with the finding that an insurer has a "right to fairly dispute a claim made under the policy," nor did it contradict Bergen's holding that an insured cannot succeed on a bad faith claim unless it shows that there was "no reasonable basis [for the insurer] to have denied the claim and that the insurer knew this to be the case . . . ." Bergen, 1997 WL 809957 at *15, *16; see also R.E.O., Inc. v. The Travelers Cos., NO. CV 950372522S, 1998 WL 285836, *13 (Conn. Super. May 20, 1998) (it is "incumbent upon the insureds to show the absence of a reasonable basis for denying or delaying payment of the benefits of the policy").

Zygo mistakenly asserts that the Court has found McCauley Enterprises to be an "inaccurate representation of Connecticut law," Zygo's Opp. at pg. 2, when in fact United Technologies disagreed with only the defendant's reading of that case therein. See 118 F. Supp. 2d at 187.

9

## CONCLUSION

For all of the foregoing reasons and the reasons given in Royal's Motion for Summary Judgment, Royal respectfully submits that said motion should be granted.

Dated:   New York, New York
         August 12, 2004

                              Respectfully submitted,

                              NICOLETTI HORNIG CAMPISE SWEENEY & PAIGE
                              Attorneys for Plaintiff/Third Party Plaintiff
                              Royal Insurance Company of America

         By:  *Geoffrey J. Ginos*
              GEOFFREY J. GINOS, ESQ. (CT 19578)
              Wall Street Plaza
              88 Pine Street, 7th Floor
              New York, New York 10005-1801
              Tel: (212) 220-3830
              Fax: (212) 220-3780
              Gginos@NicolettiHornig.com
              (FILE NO.: 21000055 JAVN/GJG)

              LAW OFFICES OF ROBERT K. MARZIK, P.C.
              1512 Main Street
              Stratford, Connecticut 06615

TO:

Ian E. Bjorkman, Esq.                    Charlsa D. Broadus, Esq.
Wiggin & Dana                            Day, Berry & Howard LLP
One Century Tower                        City Place I
New Haven, Connecticut 06508             Hartford, Connecticut 06103-3499

Tait Graves, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, California 94304-1050

\\NHS-SRV1\users\Shared\SClausen\21\55 - Royal v. Zygo\ROYAL'S REPLY TO ZYGO'S OPPOSITION.final.doc

10

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing filing, "Memorandum of Law in Reply to Zygo's Opposition to Royal's Motion for Summary Judgment," was sent *via* federal express this 12th day of August, 2004 to:

>Honorable Janet Bond Arterton
>United States District Judge
>United States District Court
>for the District of Connecticut
>14 Cottage Place
>Waterbury, Connecticut 06702
>
>Ian E. Bjorkman, Esq.
>Wiggin & Dana
>One Century Tower
>New Haven, Connecticut 06508
>
>Charlsa D. Broadus, Esq.
>Day, Berry & Howard LLP
>City Place I
>Hartford, Connecticut 06103-3499
>
>Tait Graves, Esq.
>Wilson Sonsini Goodrich & Rosati
>650 Page Mill Road
>Palo Alto, California 94304-1050
>
>Robert K. Marzik, Esq.
>Law Office of Robert K. Marzik, P.C.
>1512 Main Street
>Stratford, Connecticut 06615

_____
GEOFFREY J. GINOS (CT 19578)