UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROYAL INSURANCE COMPANY OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>ZYGO CORPORATION,<br><br>      Defendant.<br>-----------------------------------------------------------<br>ROYAL INSURANCE COMPANY OF AMERICA,<br><br>      Third-Party Plaintiff,<br><br>  v.<br><br>NAN YA TECHNOLOGY CORPORATION,<br><br>      Third-Party Defendant. | CASE NO.: Civil 3:01cv1317 (JBA)<br><br><br><br><br><br>**JURY TRIAL DEMANDED**<br><br><br><br>DECEMBER 29, 2004 |

**THIRD-PARTY DEFENDANT NAN YA TECHNOLOGY CORPORATION'S MOTION FOR RECONSIDERATION OF DENIAL OF NAN YA'S MOTION FOR SUMMARY JUDGMENT AND, ALTERNATIVELY, FOR BIFURCATION OF <u>CONTINGENT CLAIMS FOR WHICH NAN YA HAS ASSERTED A JURY DEMAND</u>**

Pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure and Local Rule 7(c), Third-Party Defendant Nan Ya respectfully moves this Court to reconsider the Order of December 14, 2004 ("Order")[1] insofar as it denies Nan Ya's motion for summary judgment. Nan Ya submits that, based on a one-sided and misleading presentation by Royal, the Court issued the Order in error, as follows:

---

[1] A copy of the Order is attached as Exhibit 1.

**ORAL ARGUMENT REQUESTED**

(a)   by allowing Royal to proceed without notifying Nan Ya or complying with Rule 7(b), the Court denied Nan Ya the fundamental due process rights of notice and a meaningful opportunity to respond and denied itself the benefit of having a complete picture of the facts before ruling;

(b)   when re-examining Nan Ya's uncontested motion for summary judgment, the Court failed to accept as admitted Nan Ya's statement of uncontested facts, as required under Local Rule 56(a)(1) (formerly L.R. 9(c)) ("All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be served by the opposing party in accordance with Rule 9(c)2.) (underscoring added).

(c)   instead of reviewing Nan Ya's motion for summary judgment based on the record presented and established at the time, the Court denied Nan Ya's motion based on later-produced evidence from Royal, which had forfeited any right to present evidence by failing to oppose Nan Ya's motion, and from Zygo, which lacked standing to oppose Nan Ya's motion; and

(d)    in attempting to solve the procedural problem in Judge Goettel's endorsement ruling, the Court created even greater procedural and fairness problems for Nan Ya by injecting it into a case on the eve of trial and without the benefit of having participated in discovery that continued for a period of almost two years after Nan Ya's departure from this case.

Alternatively, Nan Ya respectfully requests that the Court bifurcate Royal's claims against Nan Ya, which are contingent and subject to a jury trial, from the trial of the claims

between Royal and Zygo, which are not subject to a jury trial and which may obviate the need for any trial with regard to Nan Ya.

Nan Ya is submitting a Memorandum of Law, along with exhibits and an affidavit from counsel, in support of this Motion. For the foregoing reasons and those in the accompanying memorandum, Nan Ya respectfully requests that, upon reconsideration, this Court grant Nan Ya's motion for summary judgment or bifurcate Royal's contingent claims against Nan Ya from the court trial between Royal and Zygo.

Respectfully submitted,

NAN YA TECHNOLOGY CORPORATION

By: _____
Daniel L. FitzMaurice (ct#05331)
Charlsa D. Broadus (ct#22153)
DAY, BERRY & HOWARD LLP
CityPlace I, 185 Asylum Street
Hartford, CT 06103-3499
(860) 275-0100 (phone)
(860) 275-0343 (fax)
dlfitzmaurice@dbh.com
cdbroadus@dbh.com

Tait Graves, Esq. (*pro hac vice* 23302)
WILSON SONSINI GOODRICH
& ROSATI
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300 (phone)
(650)565-5100 (fax)
tgraves@wsgr.com

Its Attorneys

## CERTIFICATION

**THIS IS TO CERTIFY** that a true and correct copy of the foregoing document has been served by U.S. Mail, postage prepaid, this 29th day of December, 2004, to the following counsel of record:

Robert K Marzik, Esq.
LAW OFFICES OF ROBERT K. MARZIK, P.C.
1512 Main Street
Stratford, Connecticut 06615

Geoffrey J. Ginos, Esq.
NICOLETTI HORNIG CAMPISE & SWEENEY
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801

Ian E. Bjorkman, Esq.
WIGGIN & DANA
Attorneys for Zygo Corporation
One Century Tower
P.O. Box 1832
New Haven, CT  06508-1832

**THIS IS TO CERTIFY** that true and correct courtesy copies of the foregoing document has been forwarded by hand delivery, this 29th day of December, 2004 to:

The Honorable Janet Bond Arterton
United States District Court
141 Church Street
New Haven, Connecticut  06510

The Honorable Joan G. Margolis
United States District Court
141 Church Street
New Haven, Connecticut  06510

                                              Charlsa D. Broadus