UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROYAL INSURANCE COMPANY OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ZYGO CORPORATION, ) <br> ) <br> Defendant. ) <br> -------------------------------------------------------- ) <br> ROYAL INSURANCE COMPANY OF AMERICA, ) <br> ) <br> Third-Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NAN YA TECHNOLOGY CORPORATION, ) <br> ) <br> Third-Party Defendant. ) <br> ) | CASE NO.: Civil 3:01cv1317 (JBA) <br><br><br> **JURY TRIAL DEMANDED** <br><br><br> DECEMBER 30, 2004 |

**THIRD-PARTY DEFENDANT NAN YA TECHNOLOGY CORPORATION'S
MOTION TO MODIFY SCHEDULING ORDER**

Third-party Defendant, Nan Ya Technology Corporation ("Nan Ya"), respectfully requests a modification of the Court's December, 2004 Scheduling Order that would allow Nan Ya to take discovery and to prepare for jury trial.

By Order dated December 14, 2004, which Nan Ya's counsel received on December 21, 2004, this Court vacated Judge Goettel's September 12, 2002 endorsement Order granting Nan Ya's summary judgment motion.

Nan Ya had been dismissed from this action for over two years and, understandably, did not participate in subsequent litigation involving Royal and Zygo's dispute. During that time, however, Royal and Zygo engaged in extensive discovery that apparently closed on June 11,

2004, pursuant to Judge Goettel's final Order granting an extension of time to complete discovery. *See* (5/6/04 Scheduling Order) (Exhibit 1). Nan Ya, however, as a non-party, did not even receive, much less have an opportunity to review, copies of all discovery and deposition transcripts exchanged and developed in the matter between Zygo and Royal.

On December 29, 2004, Nan Ya filed a Motion For Reconsideration Of Denial Of Nan Ya's Motion For Summary Judgment And, Alternatively, For Bifurcation Of Contingent Claims For Which Nan Ya Has Asserted A Jury Demand.

Unless this Court were to grant Nan Ya's Motion to Reconsider, Nan Ya will need to take discovery. In the absence of such discovery and without knowledge of the discovery that has ensued over the past two years between Zygo and Royal, Nan Ya would be unfairly deprived of a meaningful opportunity to develop its defenses, to prepare its pretrial submissions, and to marshal its defenses for jury trial. Moreover, although Nan Ya does not yet know which witnesses it would need for trial, there are witnesses in this case who reside outside the country, thus potentially implicating the letters rogatory process, which is by no means quick. In addition, Nan Ya does not yet know whether expert testimony will be required.

In the meantime, however, pending resolution of the numerous issues raised in Nan Ya's Motion, the existing December, 2004 Scheduling Order in effect in this case requires Nan Ya to submit a Joint Trial Memorandum on January 17, 2005 (barely more than three weeks after learning that it is once again a party in this action), which must include the following detailed pretrial submissions: (1) detailed proposed findings of fact and conclusions of law; (2) objections to the proposed conclusions of law of both Royal and Zygo, for which Nan Ya would require an opportunity to research and cite appropriate legal authority for each such objection; (3) proposed voir dire questions; (4) requests to charge/jury instructions and a proposed verdict form on disk

(here where only Nan Ya has made a jury demand); (5) objections to proposed jury instructions of both Zygo and Royal citing legal authority for each such objection; (6) a list of supporting trial exhibits; (7) a witness list; (8) objections to Royal's exhibit lists; (9) objections to Zygo's exhibit list; (10) a witness list; (11) motions in limine; and (12) objections to opposing parties' motions in limine.  (A copy of the December, 2004 Scheduling Order is attached as Exhibit 2.)

Nan Ya can not possibly comply with the Court's January 17, 2004 deadline for the foregoing pretrial submissions or with a jury trial date to follow closely thereafter.

In the interest of fundamental fairness, Nan Ya respectfully requests the following modifications to the current Scheduling Order to allow Nan Ya a meaningful opportunity to prepare for jury trial:

| **Item** | **Current Order** | **Proposed Order** |
| --- | --- | --- |
| Completion of Fact and Expert Discovery | June 11, 2004 | June 17, 2005 |
| Joint Trial Memorandum | January 17, 2005 | July 17, 2005 |
| Trial Readiness | | October 1, 2005 |

                NAN YA TECHNOLOGY CORPORATION


By: _____
    Daniel L. FitzMaurice (ct#05331)
    Charlsa D. Broadus (ct#22153)
    DAY, BERRY & HOWARD LLP
    CityPlace I, 185 Asylum Street
    Hartford, CT  06103-3499
    (860) 275-0100 (phone)
    (860) 275-0343 (fax)
    dlfitzmaurice@dbh.com
    cdbroadus@dbh.com


    Tait Graves, Esq. (*pro hac vice* 23302)
    WILSON SONSINI GOODRICH &
       ROSATI
    One Market, Spear Tower
    Suite 3300
    San Francisco, CA  94105-1126
    (415) 947-2000 (phone)
    (415) 947-2099 (fax)
    tgraves@wsgr.com

    Its Attorneys

## **CERTIFICATION**

      **THIS IS TO CERTIFY** that a true and correct copy of the foregoing document has been served by overnight mail, this 30th day of December, 2004, to the following counsel of record:

Robert K Marzik, Esq.
LAW OFFICES OF ROBERT K. MARZIK, P.C.
1512 Main Street
Stratford, Connecticut 06615

Geoffrey J. Ginos, Esq.
NICOLETTI HORNIG CAMPISE & SWEENEY
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801

Ian E. Bjorkman, Esq.
WIGGIN & DANA
Attorneys for Zygo Corporation
One Century Tower
P.O. Box 1832
New Haven, CT  06508-1832

      **THIS IS TO CERTIFY** that true and correct courtesy copies of the foregoing document has been forwarded by hand delivery, this 30th day of December, 2004 to:

The Honorable Janet Bond Arterton
United States District Court
141 Church Street
New Haven, Connecticut  06510

The Honorable Joan G. Margolis
United States District Court
141 Church Street
New Haven, Connecticut  06510

                                            Charlsa D. Broadus