# *Nicoletti Hornig Campise Sweeney & Paige*

WALL STREET PLAZA
88 PINE STREET
SEVENTH FLOOR
NEW YORK, NY 10005-1801
TELEPHONE 212-220-3830
TELECOPIER 212-220-3780
E-MAIL: general@nicolettihornig.com
WEBSITE: www.nicolettihornig.com

JOHN A.V. NICOLETTI
JAMES F. SWEENEY
DAVID R. HORNIG *
JAMES F. CAMPISE †◊
FRANK M. MARCIGLIANO
MICHAEL J. CARCICH
ROBERT A. NOVAK
THOMAS M. RITTWEGER †
ROBERT M. SULLIVAN
BARBARA A. SHEEHAN
TERRY L. STOLTZ
GEOFFREY J. GINOS
NOOSHIN NAMAZI †
DAVID Y. LOH °

JULIA M. MOORE †
SAMUEL C. COLUZZI †
MICHAEL R. MANAREL †
LAWRENCE C. GLYNN †
MICHAEL A. CASTELLI °Δ†
VAL WAMSER †
KERI ANNE CADEN
EDWARD L. DOHERTY
KEVIN J. O'MALLEY
FREDERICK M. KLEIN †
GUERRIC RUSSELL †
WILLIAM M. FENNELL
SARA B. ATTAS
SCOTT D. CLAUSEN †

DAVID H. PAIGE
MICHAEL MARKS COHEN
OF COUNSEL

NEW JERSEY OFFICE:

401 CONTINENTAL PLAZA
HACKENSACK, NEW JERSEY 07601
TELEPHONE 201-343-0970
TELECOPIER 201-343-5882

* ALSO ADMITTED IN TEXAS
† ALSO ADMITTED IN NEW JERSEY
° ALSO ADMITTED IN MASSACHUSETTS
Δ ALSO ADMITTED IN PENNSYLVANIA
◊ ALSO ADMITTED IN FLORIDA

January 6, 2005

**VIA OVERNIGHT MAIL**

Charlsa D. Broadus, Esq.
Day, Berry & Howard LLP
City Place I
Hartford, Connecticut 06103-3499

RE:     Vouching-In of Nan Ya Technology Corporation
         Royal Insurance Company vs. Zygo Corporation vs.
            Nan Ya Technology Corporation
         District of Connecticut Civil No.: 3:01 CIV 1317 (JBA)
         Our File:  21000055 (JAVN/GJG)

Dear Ms. Broadus:

        As you know, we represent Royal Insurance Company ("Royal") in the
above-captioned actions.  Trial of the disputes between Royal and Zygo Corporation
("Zygo") arising out of Zygo's sale of an Atomic Force Microscope ("AFM") to Nan Ya
Technology Corporation ("Nan Ya") has just been scheduled by Judge Arterton to run
from February 1 through 4, 2005, with any remaining trial business being finished
between February 22 and 24, 2005 (the "First Trial").

Charlsa D. Broadus
January 6, 2005
Page 2

Judge Arterton has ruled that the disputes between Royal and Nan Ya are to be tried separately, if that should later become necessary as a result of a judgment being issued against Royal in the First Trial. We respectfully took exception with the Court's effective severance of Nan Ya from the First Trial, as well as with its refusal to permit any depositions of Nan Ya despite its vacating of Judge Goettel's ruling granting summary judgment to Nan Ya, but, the Court was obviously not convinced by our arguments and was apparently unwilling to simply impose a jury trial on all parties or use an advisory jury (both options are within her discretion) in order to satisfy Nan Ya's jury demand.

As a practical matter, these rulings have frustrated completely Royal's attempts to have the disputes between the parties tried in a single action in which Nan Ya, as Zygo's vendor, would participate and offer its evidence with respect to the matters at hand so that a full and fair adjudication could be made by the Court. As achievement of that goal by impleader and third-party practice has been thwarted in this manner, Royal must turn to the time-hallowed and still valid doctrine of vouching in.

Nan Ya contended in its Answer to Royal's Third-Party Complaint and continues to contend that it has no liability in respect of the subject AFM's purchase price, either to its vendor, Zygo or to Zygo's subrogated insurer, Royal, because:

1.    Zygo released Nan Ya in respect of any such obligation; and

2.    The damages suffered by the second damaged AFM were caused by improper or insufficient packaging for which Zygo is responsible.

Royal is asserting these same defenses in the action that is scheduled to begin trial before Judge Arterton on February 1, and said defenses will be adjudicated at that trial. By virtue of its involvement in these matters, Nan Ya is uniquely capable of offering testimony and documentary evidence in support of these defenses and is in a far better position than Royal to sustain them and rebut and disprove Zygo's opposition thereto.

Therefore, on behalf of Royal, we call upon your client Nan Ya to take over said defenses at trial. Enclosed is a formal Vouching In Notice.

Please be advised that, if Nan Ya does not appear and take over said defenses at the First Trial, and those defenses are not sustained at that trial, in any subsequent trial of Royal's subrogated claims against Nan Ya for breach of its sales contract with Zygo, Nan Ya will be bound by the findings of the Court in respect of said defenses in the First Trial. See, e.g., N.A.A.C.P. v. A.A. Arms, Inc., 2003 WL 21242939, at *20 (E.D.N.Y. 2003). See also, SCAC Transport (USA), Inc. v. S.S. DANAOS, 845 F.2d 1157 (2d Cir. 1988) as well as other cases demonstrating the continued viability of the vouching in doctrine in this Circuit.

Charlsa D. Broadus
January 6, 2005
Page 3


        Additionally, if Nan Ya refuses or neglects to honor this demand, it will be precluded from objecting to the outcome of the First Trial if that trial is obviated or is terminated by a settlement to which Nan Ya is not a party, and, Royal will claim over against Nan Ya for any and all sums which it may reasonably pay in settlement of the disputes between Royal and Zygo to the extent that such payment relates to the purchase price of the subject AFM (and any interest thereon) that Nan Ya has refused to pay to Zygo in breach of the subject sales contract between them.

        In view of the fact that trial begins on February 1, 2005, we ask that you confirm promptly that Nan Ya will appear and take over said defenses at trial.

                        Very truly yours,

                NICOLETTI HORNIG CAMPISE SWEENEY & PAIGE

            By:    *Geoffrey J. Ginos*
                        Geoffrey J. Ginos

**cc (*via* Federal Express):**

Honorable Janet Bond Arterton
United States District Court Judge
United States Courthouse
141 Church Street
New Haven, Connecticut 06510

Ian E. Bjorkman, Esq.
Wiggin & Dana
One Century Tower
New Haven, Connecticut 06508

Tait Graves, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, California 94304-1050

Robert K. Marzik, Esq.
Law Office of Robert K. Marzik, P.C.
1512 Main Street
Stratford, Connecticut 06615

E:\Shared\wfennell\Vouching In Letter to Broadus (Final).doc