end 175

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

Royal Insurance Company of America,
    Plaintiff,

v.

Zygo Corporation,
    Defendant.

Royal Insurance Company of America,
    Plaintiff,

v.

Nan Ya Technology Corporation,
    Third-Party Defendant.

2005 JAN 14  A 9:04

No. 3:01cv1317 (JBA)

U.S. DISTRICT COURT
NEW HAVEN, CT

### ENDORSEMENT ORDER [DOC. #175]

Third-Party defendant Nan Ya Technology Corporation's motion to strike Royal's vouching in notice is DENIED AS MOOT, because no such notice has been docketed in this case, and because Royal already has impleaded Nan Ya as a third-party defendant under Fed. R. Civ. P. 14(b). "Common-law vouching is a superfluous procedure where impleader is available." SCAC Transport (USA) Inc. v. S.S. Danaos, 845 F.2d 1157, 1162 (2d Cir. 1988). Nan Ya does not dispute that it is subject to this Court's personal jurisdiction in the interpleader action. Cf. 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4452 at 445-46 ("Vouching need be preserved only for cases in which lack of personal jurisdiction or other limitations make impleader unavailable.").

1

Nan Ya's motion for an order clarifying the Court's bifurcation ruling is DENIED, as it appears to be an improper request for advisory opinion. Having correctly stated the principles of collateral estoppel in its memorandum of law, Nan Ya fails to show why any further "clarification" is necessary.

IT IS SO ORDERED.

JANET BOND ARTERTON, U.S.D.J.

Dated at New Haven, Connecticut, January 13, 2005.

2