**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

ROYAL INSURANCE COMPANY OF AMERICA,
Plaintiff,

v.

ZYGO CORPORATION,
Defendant.

Civil No. 3:01 CV 1317 (JBA)

January 18, 2005

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ZYGO CORPORATION'S MOTION IN LIMINE CONCERNING ROYAL'S PURPORTED "PACKAGING" CLAIM**

## I. Introduction

The only issues in this trial are: (1) whether the Ocean Marine Cargo Policy ("Policy") Royal issued to Zygo provides coverage for the AFM shipment, and (2) whether Royal engaged in bad faith by failing to investigate the claim properly. The purported reason that the AFM was damaged in transit – whether inadequate packaging or some other reason – has no bearing on either of those issues.

This Court should not allow this attempt by Royal's counsel to insert the non-issue of "packaging" into the case. Permitting the packaging dispute to be tried would serve only to lengthen the trial, confuse the issues, and create a side show that cannot possibly aid this Court's determination of the dispositive issues.

## II. Argument

On July 13, 2001, Royal filed a Complaint seeking, in five separate causes of action, declarations that the Policy does not cover the AFM shipment at issue. Each

Count deals with a separate provision of the Policy, and asks for a determination that that provision fails to provide coverage. None of the counts – or any of the facts detailed in support of those Counts – makes any allegations about the cause of the damage to the AFM shipment, whether by insufficient packaging or some other reason. Further, none of the Policy provisions cited in the Complaint gives Royal the right to deny coverage based on the alleged cause of damage, whether packaging or otherwise. Moreover, Royal's July 16, 2001 letter declining coverage, Def Ex. 563 – which provided no analysis of the reasons for the declination – also says nothing about allegedly inadequate packaging.

The gist of the "packaging" claim appears to be that, somehow, Zygo did not permit Royal to survey the Damaged AFMs, and if such a survey demonstrated that the cause of the damage was inadequate packaging, Royal would not have to pay Zygo under the Contingency Clause. But, it is obvious from its pretrial submissions that Royal does not intend to, and cannot, prove that the packaging of the Second AFM was actually inadequate. Royal has no admissible evidence that would prove the packaging was inadequate. It has not identified any fact witness who will testify as to the adequacy of the packaging. It has no expert witness to testify that the packaging used was inadequate for its purposes. Indeed there will be no testimony about what type of packaging would be "adequate" to protect a sensitive 1000 pound machine that was dropped from a forklift. There are no admissible documents that prove the packaging was inadequate. So, while Royal's theory is difficult to discern, it appears that it is hoping that the fact that it did not bother to investigate the claim (including the packaging) can be used to its

advantage by trumping up this issue. The Court should preclude such testimony and argument for the reasons set forth below.

**A. The "Packaging" Claim Was Not Pleaded.**

The "packaging" claim was not pleaded by Royal in its Complaint or in its defenses to Zygo's counterclaims. Fed. R. Civ. P. 8(a) requires all complaints to include, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 embodies a simplified notice pleading standard, it still requires that the complaint, at a bare minimum, "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). As Judge Dorsey recently held, "notice requires that plaintiff provide sufficient factual allegations from which defendants may discern the nature of [the] claim against them." *Lee v. City of Hartford/Hartford Public Schools*, 289 F. Supp. 2d 25, 28-29 (D. Conn. 2003) (complaint must identify the source of the contractual obligations that provide a basis for an alleged breach of contract).

Here, Royal has failed to identify the contractual source of its claim that packaging is relevant to the issue of coverage. It has never pointed to any provision in the Policy that permits Royal to decline contingency coverage because a loss might have been caused by inadequate packaging by Zygo. Royal's Complaint does not contain a "short and plain statement" of its packaging claim. Permitting Royal to proceed down this newly-concocted path when there is no support for it in the Complaint, the case has been pending for three years and Royal has never moved to amend its Complaint, and the parties are now on the eve of trial would undeniably prejudice Zygo and reduce the federal notice pleading standards into an "anything goes" situation.

Moreover, the "packaging claim" was not in Royal's letter declining coverage. *See* Def. Ex. 563. This Court should not sanction Royal's attempts to pay "fast and loose" with the claims in this case, changing the nature and scope of the case with every whim. Zygo and its counsel are entitled to fair notice of Royal's claims, and should not be required to respond on a dime to each and every new and creative argument Royal concocts for its wholly-unsupported denial of coverage over three years ago.

### B. The Court Should Not Read the "Packaging" Claim into Royal's Third Count Because the Equipment Packaging Could Not Impair Royal's Subrogation Rights.

Now, Royal, at the eleventh hour, apparently intends to argue that the packaging is relevant to whether Zygo impaired Royal's subrogation rights in violation of Clause 43 of the Policy. *See* Royal's Proposed Conclusions of Law, ¶ 63. Royal thus assumes (without any discussion or argument) that Nan Ya's mere claim of inadequate packaging would be a successful defense to any subrogation claim Royal brought against it. Nothing could be further from the truth. The contract for sale between Zygo and Nan Ya was "F.O.B. U.S. Airport." Def. Ex. 503. "F.O.B. or Free on Board means that title to property passes from the seller to buyer at the designated FOB point." *Berisford Metals Corp. v. S/S Salvador*, 779 F.2d 841, 842 n.2 (2d Cir. 1985). Thus "title to the goods and the right to possession" passed at Nan Ya at the F.O.B. point, or at the U.S. Airport. *See Gyro Brass Mfg. Corp. v. United Auto. Aircraft and Agricultural Implement Workers of Am.*, 147 Conn. 76, 79, 157 A.2d 241, 243 (1959). Nan Ya specified that Zygo should use Lynden Air Freight, but did not detail the type or manner of packaging for the AFM. Nan Ya could have specified the packaging or had an agent at the U.S. Airport to review the packaging, but it did not. Further, after the First AFM had arrived damaged, Nan Ya

could have tried to modify the sales terms for the Second AFM from F.O.B. to some other arrangement that would have placed the risk of loss on Zygo. It did not. By choosing to make the shipment of the Second AFM F.O.B., Nan Ya clearly assumed the risk that the AFM would also be damaged in transit. The risk of loss clearly stayed with Nan Ya for the Second AFM. Royal cannot explain why it would not have a viable subrogation claim against Nan Ya for the Second AFM.

**C. The "Packaging" Claim is Irrelevant to Any Issue in This Case.**

Relevant evidence is that which has "any tendency to make the existence of any fact that is ***of consequence to the determination of the action*** more probable or less probable." Fed. R. Evid. 401 (emphasis added). "Implicit in that definition are two distinct requirements: (1) the evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action." *United States v. Diaz*, 878 F.2d 608, 614 (2d Cir. 1989). Accordingly, courts continually preclude evidence as irrelevant where the evidence does not have any connection to an issue of consequence to the case. *See, e.g., Dallas v. Goldberg*, 143 F. Supp. 2d 312, 317 (S.D.N.Y. 2001) (in suit alleging the absence of probable cause to arrest, "[e]vidence of which the arresting officer had no knowledge at the time the challenged arrest occurred is clearly irrelevant . . ."); *Santrayal v. Burrell*, 993 F. Supp. 173, 177 (S.D.N.Y. 1998) (where defendants proffered evidence of alleged omissions in plaintiffs' copyright registration that were insufficient as a mater of law to serve as the basis for defendants' affirmative defenses of unclean hands and fraud, Court precluded the evidence as irrelevant).

Similarly, here, even if the Court were to conclude that Zygo did not package the AFM adequately, that conclusion would not provide a basis for ruling in Royal's favor on the issue of coverage. Packaging is irrelevant to the issue of coverage, as evidenced by: (1) the absence of a single provision in the Policy permitting Royal to decline otherwise-covered shipments because of allegedly inadequate packaging, and (2) the testimony of Royal's own claims adjuster, Mr. Daneman, that Royal's failure to survey the equipment was not a reason for the declination of coverage in this case. *See* Witness Statement of Joseph Daneman.

To be sure, Clause 52 (under which Zygo seeks coverage) requires Royal to pay the claim first and ask questions later, seeking subrogation from Nan Ya or reimbursement from Zygo as may be required as the facts are developed. There is no contractual basis for Royal to refuse payment under Clause 52 because of Nan Ya's allegation that Zygo did not package the AFM adequately. As this Court recently stated:

> In other words, Royal was obligated under the contract to pay the coverage first and, if it ultimately determined that Nan Ya was justified in failing to pay its bill to Zygo, or that Zygo improperly settled the claim without Royal's permission, demand reimbursement from Zygo.
>
> Unpaid vendor coverage, as discussed above, is insurance for the event that the buyer, Nan Ya, failed to pay the insured, Zygo. It is not related to any specific damage to the microscope, and there is nothing in Clause 52 turning on the *reason* the buyer gave for refusing or failing to pay. Here, Nan Ya apparently claimed in February 2000 that it owed Zygo nothing because ... the damage to the second AFM was due to improper packaging. A prompt inspection would have been useful to Royal to dispute Nan Ya's assertions about the case of the damage as the basis for nonpayment. However, even if improper packaging was eventually demonstrated, such that Nan Ya did not in fact owe any money to Zygo, a jury could still ... find that under the insurance contract Royal's required course of action was to pay Zygo's contingency coverage claim first, and them demand reimbursement from Zygo if and when it was determined that Nan Ya did not owe anything for the second microscope because of the improper packaging.

*Royal Ins. Co. v. Zygo Corp.,* (Dec. 14, 2004 Order) (Arterton, J.) (emphasis in original).

In short, whether the allegedly inadequate packaging contributed to the damage to the AFM shipment is wholly irrelevant to the issues of coverage and bad faith before this Court.

## III. Conclusion

For the reasons set forth in this memorandum, this Court should grant Zygo's Motion in Limine Concerning Royal's Purported "Packaging" Claim.

DEFENDANT
ZYGO CORPORATION

By: ______________________

Ian E. Bjorkman (ct 11648)
Erika L. Amarante (ct 22393)
Wiggin and Dana LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
Tel. 203-498-4496
Fax: 203-782-2889
ibjorkman@wiggin.com
Its Attorneys

**CERTIFICATION**

This is to certify that on this 18th day of January 2005, a copy of the foregoing has been mailed, postage prepaid, to the following:

Robert K. Marzik, Esq.
Law Offices of Robert K. Marzik, P.C.
1512 Main Street
Stratford, CT 06615

John A.V. Nicoletti, Esq.
Geoffrey J. Ginos, Esq.
Nicoletti, Hornig, Campise, Sweeney & Paige
Wall Street Plaza
88 Pine Street, 7th Floor
New York, NY 10005-1801

Daniel L. FitzMaurice, Esq.
Charlsa D. Broadus, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103

C. Tait Graves, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050

Ian E. Bjorkman