UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| ROYAL INSURANCE COMPANY OF AMERICA,<br>     Plaintiff,<br><br>v.<br><br>ZYGO CORPORATION,<br>     Defendant. | Civil No. 3:01 CV 1317 (JBA)<br><br><br><br><br><br>January 18, 2005 |

JOINT TRIAL MEMORANDUM

1. **TRIAL COUNSEL**

   For the plaintiff, Royal Insurance Company of America:

   Geoffrey J. Ginos, Esq.
   Nicoletti, Hornig, Campise, Sweeney & Paige
   Wall Street Plaza
   88 Pine Street, 7th Floor
   New York, NY  10005-1801
   (212) 220-3830
   GGinos@nicolettihornig.com

   For the defendant, Zygo Corporation

   Ian E. Bjorkman (ct 11648)
   Erika L. Amarante (ct 22393)
   Wiggin and Dana LLP
   P.O. Box 1832
   New Haven, CT  06508-1832
   Tel. 203-498-4496
   ibjorkman@wiggin.com
   eamarante@wiggin.com

2. **JURISDICTION**

   Plaintiff has claimed federal jurisdiction under the Admiralty and Maritime jurisdiction of the United States District Court, pursuant to 28 U.S.C. § 1333 *et seq.* and

Fed. R. Civ. P. 9(h). This Court also has diversity jurisdiction over this matter, pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000.

3.  **JURY/NON-JURY**

    This is a non-jury case.

4.  **LENGTH OF TRIAL**

    The parties estimate that the trial of this matter will take 4-5 days.

5.  **FURTHER PROCEEDINGS**

    No further proceedings prior to trial are required.

6.  **A. ROYAL'S STATEMENT OF THE NATURE OF THE CASE**

    These proceedings arise from a declaratory judgment action commenced by Royal Insurance Company of America ("Royal") for a determination of its rights and obligations under a Marine Open Cargo Policy (policy no. POC102950), with an effective date of May 1, 1999 (the "Policy"), that was issued by Royal to Zygo Corporation ("Zygo") as the named insured.

    Royal seeks a determination that it is not obligated to provide coverage to Zygo. Royal's First Cause of Action alleges that Royal properly declined coverage because under the subject Zygo-Nan Ya sales transaction which was on an F.O.B. U.S. Airport basis, Zygo had no responsibility to insure the subject Atomic Force Microscope's ("AFM") transit from that F.O.B. load port to Taiwan. (Compl. ¶¶ 63-65).

    The Second Cause of Action asserted by Royal alleges that pursuant to Clause 55 of the Policy, Zygo's coverage ended at said F.O.B. load port, and, if the subject cargo was damaged, that said damage occurred after its delivery to that point. (Compl. ¶¶ 66-

69). Consequently, Zygo has not presented a claim that is recoverable under the terms and conditions of the Policy. (Id.).

Royal further asserts, as its Third Cause of Action, that Royal properly declined coverage because Zygo had no coverage under Clause 52, Contingency Clause, because it failed to declare the subject AFM's value or pay any premium thereon for such coverage, as explicitly set forth in the Clause, and had also failed to use all reasonable means to collect the full price due from Nan Ya for that AFM as required by that Clause. (Compl. ¶¶ 70-76).

Finally, Royal asserts in its Fourth Cause of Action that Zygo, in breach of Clause 43, "released and/or otherwise discharged" Nan Ya from any further responsibility from making payment for that AFM (see Compl. ¶ 77 (reallegation of Compl. ¶ 58)) and had otherwise "impaired and/or waived" (id. ¶ 80) Royal's rights of recovery against Nan Ya under the original Zygo/Nan Ya sales contract for that AFM (Compl. ¶¶ 77-81). Therefore, Zygo breached the terms and conditions of the insurance Policy and Royal properly declined coverage.

Royal alleged a Fifth Cause of Action, alleging that Clause 39 limited any coverage by Zygo under the Policy (which is denied by Royal) to the cost of replacing and/or repairing the damaged AFM. (Compl. ¶¶ 82-85). However, the Court has already ruled on Royal's Fifth Cause of Action.

Royal seeks a declaration by the Court that Royal is and was under no obligation to indemnify Zygo for the subject claim under the Policy or otherwise, and for whatever further relief the Court deems just and proper, together with the costs and disbursements of this action.

Zygo counterclaimed against Royal for breach of contract, breach of the covenant of good faith and fair dealing, bad faith denial of insurance coverage, and a declaratory judgment that said AFM's damages were covered under the Policy. (See Zygo's Answer and Counterclaims ("Ans."), dated September 20, 2001).

Royal, in its reply to Zygo's counterclaims, denied those claims, denying, inter alia, Zygo's allegations that Zygo: (a) had cooperated with Royal and given it all requested information (Royal asserting, by way of example, that said AFM's location had been revealed to it only ten business days before (see, e.g., Reply ¶ 27)); (b) provided Royal with any fair opportunity to inspect said damaged AFM (see, e.g., Reply ¶ 25); and (c) had properly mitigated its damages by its sale of that AFM, whose repair cost appeared to be well below its insured value (see, e.g., Reply ¶¶ 14, 24).

### B. ZYGO'S STATEMENT OF THE NATURE OF CASE

This case involves a dispute over the proper interpretation and application of a Marine Open Cargo Policy (the "Policy") that plaintiff Royal Insurance Company of America ("Royal") issued to defendant Zygo Corporation ("Zygo") in May 1999. Royal seeks a declaratory judgment that it is not obligated to reimburse Zygo for the cost of an Atomic Force Microscope ("AFM"), a high-tech measuring instrument that is used as a quality control tool in the manufacturing of microchips, that Zygo shipped to its customer Nan Ya Technologies ("Nan Ya") in early 2000. The Complaint contains five causes of action:

1. Count One of the Complaint seeks a declaration that Zygo was not required to provide insurance for the AFM shipment, and, therefore, Zygo can make no

claim under the general terms and conditions of the Policy, which do not attach to any shipment sold by Zygo without the obligation to provide insurance.

2. Count Two of the Complaint seeks a declaration that the AFM shipment was not covered by Clause 55 of the Policy because, under that provision, coverage specifically terminated and came to an end once the shipment arrived at the U.S. airport.

3. Count Three of the Complaint seeks a declaration that the AFM shipment was not covered by Clause 52 of the Policy because, under that provision, Zygo was required to (and did not) declare the shipment before it was sent, pay an additional premium at that time, and make reasonable effort to collect the purchase price from Nan Ya.

4. Count Four of the Complaint seeks a declaration that, even if the Policy might apply to the shipment of the AFM, Zygo forfeited its right to coverage pursuant to Clause 43 of the Policy, which prohibits Zygo from impairing and/or waiving Royal's rights of recovery against Nan Ya.

5. Count Five of the Complaint is no longer in the case, per this Court's grant of summary judgment to Zygo on December 14, 2004.


Zygo denies the legal conclusions in the Complaint, and asserts that the Policy provides full coverage for the AFM shipment to Nan Ya. Zygo asserts four separate counterclaims against Royal:

1. Zygo's First Counterclaim states a breach of contract claim against Royal, for failing to pay Zygo's claim, which is covered under the Policy. As relief for this

breach of contract, Zygo seeks compensatory damages of $661,075 plus interest at the statutory rate of 10% since March 7, 2000, for a total recovery of $991,612.50.

2. Zygo's Second Counterclaim asserts that Royal refused to honor its duty, as insurer, of good faith and fair dealing to Zygo, by intentionally refusing to pay Zygo's claim when it knew it was covered by the Policy, failing to fairly and adequately investigate Zygo's claim, misrepresenting Zygo's efforts to collect the purchase price of the AFM from Nan Ya, taking sixteen months to render its formal declination of coverage, and delaying a decision on the claim until after Zygo had declined to renew the Policy. As relief for this tortious breach of the duty of good faith, Zygo seeks compensatory damages of $661,075 plus interest at the statutory rate of 10% since March 7, 2000, for a total recovery of $991,612.50. Zygo also seeks punitive damages in the form of attorney's fees and costs because Royal's actions were malicious and wanton.

3. Zygo's Third Counterclaim asserts that Royal engaged in both procedural and substantive bad faith with respect to its response to Zygo's claim. Specifically, Zygo claims that Royal intentionally refused to pay Zygo's claim when it knew it was covered by the Policy, failed to fairly and adequately investigate Zygo's claim, misrepresented Zygo's efforts to collect the purchase price of the AFM from Nan Ya, took sixteen months to render its formal declination of coverage, and delayed a decision on the claim until after Zygo had declined to renew the Policy. As relief for this improper motive and bad faith, Zygo seeks compensatory damages of $661,075 plus interest at the statutory rate of 10% since March 7, 2000, for a total recovery of $991,612.50. Zygo also seeks punitive damages in the form of attorney's fees and costs.

      4.     Zygo's Fourth Counterclaim seeks a declaratory judgment that Zygo's claim is entitled to coverage under the Policy.

7.     **TRIAL BY MAGISTRATE JUDGE**

     The parties have not elected to have the case tried by a Magistrate Judge.

8.     **LISTS OF EVIDENCE**

     Royal's List of Witnesses and their Statements is attached as Exhibit A.

     Zygo's List of Witnesses and their Statements is attached as Exhibit B.

     Royal's List of Exhibits is attached as Exhibit C.

     Zygo's List of Exhibits is attached as Exhibit D.

9.     **STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

     The parties were unable to stipulate to any facts, or to agree to the statement of uncontested facts and law. Accordingly, Royal's Statement of the Legal Issues is attached as Exhibit E, and Zygo's Statement of Contested Facts and Legal Issues is attached as Exhibit F.

     Royal's Proposed Findings of Fact and Conclusions of Law are attached as Exhibit G.

     Zygo's Proposed Findings of Fact and Conclusions of Law are attached as Exhibit H.

10. **OBJECTIONS**

Royal's Objections to Defendant's proposed Conclusions of Law are attached in Exhibit E

Exhibits I and J are intentionally left blank.

Zygo's Objections to Plaintiff's Proposed Exhibits are attached as Exhibit K.

Zygo's Objections to Plaintiff's Proposed Conclusions of Law are attached as Exhibit L.

Zygo's Memorandum of Law in Support of its Objections to Plaintiff's Proposed Exhibits is attached as Exhibit M.

Zygo has also filed separately two Motions in Limine detailing further objections to Royal's Proposed Findings of Fact and Conclusions of Law.

By:     PLAINTIFF
ROYAL INSURANCE COMPANY OF AMERICA

_____
Geoffrey J. Ginos, Esq.
Nicoletti, Hornig, Campise, Sweeney & Paige
Wall Street Plaza
88 Pine Street, 7th Floor
New York, NY 10005-1801
(212) 220-3830
GGinos@nicolettihornig.com

DEFENDANT
ZYGO CORPORATION

By: _____
Ian E. Bjorkman (ct 11648)
Erika L. Amarante (ct 22393)
Wiggin and Dana LLP
P.O. Box 1832
New Haven, CT 06508-1832
Tel. 203-498-4496
Fax: 203-782-2889
ibjorkman@wiggin.com
Its Attorneys

9