# Exhibit E

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ---------------------------------------------------------------------X | | **Case No.:** |
| ROYAL INSURANCE COMPANY OF AMERICA, | : | **3:01 CV 1317 (JBA)** |
| | : | |
| Plaintiff, | : | |
| | : | |
| -against- | : | |
| | : | |
| ZYGO CORPORATION, | : | |
| | : | |
| Defendant. | : | |
| ---------------------------------------------------------------------X | | |
| ROYAL INSURANCE COMPANY OF AMERICA, | : | |
| | : | |
| Third-Party Plaintiff, | : | |
| | : | |
| -against- | : | |
| | : | |
| NAN YA TECHNOLOGY CORPORATION, | : | |
| | : | |
| Third-Party Defendant. | : | |
| ---------------------------------------------------------------------X | | |

### PLAINTIFF ROYAL INSURANCE COMPANY OF AMERICA'S
### STATEMENT OF LEGAL ISSUES AND CONCLUSIONS OF LAW

## I.    PLAINTIFF ROYAL'S LEGAL ISSUES

1.    Whether Zygo has shown that it is entitled to recover under the Policy.

2.    Whether the Court, based upon its reading of the Policy and consideration of the parties' briefing of Royal's Motion for Summary Judgment and/or upon its consideration of all of the pertinent evidence adduced at trial and arguments made and authorities and supports cited in Royal's and Zygo's Pre-Trial Memoranda, has the discretion to:

a.    reverse J. Goettel's earlier erroneous ruling denying Royal's Motion for Summary Judgment on the mistaken grounds that Policy Clause 52 is ambiguous and that

parole evidence must therefore be adduced at trial as to the parties' intent with respect thereto; and

      b.     rule that said provision is not ambiguous, so that, in view of Zygo's admission that it did not declare its need for unpaid vendor coverage in respect of the subject cargo prior to the subject loss and neither agreed to pay nor paid any separate, additional premium for such coverage as explicitly required by Clause 52, Zygo has no such coverage and all of its claims herein must be dismissed.

3.     Whether Clause 52 is not ambiguous because:

      a.     its language is clear and unambiguous on its face and when read together with the rest of the policy, and that language is not explicitly contradicted by any other policy language, including, that found in Endorsement No. 3, entitled "Annual Marine Deposit Premium," or that found in the Policy's "Schedule of Rates";

      b.     as Clause 52 explicitly provides to Zygo additional coverage by extending coverage for cargo damage or loss caused by insured perils beyond the FOB loading point at which that cover would otherwise terminate pursuant to Clause 55, explicitly conditioned, however, upon Zygo's declaration of its need for that coverage for a particular cargo and its payment of an additional premium therefor, the only reasonable and logical construction of Endorsement No. 3, entitled "Annual Marine Deposit Premium" and the Policy's "Schedule of Rates" is that these provisions only cover the Policy's standard coverage; and

      c.     as it is reasonable to interpret Clause 52, Endorsement No. 3 and the Policy's "Schedule of Rates" together in the aforesaid manner, the Court must do so, pursuant to the well-established principle of contract construction followed in this and

2

other circuits that, when parties' contract clauses can be interpreted together in a reasonable manner so as to give effect to all of them, this must be done in preference to interpreting them in a manner that negates one or more of them, thereby frustrating the contracting parties' intent;

4.      Whether, if Clause 52 is ambiguous, the intent of the parties was that Zygo have available to it through that clause, the option of separately declaring a cargo for which it needed unpaid vendor coverage, providing Royal with the information that Royal needed to assess that risk and obtaining such coverage from Royal if Zygo agreed to pay and did pay any additional premium required by Royal therefor above and beyond the premium provided in the Policy for standard coverage, and complied with any other conditions set by Royal in respect of such coverage.

5.      Whether, in order for coverage under Clause 52 to exist in respect of the second damaged AFM that is the subject of this action, the following conditions must have been satisfied:

a.      Prior to the subject loss, Zygo must have "declared" said cargo to Royal, that is, must have told Royal that it wanted unpaid vendor for that cargo, describing briefly the nature and value of the cargo and providing such other minimal information as would enable Royal to assess the risk involved (e.g., its shipping destination and the buyer's identity, as well as any pertinent information as to losses, claims, payment refusals, alleged packaging defects or other problems in respect of Zygo's prior shipments of such cargoes to that buyer);

b.      Once said declaration was made by Zygo, Royal must have informed Zygo that Royal was willing to cover the risks that it was being asked to insure and Zygo must

3

have agreed to pay and must have paid any premium that Royal set for that requested coverage;

      c.     Additionally, Zygo must have complied with any special preconditions set by Royal for said coverage, such as Royal's inspection and approval of the cargo's export packaging, a condition that Royal would have set had Zygo informed Royal of the damage suffered by the first damaged AFM shipped to Nan Ya, which Nan Ya contended was due to improper packaging for which Zygo, not Nan Ya, was responsible under their sales contract, and which Royal would have set even absent such knowledge if it had known the insufficient nature of said packaging, which Zygo never informed it of and which did not conform to Zygo's description of its shipments' packaging set out in Zygo's application for the subject Policy;

      d.     Zygo's buyer Nan Ya, must have refused to pay some portion or all of the purchase price owed to Zygo under their sales contract for the second damaged AFM;

      e.     Zygo must have attempted but been unable to collect said amount from Nan Ya in the regular course of Zygo's business; and

      f.     The damage to or loss of the second damaged AFM must have occurred during its transport to Nan Ya's warehouse facility, must have been fortuitous and must have been caused by an insured peril covered under the Policy.

      6.     Whether, if any of the conditions a, b, c and f set out in paragraph 3, supra, were not satisfied (Royal asserts that none of them were) Zygo's claims herein must be denied.

      7.     Whether Zygo is now bound by the representations, actions and/or omissions of M&M, its broker and agent with respect to the Policy's negotiation on Zygo's behalf.

8.     Whether Royal's Fourth Cause of Action against Zygo must be liberally construed so that its para. 80's allegation that Zygo had "impaired and/or waived plaintiff Royal's rights of recovery against Nan Ya under the original Zygo/Nan Ya sales contract for the replacement AFM" encompasses any such impairment, including, not only Zygo's release and/or discharge of Nan Ya, but also, any impairment of Royal's subrogation rights against Nan Ya by virtue of Zygo's failure to properly survey the evidence represented by the damaged Second AFM and its failure to preserve and protect that evidence and provide Royal with any reasonable opportunity to inspect or survey it in order to obtain evidence needed to refute Nan Ya's contract defense that it had no obligation to pay for that AFM because Nan Ya's surveyors had determined that the damage was due to insufficient packing for which Zygo was responsible.

9.     Whether Royal is entitled to raise the evidentiary doctrine of spoliation as now estopping Zygo from offering any evidence at trial relating to the nature, cause and extent of the damage suffered by the Second AFM, to the extent that this evidence and the foregoing related factual issues relate to: (a) the issue of whether it could be economically repaired or whether it was a constructive total loss; and/or (b) its reasonable salvage value; this, by virtue of Zygo's inexcusable failure to preserve and protect that evidence and provide Royal with any reasonable opportunity to inspect or survey it.

10.     Whether, if as is asserted by Royal, Zygo failed to preserve and protect said evidence and disposed of said evidence without Royal's informed consent and without permitting Royal any reasonable opportunity to inspect and survey it, Zygo's aforesaid conduct was culpable, in bad faith or, at minimum, grossly negligent, is highly prejudicial to Royal's defenses herein and to Royal's rights in subrogation against Nan Ya in the event that coverage is

found to exist, and constitutes such breaches of the Policy and/or of Zygo's obligations under the law, including, the law governing spoliation of evidence, such as to now require:

  a.  dismissal of Zygo's claims herein; or

  b.  that Zygo be precluded from offering any evidence at trial relating to the nature, extent and/or cause(s) of the damage suffered by the first and second damaged AFMs; or

  c.  that the following facts be deemed admitted by Zygo, or that, alternatively, that inferences adverse to Zygo be drawn by the Court with respect thereto;

   (1)  that Zygo's packaging of the first and second damaged AFMs was insufficient and not up to industry standards;

   (2)  that the damages suffered by the first and second damaged AFMs was due solely to the aforesaid insufficiency of said packaging; and

   (3)  that Zygo's failure properly to safeguard and preserve said evidence greatly impaired Royal's defenses in this action and Royal's rights in subrogation against Nan Ya should coverage be found to exist.

  11.  Whether Zygo was obligated under Clause 43 to survey the subject damages thereto in order properly to ascertain the cause of the damage thereto for the purpose of refuting Nan Ya's defense against Zygo that said damage was due to improper and insufficient packaging for which Zygo was responsible under the Purchase Order Sales Contract between them for the subject cargo, and whether, in the event that coverage is found to exist under Clause 52, if, as asserted by Royal, Zygo breached said obligation, Zygo's claims herein must be denied.

  12.  Whether Clause 43 prohibited Zygo from impairing Royal's subrogated rights against Nan Ya, in respect of claims covered by the Policy.

13.    Whether, in the event that coverage is found to exist under Clause 52, Zygo breached Clause 43 and impaired Royal's subrogation rights against Nan Ya, so that Zygo's claims herein must be dismissed, if, as asserted by Royal:

a.    Zygo released Nan Ya from any liability in respect of the second damaged AFM;

b.    Zygo failed to permit Royal to survey the second damaged AFM, despite Zygo's knowledge that:

(1)    Zygo's own agent in Taiwan, Billy Wu, had inspected the first and second damaged AFMs and concluded that their packaging was insufficient;

(2)    Nan Ya, Nan Ya's underwriters and Nan Ya's surveyors had inspected the first and second damaged AFMs and maintained, based upon their own survey, that the damages in question were due to insufficient packaging; and that

(3)    Nan Ya was asserting that said insufficient packaging relieved it of any obligation to pay for the second AFM under Nan Ya's sales contract with Zygo;

c.    Zygo failed to contradict, prior to said evidence's disposal, Royal's reasonable belief, based on Zygo's agent's representations, which Zygo was aware of, that the disputes between Zygo and Nan Ya relating to the second damaged AFM had been amicably resolved;  and

d.    Zygo subsequently disposed of the first and second damaged AFMs without Royal's informed consent.

14.     Whether Zygo has the burden of proof with respect to its claim herein that the second damaged AFM was so badly damaged as to constitute a constructive loss pursuant to Policy Clause 35.

15.     Whether, under the law in this Circuit governing the spoliation of evidence, Zygo is now estopped from offering any evidence at trial that the subject cargo was so badly damaged as to constitute a constructive loss pursuant to Clause 35, due to:

      a.    Zygo's failure to permit Royal to survey the first and second damaged AFMs, despite Zygo's knowledge that:

           (1)    Zygo's own agent in Taiwan, Billy Wu, had inspected them and concluded that their packaging was insufficient;

           (2)    Nan Ya, Nan Ya's underwriters and Nan Ya's surveyors had inspected them and maintained, based upon their own survey, that the damages in question were due to insufficient packaging; and

           (3)    Nan Ya was asserting that said insufficient packaging relieved it of any obligation to pay for these AFMs under Nan Ya's sales contract with Zygo;

      b.    Zygo's failure to contradict, prior to said evidence's disposal, Royal's reasonable belief, based on Zygo's agent's representations, which Zygo was aware of, that the disputes between Zygo and Nan Ya relating to the second damaged AFM had been amicably resolved; and

      c.    Zygo's subsequent disposal of the first and second damaged AFMs without Royal's informed consent.

16.     Whether, if (a) Zygo failed to contradict, prior to its disposal of the first and second damaged AFMsRoyal's reasonable belief, based on Zygo's agents' representations,

which Zygo was aware of, that the disputes relating to these AFMs had been amicably resolved by Zygo and Nan Ya;(b) Zygo did not assert any alleged basis on which it claimed that it had an insurable interest until approximately two weeks *after* the First and Second AFMs had been disposed of; and (c) Zygo did not assert the unpaid vendor claim that is the subject of this action, until approximately six months *after* these AFMs had been disposed of Zygo is estopped as a matter of law from asserting in these proceedings that no such settlement occurred or that it obtained Royal's informed consent to that disposal.

17.    If the Court finds that Zygo is entitled to recover under the Policy, whether a realistic question of liability under the Policy existed such that Royal could withhold payment to Zygo while it determined whether there was a reasonable basis for Zygo's claim or the amount demanded.

18.    Whether Royal's investigation of Zygo's claim was fair and was as thorough and adequate as was possible, if as asserted by Royal, Zygo's failed to cooperate with that investigation by failing to permit Royal to survey the subject damage AFMs, and failing to preserve, protect and/or provide evidence and information requested and required by Royal for that investigation.

19.    Whether Royal unreasonably delayed in deciding to decline coverage for Zygo's claim.

20.    Whether Royal sufficiently supported its declination of coverage to establish that Zygo's claim is not covered under the Policy.

21.    Whether Royal had a reasonable basis to withhold payment under the Policy.

22.     If the Court finds that Royal did not have a reasonable basis to withhold payment under the Policy, whether Royal knew or recklessly disregarded the fact that it had no reasonable basis to withhold payment.

23.     Whether Royal pressured Zygo to withdraw its claim in order to obtain a renewal of the Policy.

24.     Whether Royal acted in bad faith in handling and investigating Zygo's claim.

25.     Whether Royal has failed to honor and has breached its contractual duty of good faith and fair dealing owed to Zygo.

## II.     ROYAL'S OBJECTIONS TO ZYGO'S LEGAL CONCLUSIONS

1.     Royal objects to Zygo's legal conclusions as improper to the extent that they are in fact nothing more than a potpourri of self-serving factual assumptions, mixed conclusions of fact and law, unsupported or vague legal conclusions and naked argument and respectfully refers the Court to Royal's  Proposed Legal Conclusions and accompanying legal support and discussion as a more complete and correct exposition of the legal issues in this case.

2.     Royal objects to Zygo's mischaracterization in its legal conclusions Nos. 6 and 13 relating to the doctrine of *contra proferentum*, which is in fact an option that is to be followed as a matter of last resort, and respectfully refers the Court to Royal's Proposed Legal Conclusions and accompanying legal support relating thereto as a more complete and correct exposition of that legal issue.