# Exhibit F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROYAL INSURANCE COMPANY OF AMERICA,<br>  Plaintiff,<br><br>v.<br><br>ZYGO CORPORATION,<br>  Defendant. | Civil No. 3:01 CV 1317 (JBA)<br><br>January 18, 2005 |

## DEFENDANT ZYGO CORPORATION'S STATEMENT OF CONTESTED FACTS AND ISSUES OF LAW

**A.  CONTESTED FACTS**

### Issues of Fact Concerning Contract Interpretation

1. Does Clause 52 of the Policy require Zygo to declare the AFM shipment before it was sent and also pay an additional premium at that time?

2. Was that requirement ever actually communicated to Zygo?

3. Is the possible requirement of an advance declaration and an additional premium commercially reasonable, where Royal admittedly would do nothing with the advance notification other than set a premium at 60% the amount charged for primary coverage?

4. Was Royal required under Clause 52 to pay Zygo's claim immediately and then seek subrogation from Nan Ya or reimbursement from Zygo if later investigations proved that the shipment was not entitled to coverage?

### Issues of Fact Concerning Settlement

1. Did Zygo intend to settle its dispute with Nan Ya over payment for the Second AFM?

2. Did Nan Ya intend to settle its dispute with Zygo over payment for the Second AFM?

3. What, if anything, did Nan Ya and Zygo agree to at the November 13, 2000 meeting?

1

**Issues of Fact Concerning Royal's Bad Faith**

1. What were Royal's actual reasons for declining coverage under the Policy?

2. Did Royal reasonably rely on perhaps erroneous information from its Taiwanese agent, Mr. Chung, knowing that the agent purportedly relied on information from Nan Ya (the potential defendant in a subrogation action by Royal), not its own insured, Zygo?

3. Did Zygo fail to properly and adequately investigate and decide Zygo's claim when it failed to survey the Second AFM despite ample opportunities to do so, neglected to contact individuals with knowledge of the claim, took sixteen months to render a decision on the claim and finally denied the claim without adequate explanation?

4. Did Royal act with ill will and improper motive when it neglected to investigate and decide Zygo's claim properly and expeditiously, refused to renew the Policy except on a month-to-month basis, deleted contingency coverage from the policy, increased the premium exponentially, and finally declined coverage under Clause 52 only when Zygo took its insurance business elsewhere?

5. Did Royal continue to act in bad faith in the conduct of this litigation by asserting that Zygo settled with Nan Ya even though it had no facts to support that allegation; and when it adopted the position of Nan Ya in sworn statements against its own insured, Zygo.

B. **ISSUES OF LAW**

1. Whether Clause 52 of the Policy provides coverage for the shipment of the Second AFM, and specifically, whether Zygo was required to declare the shipment to Royal before it was sent and pay an additional premium for the shipment at that time.

2. Whether Clause 52 required Royal to pay Zygo's claim immediately and then seek subrogation from Nan Ya or reimbursement from Zygo if later investigations proved that the shipment was not entitled to coverage?

3. Whether Zygo forfeited its right to coverage, pursuant to Clause 43 of the Policy, by settling its dispute over payment for the Second AFM with Nan Ya.

4. Whether Royal's newly-concocted defenses to coverage (such as the packaging, late notice, prudent uninsured, spoliation) are properly within

the scope of this case, see Zygo's Motions in Limine, and, if so, whether they provide an adequate reason for Royal to deny coverage under the Policy.

5. Whether Royal acted in bad faith (both procedurally and substantively) when it neglected to investigate and decide Zygo's claim properly and expeditiously, took sixteen months to render a decision on the claim and finally denied the claim without adequate explanation only after Zygo took its insurance business elsewhere.

DEFENDANT
ZYGO CORPORATION

By: _____
Ian E. Bjorkman (ct 11648)
Erika L. Amarante (ct 22393)
Wiggin and Dana LLP
P.O. Box 1832
New Haven, CT 06508-1832
Tel. 203-498-4496
Fax: 203-782-2889
ibjorkman@wiggin.com
Its Attorneys

\15160\1\48803.1

3