UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------------------- X
ROYAL INSURANCE COMPANY OF AMERICA,                     :
                                                        :
                                    Plaintiff,          :
                                                        :
                    -against-                           :
                                                        :     **Case No.:**
ZYGO CORPORATION,                                       :     **3:01 CV 1317 (JBA)**
                                                        :
                                    Defendant.          :
-------------------------------------------------------------------- X
ROYAL INSURANCE COMPANY OF AMERICA,                     :
                                                        :
                            Third-Party Plaintiff,      :
                                                        :
                    -against-                           :
                                                        :
NAN YA TECHNOLOGY CORPORATION,                          :
                                                        :
                            Third-Party Defendant.      :
-------------------------------------------------------------------- X

## PLAINTIFF ROYAL INSURANCE COMPANY OF AMERICA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS COMPLAINT AND ITS PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW AND STATEMENT OF LEGAL ISSUES IN THE JOINT TRIAL MEMORANDUM

Plaintiff Royal Insurance Company of America ("Royal") respectfully submits this memorandum of law in support of its motion for leave to amend its Complaint and its Proposed Findings of Fact and Conclusions of Law and Statement of Legal Issues in the Joint Trial Memorandum ("JTM"), necessitated by Royal's discovery *after* the JTM was served and filed that Defendant Zygo Corporation ("Zygo") has apparently let the statute of limitations run on its claim against Nan Ya for the Second AFM, thereby causing the anticipatory failure of material conditions of coverage under Clause 52 and requiring dismissal of Zygo's claims herein.

Royal's Declaratory Judgment Complaint alleges that Zygo's unpaid vendor claim is barred by the Policy's terms and conditions because, inter alia, "Zygo had no coverage under Clause 52 because it failed to declare the subject AFM's value or pay any premium thereon for such coverage *and had also failed to use all reasonable means to collect the full price due from Nan Ya for that AFM as required by that clause* (JTM ¶ 2 (c); Compl. ¶¶ 70-76 (emphasis added)). Under the law of this Circuit, this pleading must be liberally construed. See generally, discussion and supporting authorities at pp. 8-9 of Royal Insurance Company of America's Memorandum of Law in Support of its Motion in Limine.

One day *after* the JTM was filed and served, Nan Ya's counsel informed Royal's counsel for the first time that Zygo had let the applicable statute of limitations run on its claim against Nan Ya for the unpaid purchase price under the sales contract for the Second AFM[1] by failing to sue Nan Ya in any jurisdiction, a fact that had not been previously alluded to by Nan Ya or its counsel in any of its pleadings or other court submissions, or in its correspondence or discussions with Royal's counsel, nor by Zygo or its counsel in these proceedings. (See "Affidavit of Geoffrey J. Ginos in Support of Plaintiff Royal Insurance Company of America's Motion For Leave to Amend Its Complaint and Its Proposed Findings of Fact and Conclusions of Law and Statement of Legal Issues in the Joint Trial Memorandum" ("Ginos Affidavit") at ¶ 3).

Royal subsequently confirmed that the statute of limitations applicable to Zygo's claims arising under the Second Sales Contract would be the four (4) year period provided by Connecticut's statute of limitations in respect of the sale of goods. (Ginos Affidavit at ¶ 5); see also Conn. Gen. Stat. § 42a-2-725(1) (2002)("An action for breach

---

[1] Plaintiff's Exhs. 75 and 76 listed in the JTM consist of two copies of the purchase order sales contract between Zygo and Nan Ya (the "Second Sales Contract") for the Second AFM that is the subject of this action.

2

of any contract for sale must be commenced within four years after the cause of action has accrued."). Since the Second Sales Contract was dated January 31, 2000, if as alleged by Nan Ya, Zygo has failed to bring suit against it, and, if Zygo failed to obtain any extension of said deadline and that deadline has not been tolled, Zygo has allowed the statute of limitations to run on any claim that it might have against Nan Ya under the Second Sales Contract. Zygo has done so with full knowledge that Clause 52, which it claims entitles it to have the unpaid purchase price for the Second AFM advanced to it by Royal, explicitly provides in pertinent part that such advance be made "*pending collection from the buyer,*" and further that, "*The Assured hereby agrees to use all reasonable means to collect the full amount due from the buyer and reimburse this Company thereafter* . . ." (JTM, Plaintiff's Findings of Fact ¶ 88), conditions of coverage that Zygo now cannot possibly satisfy.

Zygo has let said statute of limitations run despite demands made by Royal that it cross-claim against Nan Ya in this action, including, for example, the following demand excerpted in pertinent part from a letter from Royal's counsel to Zygo's counsel, sent more than a year before said statute of limitations apparently ran:

> On behalf of our client, Royal Insurance Company of America ("Royal"), we hereby put Zygo Corporation ("Zygo") on notice that . . . *Zygo's failure to date to bring any claims against Nan Ya in these actions or anywhere else, constitute a blatant breach of its obligation under Policy Cl. 52 "to use all reasonable means to collect the full amount due from the buyer."*
>
> Whatever the ultimate outcome of Nan Ya's motion for summary judgment may be . . . the simple fact is that Nan Ya, as the buyer that Zygo claims failed to pay for the subject goods, should be in this suit, subject to full discovery and liability. Royal's long arm mail service of the third-party complaint was easily affected through the Court. Once Nan Ya appeared without contesting service or jurisdiction, it would have been a simple matter for Zygo to file its claim against Nan Ya. *Indeed, as you*

3

*well know, Judge Goettel himself expressed surprise at Zygo's flailure to do so during our Oct. 1st conference before him. Zygo has yet to sue Nan Ya anywhere on these claims*, and seems far more concerned with defending against Nan Ya's release claim in order to squelch a coverage defense than seeking any recovery from Nan Ya.

. . . Zygo's complete passivity from November 2000 to the present moment as far as seeking to claim or collect the unpaid purchase price from Nan Ya, in and of itself constitutes grounds for denial of Zygo's unpaid vendor claim under the Policy.

(Ginos Affidavit at Exh. "1" thereto, letter, dated October 8, 2002, from Geoffrey Ginos to Ian Bjorkman) (emphasis added)).

Zygo's response to that demand was, in pertinent part, as follows:

. . . you are now saying that Zygo breached the Policy by failing to sue Nan Ya. I assume that you have read clause 52 of the Policy which provides that Royal is to first reimburse Zygo and then Zygo would take actions to collect the debt with Royal to bear the related costs. It reasonably appeared that Royal meant to reduce potential litigation expense by bringing a contingent third-party claim against Nan Ya. It also appeared, until Royal abandoned that claim[2] that such a strategy would reasonably protect both Royal and Zygo. *I am sure that you are also aware that the statute of limitations has not run as to Zygo's breach of contract claim against Nan Ya. Therefore, when Royal makes the contingency clause payment to Zygo, it will not be precluded from seeking reimbursement from Nan Ya.*

Third, you assert that it would be easy to serve Nan Ya in a collection action. Be advised that Nan Ya's counsel refused my request to accept service of process . . . . As I'm sure you are well aware, the interplay between service under a state long arm statute and the requirements of the Hague Convention is a complicated issue. And, *since Royal has brought Nan Ya into the case there was no reason for Zygo to go to the expense to either litigate that issue or attempt to serve Nan Ya in Taiwan under the Hague Convention.*

(Ginos Affidavit at Exh. "2" thereto, letter from Ian Bjorkman to Geoffrey Ginos, dated October 11, 2002) (emphasis added)).

---

[2] Royal *never* abandoned that claim, insisting instead that Zygo oppose Nan Ya's motion for summary judgment since Zygo was best equipped to refute Nan Ya's assertion that Zygo had released it.

Zygo's rejection of Royal's demand that it cross claim against Nan Ya in this action was thus apparently based upon its contention that: (1) the statute of limitations had not yet run, and, by reasonable inference, that Zygo would not let it run; and (2) that since Royal had brought Nan Ya into the case there was no reason for Zygo to go to the trouble and expense of suing Nan Ya for the Second AFM's unpaid purchase price.

Royal could not force Zygo to sue Nan Ya and thus had no choice but to accept Zygo's representation that Zygo would not let the statute of limitations run. (Ginos Affidavit at ¶ 8). While Zygo never claimed against Nan Ya in this action,[3] Royal assumed that, consistent with said representation, Zygo would at minimum take whatever steps were required to ensure that Zygo's claims against Nan Ya were preserved. What Royal did not know until just a few days ago, however, was that Zygo has in fact apparently allowed the statute of limitations to run on those claims. (Ginos Affidavit at ¶ 9).

Given Clause 52's express condition that any advance made to Zygo would be "pending collection from the buyer," i.e., that any payment made thereunder to Zygo by Royal would be a loan, Zygo's prospective obligation *"to use all reasonable means to collect the full amount due from the buyer and reimburse this Company thereafter"* necessarily included the obligation that Zygo not let the subject statute of limitations run, since it was obvious that, if that occurred, Zygo could not possibly collect any portion of the unpaid purchase price from Nan Ya in order to repay any advance that Royal would have to make should coverage be found to exist under Clause 52. Zygo cannot be heard

---

[3] Zygo's refusal to do so at the very least raises questions about its assertion in this action that it never released Nan Ya, and may be regarded by this Court either as an admission that such a release did in fact occur or that such an inference can be drawn from Zygo's otherwise inexplicable omission, since such a cross-claim would have enabled it to collect from Nan Ya in the event that coverage was found lacking.

to argue that, until Royal advanced the claimed funds, Zygo was under no obligation to do anything to protect its own right of recovery against Nan Ya, since any payment to Zygo under Clause 52 was conditioned upon its being a loan made "pending collection from the buyer," and upon the further condition that Zygo "*use all reasonable means to collect the full amount due from the buyer and reimburse this Company thereafter*."

The anticipatory failure of these conditions of coverage is in and of itself fatal to Zygo's claims herein and is not cured merely because Royal filed its Third-Party Complaint against Nan Ya before the statute of limitations ran on Zygo's claims, since, *Clause 52 imposes those requirements as conditions of coverage which Royal has never waived*.[4]

Zygo's conduct has caused an anticipatory failure of these material conditions of coverage, so that, even if coverage is otherwise found to exist under Clause 52, Zygo's claims herein must be dismissed by the Court. See Brown v. Employer's Reinsurance Corp., 539 A.2d 138, 142-43 (Conn. 1988) (holding absent waiver, insured's substantial or material breach of a condition of the insurance policy, for example the cooperation clause, "puts an end to the insurer's obligation"); Andover v. Hartford Accident & Indem. Co., 217 A.2d 60, 63 (Conn. 1966)(holding insurer had no duty under insurance contract where insured materially breached policy condition, absent waiver or estoppel); see also Ryiz v. Federal Ins. Co., 497 A.2d 1001, 1004 (Conn. App. Ct. 1985).[5]

---

[4] One consequence of the anticipatory failure of these conditions is that, in the event that the Court rules in the first trial that coverage exists and that Zygo did not release Nan Ya, should the Court rule in the second trial that a release did occur, Zygo would not be bound by any such ruling and would then be obligated by Clause 52 to seek recovery from Nan Ya, something which is now impossible due to the fact that Zygo has apparently permitted the statute of limitations to run on its claims against Nan Ya.

[5] See also Conference Center Ltd. v. TRC-The Research Corp. of New England, 455 A.2d 857, 863 (Conn. 1983)("Those provisions (i.e., Restatement (Second) Contracts § 251], which are not limited to contracts for the sale of goods, permit any obligee with reasonable grounds for insecurity to demand adequate assurance of due performance and to treat as a repudiation an obligor's failure to respond with an adequate

For all of the foregoing reasons, Royal respectfully requests leave of this Court to amend its Complaint (See Ginos Affidavit at Exh. "3" thereto) to include the following sixth cause of action:

## AS AND FOR A SIXTH CAUSE OF ACTION

86.　　Repeats and realleges each and every allegation set forth in paragraphs "1" through "85", inclusive of the Complaint as if more fully set forth herein.

87.　　Even assuming that Royal has any obligation under Clause 52 of the Policy to advance to Zygo the unpaid purchase price of the replacement AFM, which is denied, in and by the terms of Clause 52, it was and is a condition of this insurance that such advance be made "pending collection from the buyer," and, it was and is a further condition of said insurance that Zygo "use all reasonable means to collect the full amount due from the buyer and reimburse this Company . . . ."

88.　　Zygo has permitted the statute of limitations to run on its sales contract claims against Nan Ya for the unpaid purchase price of the replacement AFM, which makes it impossible for Zygo to now bring suit against Nan Ya and/or otherwise fulfill its obligation to use all reasonable means to collect said unpaid purchase price from Nan Ya and repay any advance from Zygo required in the event that coverage is found to exist under Clause 52, thereby resulting in an anticipatory failure of said material conditions of coverage under Clause 52 and requiring dismissal of Zygo's claims herein.

Royal further requests leave of this Court to amend Royal's Proposed Findings of Fact and Conclusions of Law, as well as its Statement of Legal Issues, contained in the JTM, to include the following:

### Royal's Proposed New Findings of Fact

198A.　It was and is a condition of the coverage claimed herein by Zygo that that any advance made pursuant to Clause 52 be made "pending collection from the buyer," and, it was and is a further condition of said insurance that Zygo "use all reasonable means to

---

assurance within a reasonable time."); Somerville v. Epps, 419 A.2d 909, 911 (Conn. Super. Ct. 1980) ("It is not necessary for repudiation that performance be made literally and utterly impossible. Repudiation can result from action which reasonably indicates a rejection of the continuing obligation." (quoting C.G.S.A. § 42a-2-610, cmt. 2)); Restatement (Second) of Contracts § 251 (1981) (providing that where assurances have not been given, the obligee may claim for damages for total breach); 11 Williston on Contracts § 1312 (3rd ed. 1978).

collect the full amount due from the buyer and reimburse the Company [i.e., Royal]."

**198B.** The Second Sales Contract was dated January 31, 2000, and Zygo has failed to bring suit against Nan Ya within Connecticut's four (4) year statute of limitations applicable to Zygo's sale of the Second AFM to Nan Ya, and Zygo has not obtained any extension of said deadline, which has not been tolled.

**198C.** Accordingly, Zygo has allowed the statute of limitations to run on any claim that it might have against Nan Ya under the Second Sales Contract, and thus, if coverage were otherwise found to exist under Clause 52, so that Royal was obligated to advance said unpaid purchase price to Zygo, Zygo would be unable to recover said amount due from Nan Ya and thereafter reimburse Royal for said advance as required by Clause 52's aforesaid conditions of coverage.

**198D.** As it was and is a condition of the coverage claimed herein by Zygo that any advance made pursuant to Clause 52 be made "pending collection from the buyer," and, it was and is a further condition of said insurance that Zygo "use all reasonable means to collect the full amount due from the buyer and reimburse the Company [i.e., Royal], by virtue of Zygo's inability to recover the unpaid purchase price of the Second AFM from Nan Ya, Zygo cannot satisfy said conditions of coverage.

## Royal's Proposed New Conclusions of Law

331. Zygo's substantial or material breach of one or more condition(s) of coverage under Clause 52 of the Policy, without any waiver by Royal of said condition(s), puts an end to any obligations that Royal might otherwise have in respect of such coverage. Brown v. Employer's Reinsurance Corp., 539 A.2d 138, 142-43 (Conn. 1988).

332. It was and is a condition of the coverage claimed herein by Zygo that any advance made pursuant to Clause 52 be made pending collection from Nan Ya, and, it was and is a further condition of said insurance that Zygo use all reasonable means to collect the full amount due from Nan Ya and reimburse Royal. Ex. P-11 (the Policy).

333. The statute of limitations applicable to Zygo's claim against Nan Ya for the unpaid purchase price of the Second AFM under the Second Sales Contract is the four year statute of limitations

applicable under Connecticut law to contracts for the sale of goods. Conn. Gen. Stat. § 42a-2-725(1) (2002).

334.    If, as asserted by Nan Ya, Zygo is now estopped from bringing any claim that it might have against Nan Ya under the Second Sales Contract to recover the unpaid purchase price for the Second AFM, because Zygo has allowed the four (4) year statute of limitations applicable to Zygo's sale of the Second AFM to Nan Ya to run, there has been an anticipatory failure of Clause 52's conditions of coverage that any advance made pursuant to Clause 52 be made pending collection from Nan Ya, and that, Zygo use all reasonable means to collect the full amount due from Nan Ya and reimburse Royal, requiring dismissal of Zygo's claims herein. Brown v. Employer's Reinsurance Corp., 539 A.2d 138, 142-43 (Conn. 1988); Andover v. Hartford Accident & Indem. Co., 217 A.2d 60, 63 (Conn. 1966); Ryiz v. Federal Ins. Co., 497 A.2d 1001, 1004 (Conn. App. Ct. 1985).

## Royal's Proposed New Legal Issues

26.    Whether Zygo's substantial or material breach of one or more condition(s) of coverage under Clause 52 of the Policy, without any waiver by Royal of said condition(s), puts an end to any obligations that Royal might otherwise have in respect of such coverage.

27.    Whether it was and is a condition of the coverage claimed herein by Zygo that any advance made pursuant to Clause 52 be made pending collection from Nan Ya, and, it was and is a further condition of said insurance that Zygo use all reasonable means to collect the full amount due from Nan Ya and reimburse Royal.

28.    Whether the statute of limitations applicable to Zygo's claim against Nan Ya for the unpaid purchase price of the Second AFM under the Second Sales Contract is the four year statute of limitations applicable under Connecticut law to contracts for the sale of goods.

29.    Whether if, as asserted by Nan Ya, Zygo is now estopped from bringing any claim that it might have against Nan Ya under the Second Sales Contract to recover the unpaid purchase price for the Second AFM, because Zygo has allowed the four (4) year statute of limitations applicable to Zygo's sale of the Second AFM to Nan Ya to run, there has been an anticipatory failure of Clause 52's conditions of coverage that any advance made pursuant to Clause 52 be made pending collection from Nan Ya, and that, Zygo use all

reasonable means to collect the full amount due from Nan Ya and reimburse Royal, requiring dismissal of Zygo's claims herein.

## CONCLUSION

For all of the foregoing reasons, Royal respectfully requests that the Court grant its motion to amend the Complaint and amend the Joint Trial Memorandum in its entirety, and for such other and further relief the Court deems just and proper.

Dated: New York, New York
        January 25, 2005


NICOLETTI HORNIG CAMPISE SWEENEY & PAIGE
Attorneys for Plaintiff/Third Party Plaintiff
Royal Insurance Company of America

By: _Geoffrey J. Ginos_____
GEOFFREY J. GINOS, ESQ. (ct. 19578)
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801
(212) 220-3830
(FILE NO.: 21000055 JAVN/GJG)

LAW OFFICES OF ROBERT K. MARZIK, P.C.
1512 Main Street
Stratford, Connecticut 06615

**TO:**
Ian E. Bjorkman, Esq.
Wiggin & Dana
One Century Tower
New Haven, Connecticut 06508
Tel:  (203) 498-4496

Tait Graves, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, California 94304-1050
Tel:  (650) 565-3574

Daniel L. FitzMaurice, Esq.
Day, Berry & Howard LLP
City Place I
Hartford, Connecticut 06103-3499
Tel:  (860) 275-0100

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing filing, "Plaintiff Royal Insurance Company of America's Memorandum of Law In Support of Its Motion For Leave to Amend Its Complaint and Its Proposed Findings of Fact and Conclusions of Law and Statement of Legal Issues in the Joint Trial Memorandum," was sent *via* Federal Express overnight courier service this 25th day of January, 2004 to:

Ian E. Bjorkman, Esq.
Wiggin & Dana
One Century Tower
New Haven, Connecticut 06508

Daniel L. FitzMaurice, Esq.
Day, Berry & Howard LLP
City Place I
Hartford, Connecticut 06103-3499

Tait Graves, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, California 94304-1050

Robert K. Marzik, Esq.
Law Office of Robert K. Marzik, P.C.
1512 Main Street
Stratford, Connecticut 06615

GEOFFREY J. GINOS (CT 19578)

X:\Public Word Files\21\55\Legal\Royal's Motion for Leave to Amend the Complaint JTM (FINAL !!!).doc

12