UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------- X

ROYAL INSURANCE COMPANY OF AMERICA,

                    Plaintiff,

     -against-

ZYGO CORPORATION,

                    Defendant.

------------------------------------------------------------------- X

ROYAL INSURANCE COMPANY OF AMERICA,

                    Third-Party Plaintiff,

     -against-

NAN YA TECHNOLOGY CORPORATION,

                    Third-Party Defendant.

------------------------------------------------------------------- X

**Case No.:**

**3:01 CV 1317 (JBA)**

**AFFIDAVIT OF GEOFFREY J. GINOS IN SUPPORT OF
PLAINTIFF ROYAL INSURANCE COMPANY OF AMERICA'S
MOTION FOR LEAVE TO AMEND ITS COMPLAINT
AND ITS PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW
AND STATEMENT OF LEGAL ISSUES
IN THE JOINT TRIAL MEMORANDUM**

STATE OF NEW YORK    )
                              s.s.:
COUNTY OF NEW YORK  )

      GEOFFREY J. GINOS, being duly sworn, deposes and says:

      1.      I am an attorney duly admitted to the practice of law in the State and

Federal Courts of New York and before this Honorable Court *pro hac vice*, and am a member of

Nicoletti Hornig Campise Sweeney & Paige, attorneys for Plaintiff/Third-Party Plaintiff Royal

Insurance Company of America ("Royal"). The Nicoletti Hornig Campise Sweeney & Paige firm,

along with the Law Offices of Robert K. Marzik, P.C., are attorneys of record for Royal in the captioned litigation.

2.      I am fully familiar with all the facts, pleadings, and proceedings in this action.   This affidavit is submitted in support of Royal's Motion For Leave to Amend Its Complaint and Its Proposed Findings of Fact and Conclusions of Law and Statement of Legal Issues in the Joint Trial Memorandum ("JTM").

3.      One day *after* the JTM was filed and served, Third-Party Defendant Nan Ya Technology Corporation's ("Nan Ya") counsel informed Royal's counsel for the first time that Defendant Zygo Corporation ("Zygo") had let the applicable statute of limitations run on its claim against Nan Ya for the unpaid purchase price under the sales contract for the Second AFM by failing to sue Nan Ya in any jurisdiction, a fact that had not been previously alluded to by Nan Ya or its counsel in any of its pleadings or other court submissions, or in its correspondence or discussions with Royal's counsel, nor by Zygo or its counsel in these proceedings.

4.      Plaintiff's Exhibits "75" and "76" listed in the JTM consist of two copies of the purchase order sales contract between Zygo and Nan Ya (the "Second Sales Contract") for the Second AFM that is the subject of this action.

5.      Based upon Royal's research, the statute of limitations applicable to Zygo's claims arising under the Second Sales Contract would be the four (4) year period provided by Connecticut's statute of limitations in respect of the sale of goods.

6.      Zygo has let the applicable statute of limitations run despite demands made by Royal that it cross-claim against Nan Ya in this action.  Annexed hereto as Exhibit "1" is a true and accurate copy of a letter from counsel for Royal, Geoffrey Ginos, to counsel for Zygo, Ian Bjorkman, dated October 8, 2002.

7.    Zygo rejected Royal's demand that it cross claim against Nan Ya in this action was apparently based upon its contention that:  (1) the statute of limitations had not yet run, and, by reasonable inference, that Zygo would not let it run; and (2) that since Royal had brought Nan Ya into the case there was no reason for Zygo to go to the trouble and expense of suing Nan Ya for the Second AFM's unpaid purchase price.  Annexed hereto as Exhibit "2" is a true and accurate copy of a letter from Attorney Bjorkman to Attorney Ginos, dated October 11, 2002.

8.    Royal could not force Zygo to sue Nan Ya and thus had no choice but to accept Zygo's representation that Zygo would not let the statute of limitations run.

9.    While Zygo never claimed against Nan Ya in this action, Royal assumed that, consistent with said representation, Zygo would at minimum take whatever steps were required to ensure that Zygo's claims against Nan Ya were preserved.  What Royal did not know until just a few days ago, however, was that Zygo has in fact apparently allowed the statute of limitations to run on those claims.

10.    Annexed hereto as Exhibit "3" is a true and accurate copy of Royal's proposed Amended Complaint.

Dated:    New York, New York
          January 25, 2005

By: _____
    GEOFFREY J. GINOS, ESQ.

Sworn to before me this
25th day of January, 2005

_____
Notary Public

WILLIAM M. FENNELL
Notary Public, State of New York
02FE6116348
Qualified in Nassau County
Commission Expires Sept. 27, 20__

3

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing filing, "Affidavit of Geoffrey J. Ginos in Support of Plaintiff Royal Insurance Company of America's Motion For Leave to Amend Its Complaint and Its Proposed Findings of Fact and Conclusions of Law and Statement of Legal Issues in the Joint Trial Memorandum," was sent *via* Federal Express overnight courier service this 25th day of January, 2005 to:

> Ian E. Bjorkman, Esq.
> Wiggin & Dana
> One Century Tower
> New Haven, Connecticut 06508
>
> Daniel L. FitzMaurice, Esq.
> Day, Berry & Howard LLP
> City Place I
> Hartford, Connecticut 06103-3499
>
> Tait Graves, Esq.
> Wilson Sonsini Goodrich & Rosati
> 650 Page Mill Road
> Palo Alto, California 94304-1050
>
> Robert K. Marzik, Esq.
> Law Office of Robert K. Marzik, P.C.
> 1512 Main Street
> Stratford, Connecticut 06615

GEOFFREY J. GINOS (CT 19578)

X:\Public Word Files\21\55\Legal\Royal's Motion for Leave to Amend the Complaint -- Affidavit in Support.doc