# Exhibit 1

Case 3:01-cv-01317-JBA    Document 191-2    Filed 01/26/2005    Page 1 of 3

## Nicoletti Hornig Campise Sweeney & Paige

WALL STREET PLAZA
88 PINE STREET
SEVENTH FLOOR
NEW YORK, NY 10005-1801
TELEPHONE 212-220-3830
TELECOPIER 212-220-3780
E-MAIL: general@nhcslaw.com
WEBSITE: www.nhcslaw.com

JOHN A.V. NICOLETTI
JAMES F. SWEENEY
DAVID R. HORNIG *
DAVID H. PAIGE
JAMES F. CAMPISE †
FRANK M. MARCIGLIANO
MICHAEL J. CARCICH
ROBERT A. NOVAK
THOMAS M. RITTWEGER †
ROBERT M. SULLIVAN
TERRY L. STOLTZ
GEOFFREY J. GINOS

DAVID Y. LOH °
NOOSHIN NAMAZI †
JULIA M. MOORE †
SAMUEL C. COLUZZI †
MICHAEL R. MANAREL †
TIMOTHY B. PARLIN
LAWRENCE C. GLYNN †
MICHAEL A. CASTELLI °∆†
VAL WAMSER †
KEVIN J. O'MALLEY
FREDERICK M. KLEIN †
GUERRIC RUSSELL †
ELIZABETH KROCZYNSKI

* ALSO ADMITTED IN TEXAS
† ALSO ADMITTED IN NEW JERSEY
° ALSO ADMITTED IN MASSACHUSETTS
∆ ALSO ADMITTED IN PENNSYLVANIA

MICHAEL MARKS COHEN
OF COUNSEL

NEW JERSEY OFFICE:

401 CONTINENTAL PLAZA
HACKENSACK, NEW JERSEY 07601
TELEPHONE 201-343-0970
TELECOPIER 201-343-5882

October 8, 2002

**VIA FACSIMILE (860) 525-9380**

Wiggin & Dana
One City Place
185 Asylum Street
Hartford, CT 06103-3402
Attention:   Ian Bjorkman, Esq.

Re:  Royal Insurance Company of America v. Zygo Corporation
     Royal Insurance Company of America v. Nan Ya Technology Corp.
     Civil No. 3:01 CV 1317 (GLG)
     ------------------
     Policy no. POC-102950
     Our File No.: 21000055 JAVN/GJG

Dear Sirs:

On behalf of our client, Royal Insurance Company of America ("Royal"), we hereby put Zygo Corporation ("Zygo") on notice that its apparent rejection of Royal's tender of third-party defendant Nan Ya Technology Corporation ("Nan Ya") under FRCP Rule 14(c), coupled with Zygo's failure to date to bring any claims against Nan Ya in these actions or anywhere else, constitute a blatant breach of its obligation under Policy Cl. 52 "to use all reasonable means to collect the full amount due from the buyer."

Whatever the ultimate outcome of Nan Ya's motion for summary judgment may be (the Court's granting of which we are appealing to the 2d Circuit), the simple fact is that Nan Ya, as the buyer that Zygo claims failed to pay for the subject goods, should be

Wiggin & Dana                          - 2 -                          10/8/2002

in this suit, subject to full discovery and liability. Royal's long arm mail service of the third-party complaint was easily affected through the Court. Once Nan Ya appeared without contesting service or jurisdiction, it would have been a simple matter for Zygo to file its claim against Nan Ya. Indeed, as you well know, Judge Goettel himself expressed surprise at Zygo's failure to do so during our Oct. 1st conference before him. Zygo has yet to sue Nan Ya anywhere on these claims, and seems far more concerned with defending against Nan Ya's release claim in order to squelch a coverage defense than seeking any recovery from Nan Ya. Zygo's attitude that this loss is Royal's problem alone seems to have arisen once Nan Ya paid for the first AFM, a fact reflected in the evidence adduced in connection with Nan Ya's motion. That position is indefensible, however.

Quite aside from Zygo's failure to declare this shipment and agree on a premium thereon, Zygo's impairment of Royal's subrogation rights, and other coverage defenses, Zygo's complete passivity from November 2000 to the present moment as far as seeking to claim or collect the unpaid purchase price from Nan Ya, in and of itself constitutes grounds for denial of Zygo's unpaid vendor claim under the Policy.

Very truly yours,

NICOLETTI HORNIG CAMPISE SWEENEY & PAIGE

BY  *Geoffrey J. Ginos*
    Geoffrey J. Ginos