# Exhibit 2

Case 3:01-cv-01317-JBA     Document 191-3     Filed 01/26/2005     Page 1 of 3

## Wiggin & Dana

Counsellors at Law

Wiggin & Dana LLP
One Century Tower
P.O. Box 1832
New Haven, Connecticut
06508-1832
www.wiggin.com

Ian E. Bjorkman
203.498.4496
203.782.2889 fax
ibjorkman@wiggin.com

VIA CERTIFIED MAIL

October 11, 2002


RECEIVED
OCT 1 6 2002
NICOLETTI HORNIG CAMPISE & SWEENEY

Geoffrey J. Ginos, Esq.
Nicoletti Hornig Campise & Sweeney
Wall Street Plaza
88 Pine Street
New York, NY 10005-1801

Re: Royal Insurance Company of America
v. Zygo Corporation v. Nan Ya Technology
District of Connecticut Case No. 3:01 1317 (GLG)
Your File: 21000055JAVN/LKB

Dear Geoff:

I have your October 8, 2002 letter. It seems that your firm is more interested in a letter writing campaign than protecting its, and its insured's, position in Court. I respectfully suggest that if a fraction of the time devoted to writing me letters was spent opposing Nan Ya's summary judgment motion your finger-pointing would have been unnecessary. I will briefly respond to your letter.

First, I have no idea what you mean by the statement that Zygo rejected "Royal's tender of . . . Nan Ya under FRCP 14(c)." Royal brought a third-party action against Nan Ya and then failed to do *anything* to oppose the summary judgment motion. In light of that failure, Zygo, at great expense, vigorously opposed the motion. You cannot seriously contend that Zygo failed in some way to protect its interests or Royal's subrogation rights.

Second, you are now saying that Zygo breached the Policy by failing to sue Nan Ya. I assume that you have read clause 52 of the Policy which provides that Royal is to first reimburse Zygo and then Zygo would take actions to collect the debt with Royal to bear the related costs. It reasonably appeared that Royal meant to reduce potential litigation expense by bringing a contingent third-party claim against Nan Ya. It also appeared, until Royal abandoned that claim, that such a strategy would reasonably protect both Royal and Zygo. I am sure that you are also aware that the statute of limitations has not run as to Zygo's breach of contract claim against Nan Ya. Therefore, when Royal makes

## Wiggin & Dana

Geoffrey Ginos, Esq.
October 11, 2002
Page 2

the contingency clause payment to Zygo, it will not be precluded from seeking reimbursement from Nan Ya.

Third, you assert that it would be easy to serve Nan Ya in a collection action. Be advised that Nan Ya's counsel refused my request to accept service of process. Further, Nan Ya's acceptance of service and Royal's decision not to oppose summary judgment is a curious coincidence that lends credence to my belief that the Royal/Nan Ya case was a collusive action designed to obtain an unfavorable ruling against Zygo. As I am sure you are well aware, the interplay between service under a state long-arm statute and the requirements of the Hague Convention is a complicated issue. And, since Royal had brought Nan Ya into the case there was no reason for Zygo to go to the expense to either litigate that issue or attempt to serve Nan Ya in Taiwan under the Hague Convention.

Fourth, Zygo's "concern with defending against Nan Ya's release claim" is based on the fact that there was no release. This "concern" benefits both Zygo and Royal. That is a point that seems to have eluded Royal in its attempt to escape liability by defaulting on the summary judgment motion.

Fifth, I received your notice of appeal. I do not understand how you can characterize my letter to the Court asking for a status conference to be an objection to Royal's "motion for reconsideration." I was present at the (off the record) October 1, 2002 status conference and Royal's September 18, 2002 letter was not even addressed. And, to my knowledge, Judge Goettel did not consider it a pending motion or rule on it.

I hope that we can put an end to the letter writing campaign. Zygo reserves all of its rights with respect to this matter.

Very truly yours,

Ian E. Bjorkman

cc:     Lawrence Martin
        Robert K. Marzik, Esq.

\15160\1\37686.1